**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS,**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **TYLER KIRSCHBAUM**<br>    **Plaintiff,** | §<br>§<br>§ | |
| | | **CIVIL ACTION NO. 16-CV-219** |
| **v.** | §<br>§ | |
| | § | |
| **E. MARTINEZ TRANSPORT, LLC AND** | § | |
| **JUAN-MANUEL C. HERNANDEZ** | § | |
|     **Defendants.** | §<br>§ | |

**EXHIBIT "1"**
**INDEX OF CERTIFIED COPY OF BEXAR COUNTY**
**DISTRICT CLERK'S FILE IN STATE COURT ACTION**

DOCUMENTS                                                                    DATE OF ENTRY

1.  Order Granting Plaintiff's Motion for Substitute Service of        2/2/16
    Process on Defendant Juan-Manuel C. Hernandez

2.  Plaintiff's Original Petition with Request for Disclosures         11/2/15

3.  Defendant's, E. Martinez Transport, LLC, Original Answer           12/4/15

4.  Rule 11 Agreement Extending Deadline for Plaintiff to Respond      1/26/16
    to Discovery Requests of Defendant E. Martinez Transport, LLC

5.  Plaintiff's Certificate of Written Discovery                       1/26/16

6.  Motion for Substitute Service of Process on Defendant Juan-        2/1/16
    Manuel C. Hernandez

7.  Return of Service regarding Service of Process on Defendant        2/3/16
    Juan-Manuel C. Hernandez

8.  Defendant's, E. Martinez Transport, LLC, Motion to Compel          2/12/16
    Plaintiff to Respond to Defendant's Discovery Requests

9.  Proposed Order Granting Defendant E. Martinez Transport,           2/12/16
    LLC's Motion to Compel Plaintiff to Respond to Defendant's
    Discovery Requests

10. Defendant Juan-Manuel C. Hernandez's Original Answer               2/25/16

11. Citation to Defendant E. Martinez Transport, LLC        11/6/15

12. Citation to Defendant Juan-Manuel C. Hernandez        11/16/15

13. Order Setting Hearing on Defendant's, E. Martinez Transport,        2/12/16
    LLC, Motion to Compel Plaintiff to Respond to Defendant's
    Discovery Requests

# Donna Kay M<sup>c</sup>Kinney

District Clerk  Bexar County

# CERTIFICATE
### (Entire File)

**STATE OF TEXAS**
**COUNTY OF BEXAR**

I, <u>Irma Torres</u>,  Deputy District Clerk for ***Donna Kay M<sup>c</sup>Kinney***, District Clerk of Bexar County, Texas, do hereby certify that the documents found to be in Cause Number <u>2015-CI-18453</u> and Styled <u>TYLER KIRSCHBAUM vs E MARTINEZ TRANSPORT LLC ET AL </u> filed in the <u>288th</u> Judicial District Court of Bexar County, Texas, and which represents the content of the entire file and certified as being held and recorded within the District Clerk's Office of Bexar County, Texas.

**GIVEN UNDER MY HAND AND OFFICIAL SEAL** of said court at the office in the City of San Antonio, Bexar County, Texas, on this the February 26, 2016.

*Donna Kay M<sup>c</sup>Kinney*
*Bexar County District Clerk*

By: 

Irma K. Torres, Deputy



DOCUMENT SCANNED AS FILED

2015CI18453 –D288

CAUSE NO. 2015CI18453

TYLER KIRSCHBAUM,              §        IN THE DISTRICT COURT
*Plaintiff*                    §
                              §
VS.                           §        288TH JUDICIAL DISTRICT
                              §
E. MARTINEZ TRANSPORT, LLC and §
JUAN-MANUEL C. HERNANDEZ      §
*Defendants*                   §
                              §        BEXAR COUNTY, TEXAS

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUBSTITUTE SERVICE OF PROCESS ON DEFENDANT JUAN-MANUEL C. HERNANDEZ

On the ___2nd___ day of ___February___, 2016, the Court considered Movant's Motion for Substitute Service on **DEFENDANT JUAN-MANUEL C. HERNANDEZ**. The Court, after considering the motion and supporting affidavit, finds the Movant's attempts to serve **DEFENDANT JUAN-MANUEL C. HERNANDEZ** have been unsuccessful, that Movant's attempts to serve **DEFENDANT JUAN-MANUEL C. HERNANDEZ** constitute due diligence, and finds the substitute service requested in the Movant's motion will be reasonably effective to give **JUAN-MANUEL C. HERNANDEZ**, notice of Plaintiff's Original Petition and Citation by serving the registered agent of his employer.

**IT IS THEREFORE ORDERED** and the Court grants the motion and authorizes substitute service on DEFENDANT JUAN-MANUEL C. HERNANDEZ by delivering a copy the Plaintiff's Original Petition and Citation to the registered agent at the Defendant's place of employment listed in the Peace Officer's Crash Report:

SIGNED AND ENTERED on this ___2nd___ day of ___February___, 2016.

**JUDGE PRESIDING**

DOCUMENT SCANNED AS FILED

**LAW OFFICES OF THOMAS J. HENRY**
521 Starr Street
Corpus Christi, Texas 78401
Phone: (361) 985-0600
Fax: (361) 985-0601

By: /s/ Reggie Blakeley
      Thomas J. Henry
      STATE BAR NO.: 09484210
      Reggie Blakeley
      STATE BAR NO.: 24077845
      ATTTORNEYS FOR PLAINTIFF
      Rblakeley-svc@tjhlaw.com *
*Service by email to this address only

FILED
11/2/2015 5:22:39 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Lisa Morales

**2 CITS PPS SAC1**

CAUSE NO. **2015CI18453**

| | | |
|---|---|---|
| TYLER KIRSCHBAUM | § | IN THE DISTRICT COURT |
| PLAINTIFF, | § | |
| | § | **288TH** |
| VS. | § | ___TH JUDICIAL DISTRICT |
| | § | |
| E. MARTINEZ TRANSPORT, LLC and | § | |
| JUAN-MANUEL C. HERNANDEZ | § | BEXAR COUNTY, TEXAS |
| DEFENDANTS. | § | |

---

### PLAINTIFF'S ORIGINAL PETITION WITH REQUEST FOR DISCLOSURE

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES, **TYLER KIRSCHBAUM,** hereinafter referred to by name or as Plaintiff, and complains of **E. MARTINEZ TRANSPORT, LLC and JUAN-MANUEL C. HERNANDEZ,** hereinafter referred to by name or as Defendants, and for cause of action would respectfully show unto the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1.     Plaintiff intends that discovery be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.

### II.
### PARTIES

2.     Plaintiff is an individual residing in Bexar County, Texas.

3.     Defendant **E. MARTINEZ TRANSPORT, LLC** is a domestic corporation formed under the law of the State of Texas and may be served with process through its registered agent, Gabriel Garcia-Cano, P.C., 1009 Santa Maria Ave., Laredo, TX 78040..

4.     Defendant **JUAN-MANUEL C. HERNANDEZ** is an individual and may be served at his place of business, E. Martinez Transport, LLC, 1009 Santa Maria, Ave., Laredo, TX 78040.

### III.
### JURISDICTION & VENUE

5.     Subject matter jurisdiction is proper in this court because the amount in controversy is within the jurisdictional limits of the court in which Plaintiffs now sue. Additionally this court has jurisdiction over the parties because Defendants are Texas residents and/or do business in the State of Texas.

6.     Venue is proper in Bexar County in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in Bexar County, Texas.

### IV.
### FACTS

7.     On or about February 4, 2014, Plaintiff, **TYLER KIRSCHBAUM** was driving a 2010 Hyundai Elantra in a lawful manner while traveling on the 8600 Block of NE Loop 410 Southbound, San Antonio, Bexar County, Texas, when Plaintiff's vehicle suddenly, violently, and without warning struck the Defendant, **JUAN-MANUEL C. HERNANDEZ** who was in the course and scope of his employment with Defendant **E. MARTINEZ TRANSPORT, LLC** and failed to yield right-of-way while merging onto NE Loop 410 causing Plaintiff to sustain injury to his body, as more fully set forth below.

### V.
### CAUSES OF ACTION

**A.   *NEGLIGENCE***

8.     The occurrence made the basis of this suit, reflected in the above Paragraph 7, and the resulting injuries and damages of Plaintiff was proximately caused by the negligent conduct of the Defendant.   The Defendant, **JUAN-MANUEL C. HERNANDEZ** operated the vehicle he was driving in a negligent manner because he violated the duty which he owed the Plaintiff to exercise ordinary care in the operation of his motor vehicle in one or more of the following respects:

      a.     in failing to keep a proper lookout or such lookout, which a person of ordinary prudence would have maintained under same or similar circumstances;

b.    in failing to timely apply the brakes of the vehicle in order to avoid the collision in question;

c.    in failing to turn the vehicle in an effort to avoid the collision in question;

d.    in failing to blow horn warning of imminent danger;

e.    in operating his vehicle at a rate of speed which was greater than that which an ordinary person would have driven under the same or similar circumstances;

f.    in failing to maintain an assured clear distance; and

g.    in following too closely in violation of Tex. Transp. Code § 545.062(a).

## B.    NEGLIGENCE PER SE

**9.**    Defendant, **E. MARTINEZ TRANSPORT, LLC** is liable under the doctrine of respondeat superior in that **JUAN-MANUEL C. HERNANDEZ** was operating the vehicle in the course and scope of his employment with **E. MARTINEZ TRANSPORT, LLC**.  Defendant **E. MARTINEZ TRANSPORT, LLC** was also negligent in one or more of the following respects:

a    negligent hiring;

b    negligent entrustment;

c    negligent driver qualifications;

d    negligent training and supervision;

e    negligent retention;

f    negligent contracting; and

g    negligent maintenance

## C.    GROSS NEGLIGENCE

**10.**    Defendants' negligent conduct was more than momentary thoughtlessness or inadvertence. Rather, Defendants' conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiffs.  Defendants had actual, subjective awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, or welfare of Plaintiffs or other similarly situated.

11.     Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and negligence per se and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which Plaintiff will continue to suffer in the future, if not for the remainder of his natural life.

## D.     NEGLIGENT ENTRUSTMENT

12.     Defendant, **E. MARTINEZ TRANSPORT, LLC** was negligent in that it negligently entrusted the vehicle to **JUAN-MANUEL C. HERNANDEZ**, when they knew or should have known that **JUAN-MANUEL C. HERNANDEZ** was incompetent or a reckless driver.

**VI.**
**DAMAGES**

13.     As a direct and proximate result of the collision and the negligent conduct of the Defendant, Plaintiff, **TYLER KIRSCHBAUM**, suffered severe bodily injuries including bruised ribs, chest and knee contusions, neck, back, and other parts of his body generally. Plaintiff's entire body was bruised, battered and contused and he suffered great shock to his entire nervous systems.  The injuries are permanent in nature.  The injuries have had a serious effect on the Plaintiff's health and well-being.  Some of the effects are permanent and will abide with the Plaintiff for a long time into the future, if not for his entire life.  These specific injuries and their ill effects have, in turn, caused the Plaintiff physical and mental condition to deteriorate generally and the specific injuries and ill effects alleged have caused and will, in all reasonable probability, cause the Plaintiff to suffer consequences and ill effects of this deterioration throughout his body for a long time in the future, if not for the balance of his natural life. As a further result of the nature and consequences of his injuries, the Plaintiff suffered great physical and mental pain, suffering and anguish and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of his natural life.

14.     As a further result of all of the above, Plaintiff has incurred expenses for his medical care and attention. These expenses were incurred for the necessary care and treatment of the injuries resulting from the incident complained of. The charges are reasonable and were the usual and customary charges made for such services in the County where they were incurred.

15.     As a further result of the injuries sustained by the Plaintiff, there is a reasonable probability that they will require further medical care and attention and will incur future reasonable and necessary expenses for their medical care and attention.

16.      By reason of all of the above, Plaintiff, **TYLER KIRSCHBAUM**, has suffered losses and damages in a sum within the jurisdictional limits of this Court for which he now sues.

## VII.
## INTEREST

17.     Plaintiffs further request both pre-judgment and post-judgment interest on all his damages as allowed by law.

## VIII.
## DEMAND FOR JURY TRIAL

18.     Plaintiff, **TYLER KIRSCHBAUM**, demands a trial by jury. Plaintiff acknowledges payment this date of the required jury fee.

## IX.
## REQUEST FOR DISCLOSURE

19.     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants **E. MARTINEZ TRANSPORT, LLC and JUAN-MANUEL C. HERNANDEZ** are requested to disclose, within fifty (50) days of service hereof, the information and material described in each section of Rule 194.2 of the Texas Rules of Civil Procedure.

## X.
## NOTICE OF SELF-AUTHENTICATION

20.     Pursuant to RULE 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant is hereby noticed that the production of any document in response to written discovery authenticates the

document for use against that party in any pretrial proceeding or at trial.

## PRAYER

**WHISEFORE, PREMISES CONSIDERED,** Plaintiff requests that the Defendants be cited to appear and answer, and on final trial hereafter, the Plaintiff has judgment against Defendants in an amount within the jurisdictional limits of this Court, together with all pre-judgment and post-judgment interest as allowed by law, costs of Court, and for such other and further relief to which Plaintiff may be justly entitled by law and equity, including, but not limited to:

1.   Pain and suffering in the past;
2.   Pain and suffering in the future;
3.   Mental anguish in the past;
4.   Mental anguish in the future;
5.   Past medical expenses;
6.   Future medical expenses;
7.   Physical impairment in the past;
8.   Physical impairment in the future;
9.   Physical disfigurement in the past;
10.  Physical disfigurement in the future;
11.  Lost wages in the past;
12.  Loss of future wage earning capacity;
13.  Property damage;
14.  Loss of use;
15.  Pre-judgment interest;
16.  Post-judgment interest; and
17.  Exemplary damages.

RESPECTFULLY SUBMITTED,

**LAW OFFICES OF THOMAS J. HENRY**
**521 STARR STREET**
**CORPUS CHRISTI, TEXAS 78401**
**PHONE: (361) 985-0600;     FAX: (361)**
**985-0601**

BY:       /S/ REGGIE BLAKELEY

THOMAS J. HENRY
STATE BAR NO.: 09484210
REGGIE BLAKELEY
STATE BAR NO.: 24077845
rblakeley-svc@tjhlaw.com *
*service by e-mail to this address only

FILED
12/4/2015 10:11:23 AM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Olivia Cruz

**W/JD**

CAUSE NO. 2015CI18453

| | | |
|---|---|---|
| TYLER KIRSCHBAUM | § | IN THE DISTRICT COURT |
| | § | |
| v. | § | |
| | § | 288TH JUDICIAL DISTRICT |
| | § | |
| E. MARTINEZ TRANSPORT, LLC AND | § | |
| JUAN-MANUEL C. HERNANDEZ | § | BEXAR COUNTY, TEXAS |

## DEFENDANT'S, E. MARTINEZ TRANSPORT, LLC, ORIGINAL ANSWER

COMES NOW Defendant, **E. MARTINEZ TRANSPORT, LLC** ("Defendant") and files this, its answer to Plaintiff's Original Petition, and by way of answer and defense would respectfully show unto the Court as follows:

### I.
### GENERAL DENIAL

1.1    Subject to such stipulations as may hereafter be made, Defendant asserts a general denial as authorized by Rule 92 of the Texas Rules of Civil Procedure, and Defendant respectfully requests that Plaintiff be required to prove his charges and allegations against Defendant by a preponderance of the evidence, as required by the Constitution and the laws of the State of Texas.

### II.
### DEFENSES AND OTHER MATTERS

#### A. CONTRIBUTORY NEGLIGENCE

2.1.    Without waiving the foregoing general denial and affirmative defenses, but still insisting upon the same, for further answer herein, if any be necessary, Defendant would show that Plaintiff's alleged injuries were caused, in whole or in part, by Plaintiff's own negligence want of care.

**B.  COMPARATIVE NEGLIGENCE**

2.2.    Without waiving the foregoing general denial and affirmative defenses, but still insisting upon the same, for further answer herein, if any be necessary, Defendant would show that Plaintiff's alleged injuries, if any, were caused, in whole or in part, by the negligence of Plaintiff, co-Defendants, designated responsible parties, other third parties or instrumentalities over whom Defendant had no control. Consequently, Defendant invokes the doctrine of comparative negligence.

**C.  INTERVENING OR SUPERSEDING CAUSE**

2.3.    Without waiving the foregoing general denial and affirmative defenses, but still insisting upon the same, for further answer herein, if any be necessary, the Defendant would show that the loss, damage and injuries alleged by the Plaintiff were proximately caused by a new, independent and intervening or superseding cause or parties over which Defendant had no control or right of control, therefore, Defendant is not liable to Plaintiff.

**D.  OPEN AND OBVIOUS**

2.4.    Without waiving the foregoing general denial and affirmative defenses, but still insisting upon the same, for further answer herein, if any be necessary, Defendant would show that the facts and circumstances that Plaintiff alleges caused him injury were open and obvious to Plaintiff, therefore, Defendant is not liable to Plaintiff.

**E.  REQUISITE NECESSITY OF CERTAINTY FOR DAMAGES**

2.5.    Without waiving the foregoing general denial and affirmative defenses, but still insisting upon the same, for further answer herein, if any be necessary, Defendant would show that if any damages are sought in this matter for any of these components of damages and alleged matters, that Plaintiff be required to show with reasonable certainty such alleged damages.

**F. PLAINTIFF'S INJURIES DUE TO PRE-EXISTING CONDITIONS**

2.6.    Without waiving the foregoing general denial and affirmative defenses, but still insisting upon the same, for further answer herein, if any be necessary, Defendant affirmatively alleges that Plaintiff's injuries and/or conditions, if any, are the result of Plaintiff's pre-existing conditions.

**G. PLAINTIFF FAILED TO MITIGATE DAMAGES**

2.7.    Without waiving the foregoing general denial and affirmative defenses, but still insisting upon the same, for further answer herein, if any be necessary, Defendant would show that the injuries and damages Plaintiff complains of may have been caused in whole or in part by the Plaintiff's failure to mitigate damages.

**H. PLAINTIFF'S MEDICAL EXPENSES ARE LIMITED TO THOSE ACTUALLY PAID OR INCURRED**

2.8.    Without waiving the foregoing general denial and affirmative defenses, but still insisting upon the same, for further answer herein, if any be necessary, Defendant would show Plaintiff is limited in the recovery of medical expense under Chapter 41.0105 of the Texas Civil Practices and Remedies Code, which limits the recovery of medical expenses to the amount *actually paid or incurred*. Accordingly, Defendant is not liable to Plaintiff for medical expenses that are not actually paid or incurred.

**I. PLAINTIFF'S MEDICAL BILLS ARE NOT REASONABLE AND/OR NECESSARY**

2.9.    Without waiving the foregoing general denial and affirmative defenses, but still insisting upon the same, for further answer herein, if any be necessary, Defendant asserts that with some or all of Plaintiff's medical expenses were not reasonable and necessary.

### J. PLAINTIFF'S INJURIES HAVE NO CONNECTION TO LAWSUIT

2.10.   Without waiving the foregoing general denial and affirmative defenses, but still insisting upon the same, for further answer herein, if any be necessary, Defendant affirmatively alleges that the injuries about which Plaintiff complains, either some or all, may be found to be in no way connected or related to the incident made the basis of this suit; and/or that any alleged incidents or symptoms may have been caused by other conditions not related to this litigation. Defendant would also show a jury may determine Plaintiff was not injured.

### K. DEFENDANT IS ENTITLED OFFSET AND CREDIT

2.11.   Without waiving the foregoing general denial and affirmative defenses, but still insisting upon the same, for further answer herein, if any be necessary, Defendant would show that it is entitled to any offset and credit for any and all insurance and/or property or casualty benefits paid to the Plaintiff under any insurance coverage. Defendant asserts that any damages rendered at or below the monetary amount(s) paid in such benefits shall serve as a complete bar to recovery for the Plaintiff and/or offset or credit to Defendant.

### L. UNREASONABLE AND IMPROPER TO AWARD OF PRE-JUDGMENT INTEREST

2.12.   Defendant asserts that any award to Plaintiff, in the unlikely event that an adverse judgment is rendered against Defendant, the judgment should not include pre-judgment interest because any delay in the trial of the case was not caused by Defendant. Accordingly, an award of pre-judgment interest would be unreasonable and improper under the circumstances of the case.

### M. RESERVATION FROM DEVELOPMENTS AND DISCOVERY

2.13.   Subject to and without waiving the foregoing general denial and affirmative defenses, Defendant incorporates herein by reference, as if set forth fully at length herein, any and all discovery matters to be uncovered in the course of discovery of this case, including but

not limited to, deposition testimony, written discovery answers, and responses and exhibits, with full reservation to designate further.

**N. CONDITION PRECEDENTS NOT MET**

2.14.   Without waiving the foregoing general denial and affirmative defenses, but still insisting upon the same, for further answer herein, if any be necessary, Defendant denies that all conditions precedent to the recovery of attorney's fees under Chapter 38 of the Texas Civil Practices & Remedies Code have been met. Specifically, Defendant denies that Plaintiff has fully presented his claim to Defendant as is required by Section 38.002 of the Texas Civil Practice and Remedies Code.

**O. LIMIT ON EXEMPLARY DAMAGES**

2.15.   Without waiving the foregoing general denial and affirmative defenses, but still insisting upon the same, for further answer herein, if any be necessary, Defendant further asserts that Chapter 41 of the Texas Civil Practice and Remedies Code governs and limits any exemplary damages that Plaintiff may be seeking in this suit. Therefore, Defendant is not liable to Plaintiff for damages beyond the limits on exemplary damages imposed by Chapter 41.

**III.**
**JURY DEMAND**

3.1.   Defendant hereby demands a trial by jury.  Contemporaneously with the filing of this pleading, Defendant tenders the required jury fee to the clerk.

**IV.**
**OBJECTION TO PLAINTIFF'S 193.7 NOTICE**

4.1.   A party's production of documents in response to written discovery authenticate the documents for use against that party, unless the producing party objects to their use within ten days after the producing party has actual notice that the document will be used. Tex. R. Civ. P. 193.7.

4.2.     Plaintiff's 193.7 Notice to of Self-Authentication was included in his Original Petition that was served upon Defendant on November 12, 2015.  Plaintiff states in his 193.7 Notice that "Defendant is hereby noticed that the production of any document in response to written discovery authenticates the document for use against that party in any pretrial proceeding or at trial."

4.3.     In stark contrast to the foregoing language, Rule 193.7 of the Texas Rule of Civil Procedure states in part, "after the producing party has actual notice that *the document* will be used— the party objects to the authenticity of *the document*, or *any part of it, stating the specific basis for objection*." (*emphasis added*).  The rule further states that objections must be in writing or on the record, must have a good faith factual and legal basis, and must be asserted within 10 days after the party obtains actual notice that another party will use *the document* in a hearing or trial. *Id.* The practical effect of this requirement is that a producing party need not evaluate documents for authenticity before production, but instead may wait until notified that *particular documents* will be used in a hearing or trial. 47 Tex. Prac., Discovery Practice § 7:15 (2011 ed.)

4.4.     Rule 193.7 also seeks to limit the risk of ambush by entitling the party seeking to use the document to a "reasonable opportunity" to establish its authenticity if objection is made. *Id.* It also allows for authenticity issues to be resolved well in advance of the hearing or trial by serving notice indicating that the party intends to use particular documents. Tex. R. Civ. P. 193.7, cmt.7.

4.5.     Defendant objects to Plaintiff's blanket attempt to authenticate "any document" by giving a general notice in his Original Petition, rather than notice of what particular document he intends to use, on the grounds that it is not sufficient actual notice as required by Rule 193.7 of Texas Rules of Civil Procedure.  Without knowledge of what specific documents Plaintiff intends to use at any pretrial hearings or trial, Defendant is handicapped in its defense, and its ability to object and prepare for trial.

4.6.     First, Plaintiff's general notice does not afford Defendant an opportunity to make a good faith factual and legal basis for their objection as required by the rules.  This case will

undoubtedly involve hundreds of pages of documents. Plaintiff alone will most likely produce hundreds of pages of documents during the course of discovery. Further, Defendant will also produce numerous documents during the discovery process. Plaintiff's notice lacks sufficient specificity for Defendant to respond.

4.7.    Second, to require Defendant to anticipate and/or to object to every single document produced during discovery would place an undue hardship on Defendant and would circumvent the intent and safeguards of Rule 193.7. Plaintiff's general notice does not allow for authenticity issues to be resolved in advance of any hearing or trial.

4.8.    In the alternative, if the court finds that the general notice given by Plaintiff under Rule 193.7 is sufficient, then Defendant hereby provides written notice of their objection to any and all documents produced during discovery and reserves its right to make further objections at the time it becomes aware of the specific identity of any particular documents Plaintiff intends to use at any proceedings.

## V.
## NOTICE OF DOCUMENTS TO BE USED AT TRIAL

5.1.    Subject to and without waiving the foregoing general denial and affirmative defenses, Defendant pursuant to Texas Rules of Civil Procedure 193.7, if the court finds that the general notice under Rule 193.7 is sufficient, Defendant hereby notifies Plaintiff that Defendant intends to use any and all documents produced by Plaintiff at any hearing or trial including, but not limited to, correspondence, discovery responses, deposition exhibits, and/or records.

## VI.
## PRAYER

6.1.    **WHEREFORE, PREMISES CONSIDERED**, Defendant, **E. MARTINEZ TRANSPORT, LLC** prays that Plaintiff take nothing by this suit against Defendant and Defendant

be discharged without delay, and for such other and further relief, both general and special, at law and in equity, to which it may show justly entitled.

Respectfully submitted,

**ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.**

By: ___/s/ Esteban Delgadillo_____

James H. Hunter, Jr.
State Bar No. 00784311
Esteban Delgadillo
State Bar No. 24087406
55 Cove Circle
Brownsville, Texas 78521
(956) 542-4377 (Telephone)
(956) 542-4370 (Facsimile)
E-Mail: jim.hunter@roystonlaw.com
E-Mail: esteban.delgadillo@roystonlaw.com
**ATTORNEYS FOR DEFENDANT,**
**E. MARTINEZ TRANSPORT, LLC**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a true and correct copy of the above and foregoing document was filed electronically and forwarded *via the CM/ECF Filing System, facsimile, Regular U.S. Mail, certified mail, return receipt requested and/or E-Mail* to all known counsel of record on this **4** day of December 2015, as follows:

Thomas J. Henry
Reggie Blakeley
LAW OFFICES OF THOMAS J. HENRY
521 Starr Street
Corpus Christi, Texas 78401


_____/s/ Esteban Delgadillo_____
Of Royston, Rayzor, Vickery & Williams, L.L.P.

FILED
1/26/2016 3:54:58 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Bianca Salinas

# THOMAS J HENRY
## INJURY ATTORNEYS

**TOLL FREE: 1-800-580-0601      FAX: 1-888-956-8001      TJHLAW.COM**

THOMAS JUDE HENRY | ROGER L. TURK | MICHAEL E. HENRY† | GEORGE A. DEVERA | RUBEN G. HERRERA | RUSSELL W. ENDSLEY | JAMES D. BASKIN | GLENE LARSON | LESLEY PANISZCZYN | STEPHEN F. BECHTOL | DENNIS J. BENTLEY | MATTHEW S. SCUTT | DARIUS KHOSRAVIAN | CECILE W. CRABTREE | GREGGORY A. TEETER | DAVID HATCHER CURTIS W. FITZGERALD, IV | TRAVISE. VENABLE ‡† | JUSTIN M. DEAN | DAVID TIJERINA | REGINALD BLAKELEY | ANDREW D. POULIS | WESLEY R. VASQUEZ††† | PHILLIP C RIPPER LAURIE DOBSON | KYLE MATHIS | JORDAN JACKSON | MATTHEW SEAN HULL | JANICE LINDSEY CORBIN | RICHARD W. HUNNICUTT, III ‡‡† | JOSEPHINE LUE | YVETTE TREVINO ALLEN D. PETIT | WADE R. REESE | BRYAN W. SCHOEPPEY | ROBIN TREVINO | JASON C. GRAFF | CHRISTOPHER HINSHAW | MARY WILSON | ALEXANDRA FELDER | SCOTT SAGER SANDEE BELL | MELISSA SALINAS | ROBERT P. WILSON | JIM MARTIN | TIFFANY GEORGE | BART ALDRICH | CAITLIN BRATT | MARCO CRAWFORD | LORI CULLER | PETER ZAVALETA TAMMY BRUCH CLICK | XAVIER L. GUERRA | ERICA WOLFE | DALE HICKS*‡ | CRAIG L. FARRISH ††† | LANDON T. HAYS | KELLY W. ADAMS | TANYA BACHAND‡‡ | ED MCAVANICH NICOLE A. BAKER | KERRY A. DI GIOIA | DAVID J. LOPEZ | KAREN K. VILLARRUEL ‡ ‡ | TREY PENDERGRAFT | RAL NWANKWO ‡‡‡ | KEVIN NORRIS § | ALEXIS M. WALSH §§ SHANNON E. HURST §§§ | LOGI HAMOR | ROY ELIZONDO, III | ABEL TREVINO | GREG W. TURMAN* | ROGER Z. GUEVARA | BRYCE E. PEARCY | LANE G. DIAMOND | JON B. OLSON SOHAIB REHMAN | ALEX OHA | JASON PEDRAZA | VICTOR J. SANCHEZ | JOHN W. BIGGINS, III | CHRISTOPHER M. CHENAULT | GABRIEL DE VEGA | TOMMY W. GILLASPIE BERNARDO GONZALEZ | CHRISTOPHER MCCANN | NEGIN ROBERTS | COLBY BERRY | CHIRAG DESAI | DANIEL TYMAN | BRIAN GILLETTE ERIKA RAMIREZ | TOMAS ALARCON | IFRAN SIDDIQUI | JUDE T. SMITH

† Licensed in TX, PA | †† Licensed in TX, TN | ††† Licensed in TX, MO | ‡†† Licensed in TX, OH | ‡†† Licensed in TX, CT | ‡ ‡ Licensed in TX, NY | ‡ ‡ Licensed in TX, MD ‡ Licensed in TX, CA | §§ Licensed in TN | §§§ Licensed in TX, WI | *Board Certified - Personal Injury Trial Law | ‡ Board Certified - Civil Trial Law

January 18, 2016

VIA EMAIL: Maria.Villarreal@roystonlaw.com
Esteban Delgadillo
ROYSTON RAZOR VICKERY & WILLIAMS LLP
55 Cover Circle
Brownsville, Texas 78521

RE:    Cause #: 2015CI18453; *Tyler Kirschbaum v. Martinez Transport*

Mr. Delgadillo,

This letter is intended to be an agreement under Rule 11 of the Texas Rules of Civil Procedure. Please extend the deadline for Plaintiff to respond and/or object to written discovery to January 25, 2016. If you are in agreement, please sign below where indicated and return to the attention of the undersigned via fax or email.

Should you have any questions or need any additional information, please do not hesitate to contact me.

Very truly yours,
**THOMAS J. HENRY, INJURY ATTORNEYS**

/s/Reggie Blakeley
Reggie Blakeley

_____  1/18/16
Esteban Delgadillo

---

| **CORPUS CHRISTI** | **SAN ANTONIO** | **AUSTIN** | **HOUSTON** |
|---|---|---|---|
| 521 STARR STREET | 4715 FREDERICKSBURG, STE 507 | 1515 S. CAPITAL OF TEXAS HWY, STE 200 | 4800 WOODWAY DR, STE 1040 |
| CORPUS CHRISTI, TEXAS 78401 | SAN ANTONIO, TEXAS 78229 | AUSTIN, TEXAS 78746 | HOUSTON, TEXAS 77056 |
| PHONE: (361) 985-0600 | PHONE: (210) 656-1000 | PHONE: (512) 347-1200 | PHONE: (713) 338-2424 |

FILED
1/26/2016 3:54:58 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Bianca Salinas

CAUSE NO. 2015CI18453

| | | |
|---|---|---|
| **TYLER KIRSCHBAUM,** | § | **IN THE DISTRICT COURT** |
| *Plaintiffs* | § | |
| | § | |
| **VS.** | § | **288TH JUDICIAL DISTRICT** |
| | § | |
| **E. MARTINEZ TRANSPORT, LLC and** | § | |
| **JUAN-MANUEL C. HERNANDEZ** | § | |
| *Defendants* | § | **BEXAR COUNTY, TEXAS** |

## PLAINTIFF'S CERTIFICATE OF WRITTEN DISCOVERY

**TO:**   **E. MARTINEZ TRANSPORT, LLC,** by and through its attorney of record Esteban Delgadillo, ROYSTON, RAZOR, VICKERY & WILLIAMS, L.L.P., 55 Cove Circle, Brownsville, Texas 78521.

**COMES NOW** TYLER KIRSCHBAUM, Plaintiff in the above-styled and numbered cause of action, and hereby certifies, pursuant to the Texas Rules of Civil Procedure, that the following has been served upon opposing counsel of record but has not been filed with the District Clerk as required by the Texas Rules of Civil Procedure:

1.   Plaintiff's Responses to Defendant's Requests for Disclosure
2.   Plaintiff's Responses to Defendant's First Set of Interrogatories
3.   Plaintiff's Responses to Defendant's First Request for Production
4.   Plaintiff's Responses to Defendant's First Request for Admission

Respectfully submitted,

**LAW OFFICES OF THOMAS J. HENRY**
521 Starr Street
Corpus Christi, Texas  78401
Phone: (361) 985-0600
Fax: (361) 985-0601

By: _/s/ Reggie Blakeley_
      Thomas J. Henry
      State Bar No.: 09484210
      Reggie Blakeley
      State Bar No.: 24077845
      **Attorneys for Plaintiff**
      rblakeley-svc@tjhlaw.com *
      *Service at this e-mail address only

---

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing was served upon opposing counsel named below, in accordance with the Texas Rules of Civil Procedure, on the 25th day of January, 2016.

**VIA EMAIL: Maria.Villarreal@roystonlaw.com**
Esteban Delgadillo
ROYSON, RAZOR, VICKERY & WILLIAMS, L.L.P.
55 Cove Circle
Brownsville, Texas 78521

_/s/ Reggie Blakeley_
Reggie Blakeley

FILED
2/1/2016 2:47:24 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Brenda Carrillo

**CAUSE NO. 2015CI18453**

| | | |
|---|---|---|
| **TYLER KIRSCHBAUM,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff* | § | |
| | § | |
| **VS.** | § | **288TH JUDICIAL DISTRICT** |
| | § | |
| **E. MARTINEZ TRANSPORT, LLC** | § | |
| **and JUAN-MANUEL C.** | § | |
| **HERNANDEZ** | § | |
| *Defendants* | § | **BEXAR COUNTY, TEXAS** |



---

### MOTION FOR SUBSTITUTE SERVICE OF PROCESS ON DEFENDANT JUAN-MANUEL C. HERNANDEZ

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

    **COME NOW** Movant, TYLER KIRSCHBAUM, Plaintiff, and asks the court to authorize substituted service on Defendant JUAN-MANUEL C. HERNANDEZ by serving his employer with a true and correct copy of the Plaintiff's Original Petition and citation.

I.

    At the time of the incident, Defendant JUAN-MANUEL C. HERNANDEZ was, according to the Peace Officer's Crash Report, employed by E. Martinez Transport, L.L.C. See Exhibit A.

II.

    Movants attempted to serve Defendant, JUAN-MANUEL C. HERNANDEZ by personal delivery to his place of employment, as listed in the Peace Officer's Crash Report. However, according to the process server, his employers claimed that he lives in Mexico and refused to accept service. Movants ask the court to authorize service of Defendant JUAN-MANUEL C. HERNANDEZ by delivering a true and correct copy of the Plaintiff's Original Petition and citation to the registered agent of his employer, E. Martinez Transport, L.L.C. Movants attach

the Affidavit of Attempted Service and Statements of Facts in support of this action for substitute

service of process and incorporate it by reference as Exhibit B.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that this Court grant, in

all things, Plaintiff's Motion for Substitute service and for such other and further relief that

Plaintiff may be entitled to at law or in equity.

Respectfully submitted,
**LAW OFFICES OF THOMAS J. HENRY**
521 Starr Street
Corpus Christi, Texas  78401
Phone: (361) 985-0600
Fax: (361) 985-0601

By: /s/ Reggie Blakeley
        Thomas J. Henry
        STATE BAR NO.: 09484210
        Reggie Blakeley
        STATE BAR NO.: 24077845
        ATTTORNEYS FOR PLAINTIFF
        Rblakeley-svc@tjhlaw.com *
*Service by email to this address only

# EXHIBIT A

Law Enforcement and TxDOT Use ONLY

☐ FATAL  ☒ CMV  ☐ SCHOOL BUS  ☐ RAILROAD  ☐ MAB  ☐ SUPPLEMENT  ☐ ACTIVE SCHOOL ZONE

| Total Num. Units | 3 | Total Num. Prsns. | 2 | TxDOT 13675024.1 Crash ID /2014033936 |

**Texas Peace Officer's Crash Report (Form CR-3 1/1/2010)**

Mail to: Texas Department of Transportation, Crash Records, P.O. Box 149349, Austin, TX 78714. Questions? Call (512) 486-5780

Refer to Attached Code Sheet for Numbered Fields

Page: 1 of 4

★=These fields are required on all additional sheets submitted for this crash (ex.: additional vehicles, occupants, injured, etc.)

## IDENTIFICATION & LOCATION

| ★Crash Date (MM/DD/YYYY) 0 2 / 0 4 / 2 0 1 4 | ★Crash Time (24HRMM) 0 0 0 5 | Case ID SAPD14026065 | Local Use 4310 |

| ★County Name BEXAR | ★City Name SAN ANTONIO | Outside City Limit ☐ |

| In your opinion, did this crash result in at least $1,000 damage to any one person's property? ☒ Yes ☐ No | Latitude (decimal degrees) . | Longitude (decimal degrees) . |

### ROAD ON WHICH CRASH OCCURRED

| ★1 Rdwy. Sys. IH | ★Hwy. Num. 410 | 2 Rdwy. Part 1 | Block Num. 8600 | 3 Street Prefix | ★Street Name NE LOOP 410 | 4 Street Suffix HWY |

| ☐ Crash Occurred on a Private Drive or Road/Private Property/Parking Lot | ☐ Toll Road/ Toll Lane | Speed Limit 60 | Const. Zone ☐ Yes ☒ No | Workers Present ☐ Yes ☒ No | Street Desc. |

### INTERSECTING ROAD, OR IF CRASH NOT AT INTERSECTION, NEAREST INTERSECTING ROAD OR REFERENCE MARKER

| At Int. ☐ Yes ☒ No | 1 Rdwy. Sys. LR | Hwy. Num. | 2 Rdwy. Part | Block Num. 4800 | 3 Street Prefix | Street Name DIETRICH | 4 Street Suffix RD |

| Distance from Int. or Ref. Marker 1000 | ☒ FT ☐ MI | 3 Dir. from Int. or Ref. Marker N | Reference Marker | Street Desc. | RRX Num. |

## VEHICLE, DRIVER & PERSONS

| Unit Num. 1 | 5 Unit Desc. 1 | ☐ Parked Vehicle | ☐ Hit and Run | LP State TX | LP Num. CMF2736 | VIN K M H D U 4 A D 2 A U 0 1 5 7 6 5 |

| Veh. Year 2 0 1 0 | 6 Veh. Color MUL | Veh. Make HYUNDAI | Veh. Model ELANTRA | 7 Body Style P4 | Pol., Fire, EMS on Emergency (Explain in Narrative if checked) ☐ |

| 8 DL/ID Type 1 | DL/ID State TX | DL/ID Num. 24136384 | 9 DL Class C | 10 CDL End. 96 | 11 DL Rest. 96 | DOB (MM/DD/YYYY) 1 2 / 0 6 / 1 9 9 0 |

| Address (Street, City, State, ZIP) 2610 LEAKEY  SAN ANTONIO, TX 78251 |

| Person Num. | 12 Prsn. Type | 13 Seat Position | Name: Last, First, Middle Enter Driver or Primary Person for this Unit on first line | 14 Injury Severity | Age | 15 Ethnicity | 16 Sex | 17 Eject. | 18 Restr. | 19 Airbag | 20 Helmet | 21 Sol. | 22 Alc. Spec. | Alc. Result | 23 Drug Spec. | 24 Drug Result | 25 Drug Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | 1 | KIRSCHBAUM, TYLER | N | 23 | W | 1 | 1 | 1 | 2 | 97 | N | 96 | | 96 | 97 | 97 |

Not Applicable – Alcohol and Drug Results are only reported for Driver/Primary Person for each Unit.

| ☒ Owner ☐ Lessee | Owner/Lessee Name & Address KIRSCHBAUM, JOANNE, 2610 LEAKEY  SAN ANTONIO, TX 78251 |

| Proof of Fin. Resp. ☒ Yes ☐ No | ☐ Expired ☐ Exempt | 26 Fin. Resp. Type 1 | Fin. Resp. Name DIRECT GENERAL INSURANCE CO. | Fin. Resp. Num. TXAD252600528 |

| Fin. Resp. Phone Num. 1-800-627-8006 | 27 Vehicle Damage Rating 1 1 2 - F D - 7 | 27 Vehicle Damage Rating 2 - | Vehicle Inventoried ☐ Yes ☒ No |

| Towed By CONTRACT WRECKER | Towed To 2119 NE LOOP 410 (ALAMO TOYOTA) |

| Unit Num. 2 | 5 Unit Desc. 1 | ☐ Parked Vehicle | ☐ Hit and Run | LP State TX | LP Num. RJ3R26 | VIN 3 W K A D 0 9 X 8 B F 8 2 9 1 4 |

| Veh. Year 2 0 1 1 | 6 Veh. Color WHI | Veh. Make KENWORTH | Veh. Model UNKNOWN | 7 Body Style TT | Pol., Fire, EMS on Emergency (Explain in Narrative if checked) ☐ |

| 8 DL/ID Type 99 | DL/ID State UN | DL/ID Num. | 9 DL Class 99 | 10 CDL End. 99 | 11 DL Rest. 99 | DOB (MM/DD/YYYY) 1 2 / 1 0 / 1 9 6 6 |

| Address (Street, City, State, ZIP) 14403 INVESTMENT AVE LAREDO, TX 78045 |

| Person Num. | 12 Prsn. Type | 13 Seat Position | Name: Last, First, Middle Enter Driver or Primary Person for this Unit on first line | 14 Injury Severity | Age | 15 Ethnicity | 16 Sex | 17 Eject. | 18 Restr. | 19 Airbag | 20 Helmet | 21 Sol. | 22 Alc. Spec. | Alc. Result | 23 Drug Spec. | 24 Drug Result | 25 Drug Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | 1 | HERNANDEZ, JUAN-MANUEL C | N | 47 | H | 1 | 1 | 1 | 1 | 97 | N | 96 | | 96 | 97 | 97 |

Not Applicable – Alcohol and Drug Results are only reported for Driver/Primary Person for each Unit.

| ☒ Owner ☐ Lessee | Owner/Lessee Name & Address MARTINEZ TRANSPORT, 14403 INVESTMENT AVE LAREDO, TX 78045 |

| Proof of Fin. Resp. ☒ Yes ☐ No | ☐ Expired ☐ Exempt | 26 Fin. Resp. Type 2 | Fin. Resp. Name COMMERCIAL ALLIANCE INSURANCE | Fin. Resp. Num. 208245 |

| Fin. Resp. Phone Num. | 27 Vehicle Damage Rating 1 - | 27 Vehicle Damage Rating 2 - | Vehicle Inventoried ☐ Yes ☒ No |

| Towed By NOT TOWED | Towed To |

Case Number: 2015CI18453          Document Type: ENTIRE FILE CERTIFIED          Page 24 of

Law Enforcement and TxDOT Use ONLY.
Form CR-3 1/1/2010

| Case ID | 4026065 | | TxDOT Crash ID 1367 | 1.1/2014033936 | | Page 2 of 4 |

**DISPOSITION OF INJURED/KILLED**

| Unit Num. | Prsn. Num. | Taken To | Taken By | Date of Death (MM/DD/YYYY) | Time of Death (24HRMM) |
|---|---|---|---|---|---|
| | | | | / / | |
| | | | | / / | |
| | | | | / / | |
| | | | | / / | |
| | | | | / / | |
| | | | | / / | |

**CHARGES**

| Unit Num. | Prsn. Num. | Charge | Citation/Reference Num. |
|---|---|---|---|
| | | | |
| | | | |

**DAMAGE**

| Damaged Property Other Than Vehicles | Owner's Name | Owner's Address |
|---|---|---|
| | | |

**CMV**

Unit Num. 2   [x] 10,001+ LBS.   [ ] TRANSPORTING HAZARDOUS MATERIAL   [ ] 9+ CAPACITY   28 Veh. Oper. 1   29 Carrier ID Type   Carrier ID Num. 01700230

Carrier's Corp. Name MARTINEZ TRANSPORT
Carrier's Primary Addr. 14403 INVESTMENT AVE LAREDO, TX 78045

| 30 Rdwy. Access 1 | 31 Veh. Type 9 | [x] RGVW [ ] GVWR 8 0 0 0 0 | HazMat Released [ ] Yes [ ] No | 32 HazMat Class Num. | HazMat ID Num. | | 32 HazMat Class Num. | HazMat ID Num. |

| 33 Cargo Body Style 15 | Trailer 1 Unit Num. 3 | [x] RGVW [ ] GVWR 8 0 0 0 0 | 34 Trlr. Type 2 | Trailer 2 Unit Num. | [ ] RGVW [ ] GVWR | 34 Trlr. Type |

| Sequence Of Events 35 Seq. 1 13 | 35 Seq. 2 | 35 Seq. 3 | 35 Seq. 4 | Total Num. Axles 5 | Total Num. Tires 18 |

**FACTORS & CONDITIONS**

| 36 Contributing Factors (Investigator's Opinion) | | | 37 Vehicle Defects (Investigator's Opinion) | | Environmental and Roadway Conditions | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Unit Num. | Contributing | May Have Contrib. | Contributing | May Have Contrib. | 38 Weather Cond. | 39 Light Cond. | 40 Entering Roads | 41 Roadway Type | 42 Roadway Alignment | 43 Surface Condition | 44 Traffic Control |
| 1 | 26 | 44 | | | 3 | 3 | 97 | 4 | 1 | 2 | 3 |

**NARRATIVE AND DIAGRAM**

Investigator's Narrative Opinion of What Happened
(Attach Additional Sheets If Necessary)

The driver of Unit 1 was attempting to pass unit 2 on the highway before the crash occurred. The driver of Unit 1 stated Unit 2 merged over into his lane, and the driver of Unit 1 crashed into Unit 3 while the driver of Unit 2 was trying to merge over. The driver of Unit 2 stated when he merged over he could not see Unit 1 behind him. Unit 1 sustained severe front end damage, and unit 3 had minor damage on the rear of the trailer. Unit 1 was towed by contract wrecker.

Field Diagram – Not to Scale



Not To Scale

8600 Block of NE Loop 410 SB

**INVESTIGATOR**

| Time Notified (24HRMM) 0 0 0 5 | How Notified DISPATCHED | Time Arrived (24HR:MM) 0 0 1 2 | Report Date (MM/DD/YYYY) 0 2 0 4 2 0 1 4 |

Case Number 2014GIC108453
Comp. [ ] No   Name (Printed) HOOTEN, WILLIE

Document Type: ENTIRE FILE CERTIFIED

ID Num. 0952

ORI Num. T X S P D 0 0 0 0 0   *Agency SAN ANTONIO POLICE DEPARTMENT   District/Area E 4 0

**Law Enforcement and TxDOT Use ONLY**

☐ FATAL   ☒ CMV   ☐ SCHOOL BUS   ☐ RAILRO   ☐ MAB   ☐ SUPPLEMENT   ☐ ACTIVE SCHOOL ZONE

| Total Num. Unt | 3 | Total Num. Prsns. | 2 | TxDOT Crash ID | 13675024.1 /2014033936 |

**Texas Peace Officer's Crash Report (Form CR-3 1/1/2010)**

Mail to: Texas Department of Transportation, Crash Records, P.O. Box 149349, Austin, TX 78714., Questions? Call (512) 486-5780

Refer to Attached Code Sheet for Numbered Fields

Page: 3 of 4

★=These fields are required on all additional sheets submitted for this crash (ex.: additional vehicles, occupants, injured, etc.).

### IDENTIFICATION & LOCATION

| ★Crash Date (MM/DD/YYYY) | 0 2 / 0 4 / 2 0 1 4 | ★Crash Time (24HRMM) | 0 0 0 5 | Case ID | SAPD14026065 | Local Use | 4310 |

★County Name BEXAR   ★City Name SAN ANTONIO   ☐ Outside City Limit

In your opinion, did this crash result in at least $1,000 damage to any one person's property?   ☒ Yes   ☐ No   Latitude (decimal degrees) _ _ . _ _ _ _ _   Longitude (decimal degrees) _ _ _ . _ _ _ _ _

#### ROAD ON WHICH CRASH OCCURRED

| ★1 Rdwy. Sys. IH | ★Hwy. Num. 410 | 2 Rdwy. Part | Block Num. 8600 | 3 Street Prefix | ★Street Name NE LOOP 410 | 4 Street Suffix HWY |

☐ Crash Occurred on a Private Drive or Road/Private Property/Parking Lot   ☐ Toll Road/ Toll Lane   Speed Limit 60   Const. Zone ☐ Yes ☒ No   Workers Present ☐ Yes ☒ No   Street Desc.

*INTERSECTING ROAD, OR IF CRASH NOT AT INTERSECTION, NEAREST INTERSECTING ROAD OR REFERENCE MARKER*

| At Int. | ☐ Yes ☒ No | 1 Rdwy. Sys. LR | Hwy. Num. | 2 Rdwy. Part | Block Num. 4800 | 3 Street Prefix | Street Name DIETRICH | 4 Street Suffix RD |

Distance from Int. or Ref. Marker 1000   ☒ FT ☐ MI   3 Dir. from Int. or Ref. Marker N   Reference Marker   Street Desc.   RRX Num.

### VEHICLE, DRIVER, & PERSONS

| Unit Num. 3 | 5 Unit Desc. 6 | ☐ Parked Vehicle | ☐ Hit and Run | LP State ME | LP Num. 1585404 | VIN 1 U Y F S 2 4 8 0 9 A 7 5 3 6 1 7 |

| Veh. Year 2 0 0 9 | 6 Veh. Color BLK | Veh. Make UNKNOWN | Veh. Model UNKNOWN | 7 Body Style TL | ☐ Pol., Fire, EMS on Emergency (Explain in Narrative if checked) |

| 8 DL/ID Type | DL/ID State | DL/ID Num. | 9 DL Class | 10 CDL End. | 11 DL Rest. | DOB (MM/DD/YYYY) _ _ _ _ _ _ |

Address (Street, City, State, ZIP)

| Person Num. | 12 Prsn. Type | 13 Seat Position | Name: Last, First, Middle — Enter Driver or Primary Person for this Unit on first line | 14 Injury Severity | Age | 15 Ethnicity | 16 Sex | 17 Eject. | 18 Restr. | 19 Airbag | 20 Helmet | 21 Sol. | 22 Alc. Spec. | Alc. Result | 23 Drug Spec. | 24 Drug Result | 25 Drug Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | | | | |

Not Applicable – Alcohol and Drug Results are only reported for Driver/Primary Person for each Unit.

☐ Owner ☒ Lessee   Owner/Lessee Name & Address MARTINEZ TRANSPORT, 14403 INVESTMENT AVE LAREDO, TX 78045

Proof of Fin. Resp. ☒ Yes ☐ No   ☐ Expired ☐ Exempt   26 Fin. Resp. Type 2   Fin. Resp. Name COMMERCIAL ALLIANCE INSURANCE   Fin. Resp. Num. 208245

Fin. Resp. Phone Num.   27 Vehicle Damage Rating 1 _ 6 _ - B D - 2   27 Vehicle Damage Rating 2 _ _ _ - _ _   Vehicle Inventoried ☐ Yes ☒ No

Towed By NOT TOWED   Towed To

---

| Unit Num. | 5 Unit Desc. | ☐ Parked Vehicle | ☐ Hit and Run | LP State | LP Num. | VIN |

| Veh. Year | 6 Veh. Color | Veh. Make | Veh. Model | 7 Body Style | ☐ Pol., Fire, EMS on Emergency (Explain in Narrative if checked) |

| 8 DL/ID Type | DL/ID State | DL/ID Num. | 9 DL Class | 10 CDL End. | 11 DL Rest. | DOB (MM/DD/YYYY) _ _ _ _ _ _ |

Address (Street, City, State, ZIP)

| Person Num. | 12 Prsn. Type | 13 Seat Position | Name: Last, First, Middle — Enter Driver or Primary Person for this Unit on first line | 14 Injury Severity | Age | 15 Ethnicity | 16 Sex | 17 Eject. | 18 Restr. | 19 Airbag | 20 Helmet | 21 Sol. | 22 Alc. Spec. | Alc. Result | 23 Drug Spec. | 24 Drug Result | 25 Drug Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | | | | |

Not Applicable – Alcohol and Drug Results are only reported for Driver/Primary Person for each Unit.

☐ Owner ☐ Lessee   Owner/Lessee. Name & Address

Proof of Fin. Resp. ☐ Yes ☐ No   ☐ Expired ☐ Exempt   26 Fin. Resp. Type   Fin. Resp. Name   Fin. Resp. Num.

Fin. Resp. Phone Num.   27 Vehicle Damage Rating 1 _ _ _ - _ _   27 Vehicle Damage Rating 2 _ _ _ - _ _   Vehicle Inventoried ☐ Yes ☐ No

Towed By   Towed To

Law Enforcement and TxDOT Use ONLY.
Form CR-3 1/1/2010

Case ID S: 026065    TxDOT Crash ID 1367... ...1/2014033936    Page 4 of 4

## DISPOSITION OF INJURED/KILLED

| Unit Num. | Prsn. Num. | Taken To | Taken By | Date of Death (MM/DD/YYYY) | Time of Death (24HRMM) |
|---|---|---|---|---|---|
| | | | | / / | |
| | | | | / / | |
| | | | | / / | |
| | | | | / / | |
| | | | | / / | |
| | | | | / / | |

## CHARGES

| Unit Num. | Prsn. Num. | Charge | Citation/Reference Num. |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

## DAMAGE

| Damaged Property Other Than Vehicles | Owner's Name | Owner's Address |
|---|---|---|
| | | |
| | | |

## CMV

Unit Num. | ☐ 10,001+ LBS. | ☐ TRANSPORTING HAZARDOUS MATERIAL | ☐ 9+ CAPACITY | 28 Veh. Oper. | 29 Carrier ID Type | Carrier ID Num.

Carrier's Corp. Name | Carrier's Primary Addr.

30 Rdwy. Access | 31 Veh. Type | ☐ RGVW ☐ GVWR | HazMat Released ☐ Yes ☐ No | 32 HazMat Class Num. | HazMat ID Num. | 32 HazMat Class Num. | HazMat ID Num.

33 Cargo Body Style | Trailer 1 | Unit Num. | ☐ RGVW ☐ GVWR | 34 Trlr. Type | Trailer 2 | Unit Num. | ☐ RGVW ☐ GVWR | 34 Trlr. Type

Sequence Of Events | 35 Seq. 1 | 35 Seq. 2 | 35 Seq. 3 | 35 Seq. 4 | Total Num. Axles | Total Num. Tires

## FACTORS & CONDITIONS

| | 36 Contributing Factors (Investigator's Opinion) | | 37 Vehicle Defects (Investigator's Opinion) | | Environmental and Roadway Conditions | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Unit Num. | Contributing | May Have Contrib. | Contributing | May Have Contrib. | 38 Weather Cond. | 39 Light Cond. | 40 Entering Roads | 41 Roadway Type | 42 Roadway Alignment | 43 Surface Condition | 44 Traffic Control |
| | | | | | | | | | | | |
| | | | | | | | | | | | |

## NARRATIVE AND DIAGRAM

Investigator's Narrative Opinion of What Happened
(Attach Additional Sheets If Necessary)

Field Diagram – Not to Scale

## INVESTIGATOR

| Time Notified (24HRMM) | 0 0 0 5 | How Notified DISPATCHED | | Time Arrived (24HR:MM) | 0 0 1 2 | Report Date (MM/DD/YYYY) | 0 2 / 0 4 / 2 0 1 4 |

Investigator ID/Serial Num. 124019948453    ☐ Comp. ☐ No    Name (Printed) HOOTEN, WILLIE

ORI Num. T X S P D 0 0 0 0    *Agency SAN ANTONIO POLICE DEPARTMENT

Document Type: ENTIRE FILE CERTIFIED

ID Num. 0952

District/ Area E 4 0

## EXHIBIT B

## <u>Affidavit in Support of Motion for Substitute Service</u>

**State of TEXAS**          **County of Bexar**          **288th Judicial District Court**

Case Number: 2015-CI-18453



Plaintiff:
**Tyler Kirschbaum**
vs.
Defendant:
**E.Martinez Transport, LLC, et al.,**

Received these papers on the 6th day of November, 2015 at 3:46 pm to be served on **Juan-Manuel C. Hernandez, 1009 Santa Maria Ave., Laredo, TX 78040**

I, RICARDO CONTRERAS  SCH 1745  Expires 1-31-18, being duly sworn, depose and say that on the **1st day of February, 2016** at 10:29 am, I:

certify that I am over the age of 18, and of sound mind, have no interest in the above action, and am a certified process server, in good standing, in the judicial circuit in which the process was served: I was unable to personally deliver the Citation/Plaintiff's Original Petition with Request for Disclosure to the named defendant Juan-Manuel C. Hernandez in the above numbered and styled cause.  I have attempted to make personal delivery to the defendant at his /her residence, place of abode, registered agent's address for service, usual place of business, or the place where the defendant can probably be found being 1009 Santa Maria Ave., Laredo, TX 78040 which was established personally in my efforts. I believe this to be the Defendant's residence, place of abode, registered agent's address for service, usual place of business, or the place where the defendant can probably be found.   I believe the defendant can and will be given notice of these proceedings by delivering to anyone over the age of sixteen years old living/employed at the above mentioned residence, place of abode,  registered agent's address for service, usual place of business, or the place where the defendant can probably be found;  by properly affixing to the front entranceway/front gate-post of the above mentioned residence/usual place of business/or other place where the defendant can probably be found or by placing it inside the premises through a mail chute or by slipping it under the front door.

The facts in this Affidavit are true and correct based on my personal knowledge.


**Additional Information pertaining to this Service:**
I was not able to locate said defendant at said address. Said address is the place of business of reg. agent: Gabriel Garcia Cano, who I spoke to on 11/12/15 at 1:00 p.m. and stated that he did not know where said defendant could be located, but he believes said defendant resides somewhere in Mexico.  He also stated he would not accept any documents in behalf of said defendant

## Affidavit in Support of Motion for Substitute Service for 2015-CI-18453

I certify that I am over the age of 18, of sound mind, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was delivered.  The facts stated in this affidavit are within my personal knowledge and are true and correct.

KAREN LYNN CONTRERAS
Notary Public, State of Texas
My Commission Expires
October 21, 2016

Subscribed and Sworn to before me on the 1st day of February, 2016 by the affiant who is personally known to me.



NOTARY PUBLIC

RICARDO CONTRERAS  SCH 1745  Expires 1-31-18
Process Server

Our Job Serial Number: BBW-2015007050

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5m

Case Number: 2015CI18453                Document Type: ENTIRE FILE CERTIFIED

FILED
2/3/2016 2:36:21 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Lisa Morales

CAUSE NO. 2015CI18453

| | | |
|---|---|---|
| TYLER KIRSCHBAUM | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| VS. | § | 288th JUDICIAL DISTRICT OF BEXAR COUNTY |
| | § | |
| E. MARTINEZ TRANSPORT, LLC and JUAN-MANUAL | § | |
| C. HERNANDEZ | § | |
| Defendant(s) | § | BEXAR COUNTY, TEXAS |

## RETURN OF SERVICE

**Came to hand:** FEBRUARY , 2nd , 2016 at 3:45 PM

Received these papers to be delivered on Juan-Manuel C Hernandez at 14403 Investment Ave, Laredo, Texas 78045. I Ricardo Contreras, being duly sworn, depose and say that on the 2nd day of FEBRUARY, 2016 at 6:40 p.m., executed service by delivering a true copy of the Citation, Original Petition an Request for Disclosure, Order Granting Plaintiff's Motion for Substitute Service of Process on Defendnat Juan-Manual C Hernandez. Motion for Substitute Service of Process on Defendant Juan-Manual C Hernandez  in accordance with state statues in the manner:

SUBSTITUDE SERVICE: By Delivering to E. Martinez Transportation LLC., Edgar Gonzalez, as Operation Manager Authorized to Accept for Registered Agent.

I am over the age of 18, not a party to this case, nor am I related to, employed by, or otherwise connected to any party or any party's attorney in this case; and I have no interest in the outcome of the above numbered suit.  I am of sound mind and have never been convicted of a felony or misdemeanor involving moral turpitude.

Not Executed: _____

Every statement in this Return is true and correct
Sworn to this 3rd  day of February , 2016.

_____
(Signature)Process Server SCH1745  Exp: 01/31/18

*Ricardo Contreras*

## VERIFICATION

| | |
|---|---|
| THE STATE OF TEXAS | § |
| | § |
| COUNTY OF _Webb_ | § |

Before me, a notary public, on this day personally appeared the above named authorized person, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are true and correct. Given under my hand and seal of office on this the _3rd_ day of February , 20 16.

_____
Notary Public

KAREN LYNN CONTRERAS
Notary Public, State of Texas
My Commission Expires
October 21, 2016

Case Number: 2015CI18453                    Document Type: ENTIRE FILE CERTIFIED

STATE OF TEXAS§

COUNTY OF _Bexar_§

     **BEFORE ME**, the undersigned authority, on this day personally appeared **RICARDO CONTRERAS**, who after being duly sworn, upon oath stated that a notice of which the attached is a true and correct copy of _Citation Case No. 2015-CI-18453, Plaintiff's Original Petition with Request for Disclosure, Order Granting Plaintiff's Motion for Substitute Service of Process on Defendant Juan-Manuel C. Hernandez, Motion for SUBSTITUTE service of Process on Defendant Juan-Manuel C. Hernandez_

was **PERSONALLY DELIVERED** at: _14403 Investment Ave. Laredo, Webb County, TX, 78045_

_E_

**TO:** _Juan-Manuel C Hernandez, by Delivering to E. MARTINEZ TRANSPORT LLC Edgar Gonzalez as Operation Manager Authorized to Accept for Registered Agent._

**AT** _6:40_ o'clock _p_ . m. on the _2nd_ day of _February_ , 20 _16_ .

                    _[signature]_
                    Ricardo Contreras #SCH1745
                    Process Server EXP:01/31/18

SWORN TO and SUBSCRIBED before me on the _2nd_ day of _February_ 20 _16_ .
to certify which witness my hand and seal of office.

> **KAREN LYNN CONTRERAS**
> Notary Public, State of Texas
> My Commission Expires
> October 21, 2016

                    _[signature]_
                    NOTARY PUBLIC IN AND FOR
                    THE STATE OF TEXAS

I accept service of the attached documents:

Date: _____

                    _[signature]_
                    Signature

                    _Edgar Gonzalez_
                    Print Name
                    _Operations Manager_

FILED
2/12/2016 10:50:20 AM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Marissa Ugarte

CAUSE NO. 2015CI18453

| | | |
|---|---|---|
| TYLER KIRSCHBAUM | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| v. | § | |
| | § | 288TH JUDICIAL DISTRICT |
| | § | |
| E. MARTINEZ TRANSPORT, LLC AND | § | |
| JUAN-MANUEL C. HERNANDEZ | § | BEXAR COUNTY, TEXAS |

**DEFENDANT'S, E. MARTINEZ TRANSPORT, LLC, MOTION TO COMPEL
PLAINTIFF TO RESPOND TO DEFENDANT'S DISCOVERY REQUESTS**

COMES NOW, Defendant, **E. MARTINEZ TRANSPORT, LLC ("EMT"),** and files this, their Motion to Compel Plaintiff Tyler Kirschbaum to Respond to Defendant's Discovery Requests and would show the court more fully as follows:

**I.
INTRODUCTION**

1.    On or about February 4, 2014, Plaintiff and Defendant Juan-Manuel C. Hernandez were travelling south on Loop 410 in San Antonio, Texas. Plaintiff was in the passing lane and Defendant Hernandez was in the inside lane. According to the police report authored by Willie Hooten of the San Antonio Police Department, at approximately 12:05 a.m., Plaintiff and Defendant Hernandez collided.

2.    Plaintiff Tyler Kirschbaum filed his Original Petition on November 2, 2015, wherein he alleged that EMT is liable based on the theories of respondeat superior and negligence.

3.    On December 4, 2015, Defendant propounded its First Set of Requests for Admissions, First Set of Requests for Admissions, and First Set of Interrogatories to Plaintiff. *See Exhibit A, Defendant's First Set of Requests for Admissions, First Set of Requests for Production, and First Set of Interrogatories.* Plaintiff's discovery responses were due on January

4, 2016. Out of professional courtesy, EMT generously signed a Rule 11 agreement extending Plaintiff's deadline to respond to EMT's discovery requests on January 18, 2016. *See Exhibit B, Rule 11 Agreement.*

4. On January 25, 2016, Plaintiff served his objections/answers/responses to EMT's discovery requests. *See Exhibit C, Plaintiff's Discovery Responses.* However, Plaintiff merely lodged generic objections to nearly every single discovery request, including the most basic requests.

5. In response to several Requests for Admissions, Plaintiff merely provided an objection with no response. Namely, Plaintiff provided the following objection:

> Plaintiff object because Plaintiff can neither admit nor deny this Request for Admission because, after making a reasonable inquiry, the information known or easily obtainable is insufficient to enable the Plaintiff to admit or deny.

Plaintiff lodged this objection to Requests that targeted Plaintiff's personal knowledge. Although this objection may have merit in response to certain requests, Plaintiff used this objection to avoid answering simple requests, such as whether Plaintiff was familiar with the location of the incident in question, whether Plaintiff had a preexisting medical condition prior to the incident in question, whether Plaintiff is still undergoing medical treatment for his alleged injuries, and whether Plaintiff is scheduled to undergo surgery for his alleged injuries. Certainly Plaintiff is able to admit or deny such questions based on his personal knowledge, but he simply refused to do so.

6. In response to practically every Request for Production, Plaintiff either provided a generic objection with no response or provided a generic objection coupled with the assertion that the Request was duplicative of Requests for Disclosures. Specifically, Plaintiff provided a generic objection to Requests for Production Nos. 1-21, 23-28, 32-36, and 38, and simply referred to his responses to Requests for Disclosures in response to Requests for Production Nos.

1-5, 14-17, 26, and 28. Additionally, Plaintiff failed to respond to Request for Production No. 22 entirely. Further, Plaintiff provided no responsive documents whatsoever.

7.    On January 26, 2016, counsel for Defendant sent a letter to Plaintiff's counsel informing them that Plaintiff's responses to Defendant's First Set of Requests for Admissions, First Set of Requests for Production, and First Set of Interrogatories were grossly deficient. *See Exhibit D, Letter to Plaintiff's Counsel.* To date, Plaintiff has not responded to this letter.

8.    Plaintiff's responses to Defendant's discovery requests provided so little information, it essentially equates to providing no information at all. Plaintiff's has failed to comply with the Texas Rules of Civil Procedure and the spirit of discovery.

**III.**
**ARGUMENT & AUTHORITIES**

9.    The purpose of discovery is to seek the truth, so disputes may be decided by what facts are revealed, not by what facts are concealed. *Axelson, Inc. v. McIlhany*, 798 S.W.2d 550, 555 (Tex. 1990). Discovery may be obtained about any matter relevant to the subject matter of the case. Tex. R. Civ. P. 192.3(a). Information is discoverable as long as it appears "reasonably calculated to lead to the discovery of admissible evidence." *Id.*

10.    Defendants' discovery requests are reasonably calculated to lead to the discovery of admissible evidence. Specifically, they seek the facts and circumstances of the incident, as well as the events leading up to the incident. Furthermore, the requests seek basic information about the Plaintiff's personal knowledge, identity and history. This information is necessary because it will certainly have an effect on either liability or damages.

11.    A court may compel a party to respond to a discovery request. Tex. R. Civ. P. 215.1(b) and 215.4. Plaintiff's responses to Defendant's discovery requests were deficient and in contradiction to the spirit of discovery as required by Texas Rule of Civil Procedure 193.1.

## IV.
## EXPENSES OF MOTION

12.     Defendant has incurred expenses in preparing and filing this motion to obtain relief. Under Texas Rule of Civil Procedure 215.1(d), Defendant is entitled to reasonable expenses incurred in obtaining the order, including attorney fees.

## V.
## PRAYER

13.     **WHEREFORE PREMISES CONSIDERED**, Defendants, **E. MARTINEZ TRANSPORT, LLC,** requests that the Court enter an order granting its Motion to Compel Plaintiff, Tyler Kirschbaum and order that Plaintiff remove the objections lodged against all of Defendant's discovery requests, respond to the Defendant's discovery requests with substantive information, and produce documents all documents responsive to the requests, and for such further relief to which it may prove itself to be justly entitled.

Respectfully submitted,

**ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.**


By:  ___*/s/ Esteban Delgadillo*_____
        James H. Hunter, Jr.
        State Bar No. 00784311
        Esteban Delgadillo
        State Bar No. 24087406
        55 Cove Circle
        Brownsville, Texas 78521
        (956) 542-4377 (Telephone)
        (956) 542-4370 (Facsimile)
        E-Mail: jim.hunter@roystonlaw.com
        E-Mail: esteban.delgadillo@roystonlaw.com
        **ATTORNEYS FOR DEFENDANT,**
        **E. MARTINEZ TRANSPORT, LLC**

## CERTIFICATE OF CONFERENCE

**I HEREBY CERTIFY** that by correspondence to Plaintiff's counsel on January 26, 2016, counsel for Defendant made a reasonable effort to resolve the dispute without the necessity of court intervention, and the effort failed.

/s/ Esteban Delgadillo
**Esteban Delgadillo**

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY**, that a true and correct copy of the above and foregoing document was filed electronically and forwarded *via the CM/ECF Filing System, facsimile, Regular U.S. Mail, certified mail, return receipt requested and/or E-Mail* to all known counsel of record on this **12th** day of February 2016, as follows:

Reggie Blakeley
LAW OFFICES OF THOMAS J. HENRY
521 Starr Street
Corpus Christi, Texas 78401

*/s/ Esteban Delgadillo*
**Of Royston, Rayzor, Vickery & Williams, L.L.P.**

CAUSE NO. 2015CI18453

| | | |
|---|---|---|
| TYLER KIRSCHBAUM | § | IN THE DISTRICT COURT OF BEXAR COUNTY |
| | § | |
| | § | |
| v. | § | |
| | § | 288TH JUDICIAL DISTRICT |
| | § | |
| E. MARTINEZ TRANSPORT, LLC AND | § | |
| JUAN-MANUEL C. HERNANDEZ | § | BEXAR COUNTY, TEXAS |

## DEFENDANTS', E. MARTINEZ TRANSPORT, LLC,
## FIRST SET OF REQUESTS FOR ADMISSIONS TO PLAINTIFF

To:   Plaintiff, Tyler Kirschbaum, by and through his attorney of record,

Thomas J. Henry
Reggie Blakeley
LAW OFFICES OF THOMAS J. HENRY
521 Starr Street
Corpus Christi, Texas 78401

COME NOW, Defendant, **E. MARTINEZ TRANSPORT, LLC,** and pursuant to the Texas Rules of Civil Procedure, requests the above-named Plaintiff respond to all of the following Requests for Admissions. Defendant further notifies the above-named Plaintiff that the responses to these Requests for Admissions shall be delivered to Defendant's attorneys of record, Royston, Rayzor, Vickery & Williams, L.L.P., on the first business day after the expiration of thirty (30) days from the date of service of these Requests for Admissions, in accordance with the Texas Rules of Civil Procedure.

## DEFINITIONS

As used in this request, the following terms shall have the meaning described below, unless the context clearly indicates otherwise:

A.      The terms *"you," "your,"* or *"yours"* shall mean and refer to Plaintiff, Tyler Kirschbaum, and any person authorized to act or purporting to act on behalf of Tyler Kirschbaum.

B.      The term "*Plaintiff*" shall mean and refer to Plaintiff, Tyler Kirschbaum.

C.      The term "*Defendant*" or "*EMT*" shall mean and refer to Defendant La Martinez Transport, LLC.

D.      As used herein, the terms "*identify*" and "*identity*" shall mean:

(1)     When used in reference to a natural person, the full name, present (or last known) address, telephone numbers, occupation and business affiliation of that person; and

(2)     When used in reference to a document, as defined hereinafter, the nature of the document (such as, for example, letter, memorandum, notes, etc.) the date (or approximate date) upon which the document was prepared, the general subject matter of the document, the identity of each person who wrote, signed, dictated, or otherwise participated in the preparation of the document.

E.      The terms "*document*" or "*documents*" are used in their broadest sense and include all tangible items of any nature, both original and copies (whether or not identical), and all attachments and appendices thereof and all drafts thereof including, but not limited to, agreements, contracts, communications, correspondence, e-mails, text messages, letters, e-mails, text messages, telefaxes, memorandums, records, reports, books, summaries or other records of personal conversations, minutes, summaries or other records of meetings and conferences, summaries of other records of negotiations, diaries, diary items, calendars, appointment books, time records, visitor records, forecasts, statistical data, statistical statements, financial statements, work sheets, work papers, drafts, graphs, maps, charts, tables, accounts, analytical records, consultant reports, appraisals, brochures, pamphlets, circulars, trade letters, press releases, notes, marginal notations, telephone bills or records, bills, statements, records of obligation and expenditure, invoices, lists, journals, advertising, recommendations, files, print-outs, compilations, tabulations, purchase orders, receipts, orders, confirmations, meetings, checks, canceled checks, letters of credit, envelopes, folders or similar containers, vouchers, analyses, surveys, transcripts of hearings, transcripts of testimony, expense reports, microfilm, microfiche, articles, speeches, tape or disk recordings, voice recordings, videotapes, DVD's, CD's, video records, film, photographs, punch cards, programs, and

data computations from which can be obtained or translated into usable form (including matter used in data processing) and any other writing of whatsoever description including, but not limited to, any information contained in any computer, although not yet printed out within the possession, custody or control of the Plaintiff, her agents, representatives, or attorneys. If any document requested to be identified was not or is no longer in your possession or control or is no longer in existence, state whether it is:

      (1)    Missing or lost;

      (2)    Destroyed;

      (3)    Transferred voluntarily or involuntarily to others, and, if so, to whom; or

      (4)    Otherwise disposed of, in each instance explain the circumstances surrounding an authorization of such disposition thereof, state the approximate date thereof and describe its contents.

      F.    *"Control"* means the actual control you have over the documents or the constructive control by which you know of the existence and location of said items requested and have a superior right to compel the production of said documents from a third-party or person that has possession, custody, or control of said documents; including but not limited to any agency, authority, or representative who may have possession, custody, or control of said documents.

      G.    *"Concerning"* shall  mean in whole or in part and directly or indirectly referring to, relating to, connected with, commenting on, responding to, showing, describing, analyzing, reflecting or constituting.

      H.    As used herein, *"and"* and *"or"* shall be construed either conjunctively or disjunctively so as to acquire the broadest meaning possible.

      I.    As used herein, *"any"* and *"all"* shall each be construed to mean *"each and every,"* so as to acquire the broadest possible meaning.

J.      As used herein, *"include"* and *"including"* shall be construed to mean "without limitation," so as to acquire the broadest meaning possible.

K.      *"Incident in question,"* refers to the incident that is the basis of your claims against these Defendants, as set forth in your live petition, which you allege to have occurred on February 4, 2014.

L.      All entities or parties named or referred to herein shall be deemed to include their parent companies, subsidiaries, affiliates and any of the directors, officers, employees, agents and representatives thereof, including attorneys and investment bankers.

## INSTRUCTIONS

A.      Unless otherwise specified, these requests for admissions refer to the date and event which is the subject matter of this action.

B.      In answering the requests for admissions, your answers shall specifically admit or deny the matter or set forth in detail the reason that you cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the request for admission and when good faith requires that you qualify the answer or deny only a part of the matte of which an admission is requested, you shall specify so much of it as is true or qualify or deny the remainder. You may not give lack of information or knowledge as a failure to admit or deny unless you state that you have made reasonably inquiry and that the information known or easily obtainable by you is insufficient to enable you to admit or deny. Further, any matter admitted is conclusively established unless the court on motion permits withdraw or amendment of the admission.

C.      In answering the requests for admissions, you are required to furnish all information and items available to you, including information or items in the possession of your attorneys, or their investigators; and all persons acting in your behalf and not merely such information known of your own personal knowledge. If you cannot answer a request for admissions in full after exercising

due diligence to secure the information, so state in your answer and to the extent possible answer stating whatever information or knowledge you have.

D.      These requests for admissions shall be deemed continuing until trial.   If any information sought by said interrogatories is learned or obtained after these interrogatories have been answered or, if answers for any reason should later become incorrect or incomplete, there shall be a continuing duty to the time of trial on the party answering said requests for admissions to formally supplement answers previously submitted.

Respectfully submitted,

**ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.**

By:_____

    James H. Hunter, Jr.
    State Bar No. 00784311
    Esteban Delgadillo
    State Bar No. 24087406
    55 Cove Circle
    Brownsville, Texas 78521
    (956) 542-4377 (Telephone)
    (956) 542-4370 (Facsimile)
    E-Mail: jim.hunter@roystonlaw.com
    E-Mail: esteban.delgadillo@roystonlaw.com
    **ATTORNEYS FOR DEFENDANT,**
    **E. MARTINEZ TRANSPORT, LLC**

## CERTIFICATE OF SERVICE

   I **HEREBY CERTIFY**, that a true and correct copy of the above and foregoing document, was filed electronically and forwarded *via the CM/ECF Filing System, facsimile, Regular U.S. Mail, certified mail, return receipt requested and/or E-Mail* to all known counsel of record on this 4th day of December, 2015, as follows:

Thomas J. Henry
Reggie Blakeley
LAW OFFICES OF THOMAS J. HENRY
521 Starr Street
Corpus Christi, Texas 78401

**Of Royston, Rayzor, Vickery & Williams, L.L.P**

## DEFENDANT'S FIRST SET REQUESTS FOR ADMISSIONS TO
## PLAINTIFF, TYLER KIRSCHBAUM

**REQUEST FOR ADMISSION NO. 1:** Please admit you have never met Defendant or any co-Defendant.

   **RESPONSE:**

**REQUEST FOR ADMISSION NO. 2:** Please admit that you did not ride in an ambulance on day of the incident in question.

   **RESPONSE:**

**REQUEST FOR ADMISSION NO. 3:** Please admit that you were performing a task for your employer when the incident in question occurred.

   **RESPONSE:**

**REQUEST FOR ADMISSION NO. 4:** Please admit that you were not hurt due to the incident in question.

   **RESPONSE:**

**REQUEST FOR ADMISSION NO. 5:** Please admit that you were not in pain immediately after the incident in question.

   **RESPONSE:**

**REQUEST FOR ADMISSION NO. 6:** Please admit that you were in no pain after the incident in question.

   **RESPONSE:**

**REQUEST FOR ADMISSION NO. 7:** Please admit that you were familiar with the location at which the incident in question occurred.

   **RESPONSE:**

**REQUEST FOR ADMISSION NO. 8:** Please admit you exited your vehicle under your own power.

   **RESPONSE:**

**REQUEST FOR ADMISSION NO. 9:** Please admit that you were able to walk after you exited your vehicle under your own power.

   **RESPONSE:**

**REQUEST FOR ADMISSION NO. 10:** Please admit that you are able to walk without the assistance of a cane, walker, or wheelchair.

RESPONSE:

**REQUEST FOR ADMISSION NO. 11:** Please admit that you were traveling at a speed in excess of the posted speed limit at the time of the incident in question.

RESPONSE:

**REQUEST FOR ADMISSION NO. 12:** Please admit that the incident in question would not have occurred if you would been traveling at a speed at or below the posted speed limit.

RESPONSE:

**REQUEST FOR ADMISSION NO. 13:** Please admit that you failed to maintain a proper lookout immediately prior to the incident in question.

RESPONSE:

**REQUEST FOR ADMISSION NO. 14:** Please admit that the incident in question would not have occurred if you would have kept a proper lookout.

RESPONSE:

**REQUEST FOR ADMISSION NO. 15:** Please admit that you were using a cell phone immediately prior to the incident in question.

RESPONSE:

**REQUEST FOR ADMISSION NO. 16:** Please admit that you were using a cell phone at the time of the incident in question.

RESPONSE:

**REQUEST FOR ADMISSION NO. 17:** Please admit that you were using an electronic device immediately prior to the incident in question.

RESPONSE:

**REQUEST FOR ADMISSION NO. 18:** Please admit that you were using an electronic device at the time of the incident in question.

RESPONSE:

**REQUEST FOR ADMISSION NO. 19:** Please admit that you were distracted at the time of the incident in question.

RESPONSE:

**REQUEST FOR ADMISSION NO. 20:** Please admit that you observed that Defendant Juan-Manuel C. Hernandez displayed a turning signal immediately prior to the incident in question.

   **RESPONSE:**

**REQUEST FOR ADMISSION NO. 21:** Please admit that you attempted to pass Defendant Juan-Manuel C. Hernandez while he displayed a turning signal.

   **RESPONSE:**

**REQUEST FOR ADMISSION NO. 22:** Please admit that you observed a vehicle in front of Defendant Juan-Manuel C. Hernandez that prompted Defendant Juan-Manuel C. Hernandez to attempt to switch lanes.

   **RESPONSE:**

**REQUEST FOR ADMISSION NO. 23:** Please admit that you could have avoided the incident in question.

   **RESPONSE:**

**REQUEST FOR ADMISSION NO. 24:** Please admit that you were unemployed at the time of the incident in question.

   **RESPONSE:**

**REQUEST FOR ADMISSION NO. 25:** Please admit you have not sought full-time work since the incident in question.

   **RESPONSE:**

**REQUEST FOR ADMISSION NO. 26:** Please admit that you have returned to work since the incident in question.

   **RESPONSE:**

**REQUEST FOR ADMISSION NO. 27:** Please admit that you have not missed any work because of the incident in question.

   **RESPONSE:**

**REQUEST FOR ADMISSION NO. 28:** Please admit that the incident in question did not cause you to lose any employment or employment opportunities.

   **RESPONSE:**

**REQUEST FOR ADMISSION NO. 29:** Please admit that you had a preexisting medical condition prior to the incident in question.

   **RESPONSE:**

**REQUEST FOR ADMISSION NO. 30:** Please admit that you were referred to some or all of your medical providers by the attorney representing you in this lawsuit.

   **RESPONSE:**

**REQUEST FOR ADMISSION NO. 31:** Please admit that your medical treatments for your alleged injuries were successful.

   **RESPONSE:**

**REQUEST FOR ADMISSION NO. 32:** Please admit that your medical treatments for your alleged injuries were unsuccessful.

   **RESPONSE:**

**REQUEST FOR ADMISSION NO. 33:** 41.  Please admit that you are no longer receiving medical treatment and/or therapies for any alleged injuries.

   **RESPONSE:**

**REQUEST FOR ADMISSION NO. 34:** Please admit that you are not scheduled to undergo surgery.

   **RESPONSE:**

**REQUEST FOR ADMISSION NO. 35:** Please admit that have been involved in a motor vehicle accident prior to the incident in question.

   **RESPONSE:**

**REQUEST FOR ADMISSION NO. 36:** Please admit that have been involved in a motor vehicle accident prior to the incident in question that resulted in a settlement or litigation.

   **RESPONSE:**

CAUSE NO. 2015CI18453

| | | |
|---|---|---|
| TYLER KIRSCHBAUM | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| v. | § | |
| | § | 288TH JUDICIAL DISTRICT |
| | § | |
| E. MARTINEZ TRANSPORT, LLC AND | § | |
| JUAN-MANUEL C. HERNANDEZ | § | BEXAR COUNTY, TEXAS |



## DEFENDANT'S, E. MARTINEZ TRANSPORT, LLC,
## FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF

To:   Plaintiffs, Tyler Kirschbaum, by and through their attorney of record,

Thomas J. Henry
Reggie Blakeley
LAW OFFICES OF THOMAS J. HENRY
521 Starr Street
Corpus Christi, Texas 78401

COMES NOW, Defendant, **E. MARTINEZ TRANSPORT, LLC** and pursuant to the Texas

Rules of Civil Procedure, requests that the above-named Plaintiff respond to all of the Requests for

Production. Defendant further notifies the above-named Plaintiff that the responses to these

Requests for Production shall be delivered to Defendant's attorneys of record, Royston, Rayzor,

Vickery & Williams, L.L.P., on the first business day after the expiration of thirty (30) days from the

date of service of these Requests for Admissions, in accordance with the Texas Rules of Civil

Procedure.

## DEFINITIONS

As used in these requests, the following terms shall have the meaning described below,

unless the context clearly indicates otherwise:

A.   The terms *"you," "your,"* or *"yours"* shall mean and refer to Plaintiff, Tyler

Kirschbaum, and any person authorized to act or purporting to act on behalf of Tyler Kirschbaum.

B.   The term *"Plaintiff"* shall mean and refer to Plaintiff, Tyler Kirschbaum.

C.     The term *"Defendant"* or *"EMT"* shall mean and refer to Defendant E. Martinez Transport, LLC.

D.     As used herein, the terms *"identify"* and *"identity"* shall mean:

     (1)     When used in reference to a natural person, the full name, present (or last known) address, telephone numbers, occupation and business affiliation of that person; and

     (2)     When used in reference to a document, as defined hereinafter, the nature of the document (such as, for example, letter, memorandum, notes, etc.) the date (or approximate date) upon which the document was prepared, the general subject matter of the document, the identity of each person who wrote, signed, dictated, or otherwise participated in the preparation of the document.

E.     The term *"document"* or *"documents"* are used in their broadest sense and include all tangible items of any nature, both original and copies (whether or not identical), and all attachments and appendices thereof and all drafts thereof including, but not limited to, agreements, contracts, communications, correspondence, e-mails, text messages, letters, e-mails, text messages, telefaxes, memorandums, records, reports, books, summaries or other records of personal conversations, minutes, summaries or other records of meetings and conferences, summaries of other records of negotiations, diaries, diary items, calendars, appointment books, time records, visitor records, forecasts, statistical data, statistical statements, financial statements, work sheets, work papers, drafts, graphs, maps, charts, tables, accounts, analytical records, consultant reports, appraisals, brochures, pamphlets, circulars, trade letters, press releases, notes, marginal notations, telephone bills or records, bills, statements, records of obligation and expenditure, invoices, lists, journals, advertising, recommendations, files, print-outs, compilations, tabulations, purchase orders, receipts, orders, confirmations, meetings, checks, canceled checks, letters of credit, envelopes, folders or similar containers, vouchers, analyses, surveys, transcripts of hearings, transcripts of testimony, expense reports, microfilm, microfiche, articles, speeches, tape or disk recordings, voice recordings, videotapes, DVD's, CD's, video records, film, photographs, punch cards, programs, and data computations from which can be obtained or translated into usable form (including matter used in

data processing) and any other writing of whatsoever description including, but not limited to, any information contained in any computer, although not yet printed out within the possession, custody, or control of the Plaintiff, her agents, representatives, or attorneys. If any document requested to be identified was not or is no longer in your possession or control or is no longer in existence, state whether it is:

    (1)    Missing or lost;

    (2)    Destroyed;

    (3)    Transferred voluntarily or involuntarily to others, and, if so, to whom; or

    (4)    Otherwise disposed of, in each instance explain the circumstances surrounding an authorization of such disposition thereof, state the approximate date thereof and describe its contents.

    F.    *"Control"* means the actual control you have over the documents or the constructive control by which you know of the existence and location of said items requested and have a superior right to compel the production of said documents from a third-party or person that has possession, custody, or control of said documents; including but not limited to any agency, authority, or representative who may have possession, custody, or control of said documents.

    G.    *"Concerning"* shall mean in whole or in part and directly or indirectly referring to, relating to, connected with, commenting on, responding to, showing, describing, analyzing, reflecting or constituting.

    H.    As used herein, *"and"* and *"or"* shall be construed either conjunctively or disjunctively so as to acquire the broadest meaning possible.

    I.    As used herein, *"any"* and *"all"* shall each be construed to mean *"each and every,"* so as to acquire the broadest possible meaning.

    J.    As used herein, *"include"* and *"including"* shall be construed to mean "without limitation," so as to acquire the broadest meaning possible.

K.     **"*Incident in question*,"** refers to the incident that is the basis of your claims against these Defendants, as set forth in your live petition, which you allege to have occurred on February 4, 2014.

L.     All entities or parties named or referred to herein shall be deemed to include their parent companies, subsidiaries, affiliates and any of the directors, officers, employees, agents and representatives thereof, including attorneys and investment bankers.

## INSTRUCTIONS

A.     Unless otherwise specified, these requests for production refer to the date and event which is the subject matter of this action.

B.     Documents produced in response hereto shall be organized and designated to correspond to the category in the request or produced as they are kept in the usual course of business.

C.     If privilege or work product protection is claimed as a ground for withholding production of one or more documents, in whole or in part, the response hereto shall identify the date of the document, its subject matter, its length, its attachments, if any, its present custodian and all recipients thereof, whether indicated on the documents or otherwise and shall describe the factual basis for the claim or privileged or work product protection in sufficient details so as to permit the Court to adjudicate the validity of the claim.

D.     In the event that a document called for by these requests has been destroyed, the response hereto shall identify the preparer of the document, its addressor, addressee, each recipient thereof, each person to whom distributed or shown, date prepared, date transmitted (if different), date received, a description of the contents and subject matter, the date of its destruction, the manner of its destruction, the name, title, and address of the person destroying the document and a description of efforts to locate the document and copy it.

E.     The request for production shall be deemed to be continuing so as to require supplemental responses in accordance with the Texas Rules of Civil Procedure if additional

documents specified are obtained or discovered between the time of responding to this request and the final disposition of this action.

F.     Each paragraph herein shall be construed independently and not with reference to any other paragraph for the purpose of limitation.

G.     Documents produced pursuant hereto shall, unless otherwise indicated herein, relate to the period from 2015 to the present.

Respectfully submitted,

**ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.**

By:_____
     James H. Hunter, Jr.
     State Bar No. 00784311
     Esteban Delgadillo
     State Bar No. 24087406
     55 Cove Circle
     Brownsville, Texas 78521
     (956) 542-4377 (Telephone)
     (956) 542-4370 (Facsimile)
     E-Mail: jim.hunter@roystonlaw.com
     E-Mail: esteban.delgadillo@roystonlaw.com
     **ATTORNEYS FOR DEFENDANT,**
     **E. MARTINEZ TRANSPORT, LLC**

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY**, that a true and correct copy of the above and foregoing document was filed electronically and forwarded *via the CM/ECF Filing System, facsimile, Regular U.S. Mail, certified mail, return receipt requested and/or E-Mail* to all known counsel of record on this ___ day of December, 2015, as follows:

Thomas J. Henry
Reggie Blakeley
LAW OFFICES OF THOMAS J. HENRY
521 Starr Street
Corpus Christi, Texas 78401

**Of Royston, Rayzor, Vickery & Williams, L.L.P**

**DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION TO
PLAINTIFF, TYLER KIRSCHBAUM**

**REQUEST FOR PRODUCTION NO. 1:** Please produce any and all medical documents related to your past, present or future physical condition, treatment, care and/or hospitalization, whether relating to the incident in question or any other injuries.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:** Please produce documents that substantiate any claims that you have missed work due to the incident in question.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:** Please produce any and all photographs, drawings, or other documents representing or explaining your alleged injuries as a result of the incident in question.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:** Please produce any and all photographs, drawings, maps, sketches, computer generated models, or other documents representing the vehicles, parties, witnesses, scene or the cause of the incident in question.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:** Please produce and all documents relating to any law enforcement departments' or any other governmental entities' investigation of the incident in question, including but not limited to a police report, business cards, investigative notes or citations issued.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:** Please produce and all documents reflecting your social security earnings information and a completed and executed *Request for Social Security Earnings Information,* attached hereto. (Please note the form must be returned with an <u>original</u> signature).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:** Please produce and all documents reflecting your employment records, including applications for employment, benefits or pay received, personnel files, payroll records, pre-employment records, physicals, accident reports and work evaluations from present and past employers and an executed and notarized original of the *Authorization for Release of Employment Records,* attached hereto. (Please note the form must be returned with an <u>original</u> signature).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:** Please produce an executed and authorized originals of the *Medical Authorization(s)* attached hereto. (Please note the form must be returned with an original signature).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:** Please produce copies of your income tax return as filed with the IRS for the years 2005 through the present or alternatively completed and executed originals of the Internal Revenue Service Form 4506, of *"Request for Copy of Tax Forms"*, attached hereto. (Please note the form must be returned with an original signature).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:** Please produce all of your earning records from the years 2005 through the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:** Please produce a copy of your driver's license, social security card, crossing cards, work permits, alien resident cards, identification cards and/or any licenses or permits for the period of 2005 to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:** Please provide a copy of your health insurance card, and/or proof that you have health insurance (if you do not have private insurance, produce proof that you have Medicaid/Medicare coverage).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:** Please produce and all documents, including treatises, books, statutes, manuals, codes and reference materials relied upon or used by any testifying expert in making factual findings or formulating his or her opinions.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:** Please produce and all documents reflecting your expenses and billing for medical treatment relating any injury you allegedly suffered due to the incident in question.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:** Please produce copies of any and all statements previously made by Defendant or statements that you content are attributable to Defendant by and through any of its employees, agents, and/or representatives concerning the incident in question.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:** Please produce all invoices, bills and other written charges documenting your alleged losses, including medical services and treatment in hospitals by doctors or other medical providers whatsoever related to the incident in question.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:** Please produce all documents that support your claims for damages and/or reflecting your injuries.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:** Please produce completed and executed copies of the Internal Revenue Service Form 8821, *Tax Information Authorization* attached hereto. (Please note that the forms must have Plaintiff's <u>original</u> signature.)

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19:** Please produce completed and executed copies of the *Authorization for Release of Records of the Texas Department of Public Safety* attached hereto. (Please note that the forms must have Plaintiff's <u>original</u> signature.)

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20:** Please produce completed and executed copies of the Texas Department of Public Safety's *Application for Copy of Driver Record*, attached hereto. (Please note that the forms provided must bear Plaintiff's original signature.)

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21:** Please produce any and all documents relating to any degrees, certifications, titles, post-high school graduate courses, training, and college or vocational degrees received and/or used for obtaining employment.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22:** Please produce any and all documents relating to your past and future loss of earning capacity claim, if any, including but not limited to applications for employment obtained or submitted subsequent to the incident in question, efforts to seek employment, and any offers of employment from prospective employers since the incident in question, and college or graduate school acceptance.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23:** Please produce any and all personnel files from any employers you have worked with before and since the incident in question, including but not limited to timesheets, punch cards, accident investigations or reports, notices of injuries or of no injury, pay rates, schedules, manuals, brochures, handbooks, earnings, sick leave, benefits, insurance, check stubs, applications for employment, letters of recommendation, etc.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24:** Please produce any and all edited videotaped depositions you intend to play before the jury in this case.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25:** Please produce any and all documents evidencing any governmental, medical, hospital, workers' compensation or subrogation liens, of any kind, in this case.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26:** Please produce any and all documents evidencing any proof that the injuries sustained by you due to the incident in question that has caused you to miss educational courses/classes, caused you to drop out of an educational program, caused you to have lower grades, and/or caused you to fail an educational course/class.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27:** Please produce all telephone records and other documents reflecting the use of any mobile device that you regularly use, including those of your family members and those of your employer, for the period between the day before the incident in question and the day after the incident in question.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28:** Please produce all documents regarding any medicine prescribed to you by any medical doctor, including eyeglasses and/or contacts prescriptions, at the time of the incident in question, and within the five-year period before the incident in question.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29:** Please produce any surveillance movies, photographs, or videotapes in which employees, agents, and/or representatives of Defendant appear.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 30:** Please produce all reports and diagrams of any expert you intend to call at trial regarding this matter.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 31:** Please produce the complete file for this matter of all experts whose opinions or work product has been reviewed by any expert you intend to call at trial.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 32:** Please produce any and all documents and tangible things whose production has not been requested pursuant to any other item of this request that you intend to offer into evidence at the trial of this case.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 33:** If you have been involved in any other claims or lawsuits within the last five years against any person or entity to recover damages or compensation as a result of personal injuries, please produce documents that relate to the claims or lawsuits which reflect the date and nature of the accident, where the claim or lawsuit was made, the names of the parties involved, whether you were injured, whether you filed suit or suit was filed against you, and the outcome of the suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 34:** Please produce documents reflecting any and all sums of money you have received from anyone, for any reason, as a result of the alleged damage or damages stemming from the incident in question, including any payments for compensation benefits, unemployment, loans or advances, and produce any and all agreements pertaining to the sums of money that you have received in connection with this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 35:** Please produce a copy of any tickets, citations, informations, and/or indictments that were issued, directed to you, and or filed against you in which you are a named Defendant as a result of any law enforcement agency investigation of the incident in question.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 36:** Please produce a copy of any settlement demand packets, letters of representation, and other correspondence you have sent to any adjuster that pertain to the incident in question.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 37:** Please produce a copy of all pleadings you have filed in this lawsuit that have not been served to this defendant.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 38:** Please produce documents sufficient to identify where you have resided in the past five years through present.

**RESPONSE:**

# REQUEST FOR SOCIAL SECURITY EARNINGS INFORMATION

**1.** Provide your name as it appears on your most recent Social Security card or the name of the individual whose earnings you are requesting.

First Name: [ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ] Middle Initial:

Last Name: [ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ]

Social Security Number (SSN) [ ][ ][ ] - [ ][ ] - [ ][ ][ ][ ]   One SSN per request

Date of Death: [ ][ ] / [ ][ ] / [ ][ ][ ][ ]   Date of Birth: [ ][ ] / [ ][ ] / [ ][ ][ ][ ]

Other Name(s) Used
(Include Maiden Name)

**2.** What kind of earnings information do you need? (Choose **ONE** of the following types of earnings or SSA must return this request.)

[ ] **Itemized Statement of Earnings $102**

(Includes the names and addresses of employers)

If you check this box, tell us why you need this information below.

Year(s) Requested: [ ][ ][ ][ ] to [ ][ ][ ][ ]

Year(s) Requested: [ ][ ][ ][ ] to [ ][ ][ ][ ]

[ ] Check this box if you want the earnings information **CERTIFIED** for an additional $32.00 fee.

[ ] **Certified Yearly Totals of Earnings $32**

(Does not include the names and addresses of employers)
Yearly earnings totals are FREE to the public if you do not require certification. To obtain FREE yearly totals of earnings, visit our website at www.ssa.gov/myaccount.

Year(s) Requested: [ ][ ][ ][ ] to [ ][ ][ ][ ]

Year(s) Requested: [ ][ ][ ][ ] to [ ][ ][ ][ ]

**3.** If you would like this information **sent to someone else**, please fill in the information below.

I authorize the Social Security Administration to release the earnings information to:

Name

Address | State

City | ZIP Code

**4.** I am the individual to whom the record pertains (or a person authorized to sign on behalf of that individual). I understand that any false representation to knowingly and willfully obtain information from Social Security records is punishable by a fine of not more than $5,000 or one year in prison.

**Signature of individual or legal guardian**

SSA must receive this form within 60 days from the date signed

Date: [ ][ ] / [ ][ ] / [ ][ ][ ][ ]

Relationship (if applicable, you must attach proof) | Daytime Phone:

Address | State

City | ZIP Code

Witnesses must sign this form ONLY if the above signature is by marked (X). If signed by mark (X), two witnesses to the signing who know the signee must sign below and provide their full addresses. Please print the signee's name next to the mark (X) on the signature line above.

| 1. Signature of Witness | 2. Signature of Witness |
|---|---|
| Address (Number and Street, City, State and ZIP Code) | Address (Number and Street, City, State and ZIP Code) |

Form SSA-7050-F4 (01-2014) EF (01-2014)   Page 2

CAUSE NO. 2015CI18453

| | | |
|---|---|---|
| TYLER KIRSCHBAUM | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| v. | § | |
| | § | 288TH JUDICIAL DISTRICT |
| | § | |
| E. MARTINEZ TRANSPORT, LLC AND | § | |
| JUAN-MANUEL C. HERNÁNDEZ | § | BEXAR COUNTY, TEXAS |

## AUTHORIZATION FOR RELEASE OF EMPLOYMENT RECORDS

**TO WHOM IT MAY CONCERN:**

I, **TYLER KIRSCHBAUM** hereby authorize any employer, corporation, company or any others to furnish the law firm of **ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.** or any representative thereof, any and all employment records, personnel files, payroll records, pre-employment physicals, accident reports, work evaluations, and any other information, of every kind and description, which they may request relative to my past, present or future physical condition, treatment, care, employment and hospitalization and to allow them to procure or copy said medical or employment information which you may have.

_____

**TYLER KIRSCHBAUM**

DATE:_____

D.O.B.:_____

S.S.#:_____

SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned authority, on this the _____ day of _____, 2015.

_____
Notary Public, State of Texas
My Commission Expires: _____

## HIPAA Authorization for Release of Health-Related Information
### (This authorization complies with the HIPAA Privacy Rule)

I hereby authorize the use or disclosure of my identifiable health information/protected health information described below ("Health Information"). I understand that this Authorization is voluntary and that I may revoke it at any time by submitting my revocation in writing to the entity or person authorized to provide or receive the information identified below.

The specific description of Health Information that is the subject of this Authorization is as follows:

Entire medical record file, patient information sheets and questionnaires, patient consent forms, physician referral forms, office notes, progress notes, diagnosis, prognosis, opinions, narratives, prescriptions, radiology reports, diagnostic imaging reports, lab reports, pathology reports, operative reports, consultations, clinic records, hospital records, emergency room records, physical therapy records, skilled nurses' notes, photographs, video tapes, records from any other doctors, insurance records, litigation files, correspondence, telephone messages, doctors' liens, letters of protection, archived and stored documents, electronic data record- keeping, computer databases, back-up files, deleted e-mail and voice mail messages.  The Authorization does not permit disclosure of health information via oral communication between the bearer of the Authorization and the healthcare provider.

### Drug and/or Alcohol Abuse, and/or Psychiatric, and/or HIV/AIDS Records Release

I authorize the release of my medical or billing records containing information in reference to Drug and/or Alcohol Abuse and Treatment. Initial One: Yes _____  No _____  Not Applicable _____

I authorize the release of my medical or billing records containing information in reference to Mental Health or Psychiatric treatment. Initial One: Yes _____  No _____  Not Applicable _____

I authorize the release of my medical or billing records containing information of a sensitive or personal nature. Initial One: Yes **X** .  No _____  Not Applicable _____

I authorize the release of my medical or billing records containing information in reference to HIV/AIDS (Acquired Immunodeficiency Syndrome) testing and/or treatment.
Initial One:  Yes _____  No _____  Not Applicable _____

**Persons/Organizations Authorized to Provide Health Information.  I authorize the disclosure of the Health Information described above by the following person(s) or organizations (s):**

**Persons/Organizations to Receive the Health Information.  I authorize the disclosure and use of the Health Information described above to the following person(s) or organization(s):**

Royston, Rayzor, Vickery & Williams, L.L.P.
55 Cove Circle
Brownsville, Texas 78521

<u>Purpose of Disclosure/Use.</u> **The following is a specific description of the purpose of the disclosure and use of the Health Information:**

**Any and all lawful uses relating to lawsuit and/or claim:** *Cause No. 2015CI18453, Tyler Kirschbaum v. E. Martinez Transport, LLC and Juan-Manuel C. Hernandez. Pending in the 288th District Court of Bexar County, Texas.*

**Will the entity requesting the authorization receive financial or in-kind compensation in exchange for using or disclosing the Health Information described above?  __X__ No ___ Yes, in accordance with State and Federal guidelines.**

**This Authorization will expire on the following date or the occurrence of the following event: 180 days from the date of my signature below or at the final conclusion of the lawsuit, whichever may come later.**

<u>Rights Concerning this Authorization</u>

**By my signature below, I certify that I have read and I understand the following rights:**

(1) **I may revoke this Authorization at any time prior to its expiration date by notifying the person or organization providing the Health Information or the person or organization authorized to receive the Health Information, but the revocation will not have any effect on any actions the person or organization took in reliance on the authorization before it received my revocation.**

(2) **I may see and receive a copy of this Authorization form if I ask for it.**

(3) **I am not required to sign this form in order to be eligible for benefits, in order to receive payments, or in order to receive benefits from the Covered Entity.**

(4) **The Health Information that is used or disclosed under this Authorization may be re-disclosed by the person or entity receiving the Health Information, and may no longer be protected by federal regulations governing privacy and confidentiality of health information.**

**It is intended that a photographic reproduction of this Release given to the party releasing the medical information shall be sufficient authorization for the Release.**

**TYLER KIRSCHBAUM**

_____        _____
**Signature\*\***                                    **Date**
**Printed Name:** _____
**Address:** _____
_____        _____
_____        **Date of Birth**

_____
**Social Security No.**

\*\*If you are signing as a personal representative of another person, you must provide a description of your authority to act for the other person (for example, a power of attorney), and a copy of the document that authorizes you to act as the personal representative, if any.

**WARNING: YOU MAY REFUSE TO SIGN THIS AUTHORIZATION**

**This form may not be used to release information for treatment, payment or healthcare operations, except when the information to be released is psychotherapy notes or is certain research information.**

Form **4506**
(Rev. January 2004)

Department of the Treasury
Internal Revenue Service

## Request for Copy of Tax Return

▶ Do not sign this form unless all applicable parts have been completed.
Read the instructions on page 2.
▶ Request may be rejected if the form is incomplete, illegible, or any required part was blank at the time of signature.

OMB No. 1545-0429

**TIP:** You may be able to get your tax return information from other sources. If you had your tax return completed by a paid preparer, they should be able to provide you a copy of the return. The IRS can provide a Tax Return Transcript for many returns free of charge. The transcript provides most of the line entries from the tax return and usually contains the information that a third party (such as a mortgage company) requires. See new Form 4506-T, Request for Transcript of Tax Return, to order a transcript or you can call 1-800-829-1040 to order a transcript.

| 1a Name shown on tax return. If a joint return, enter the name shown first. | 1b First social security number on tax return or employer identification number (see instructions) |
|---|---|

| 2a If a joint return, enter spouse's name shown on tax return | 2b Second social security number if joint tax return |
|---|---|

3 Current name, address (including apt., room, or suite no.), city, state, and ZIP code

4 Address, (including apt., room, or suite no.), city, state, and ZIP code shown on the last return filed if different from line 3

5 If the tax return is to be mailed to a third party (such as a mortgage company), enter the third party's name, address, and telephone number. The IRS has no control over what the third party does with the tax return.

> ROYSTON, RAYZOR, VICKERY & WILLIAMS
> P.O. BOX 3509
> BROWNSVILLE, TEXAS  78523-3509

**CAUTION:** Lines 6 and 7 must be completed if the third party requires you to complete Form 4506. Do not sign Form 4506 if the third party requests that you sign Form 4506 and lines 6 and 7 are blank.

6 Tax return requested (Form 1040, 1120, 941, etc.) and all attachments as originally submitted to the IRS, including Form(s) W-2, schedules, or amended returns. Copies of Forms 1040, 1040A, and 1040EZ are generally available for 7 years from filing before they are destroyed by law. Other returns may be available for a longer period of time. Enter only one return number. If you need more than one type of return, you must complete another Form 4506. ▶ **1040 AND ALL ATTACHMENTS**

Note: *If the copies must be certified for court or administrative proceedings, check here.* ☒

7 Year or period requested. Enter the ending date of the year or period, using the mm/dd/yyyy format. If you are requesting more than four years or periods, you must attach another Form 4506.

|   /   /   |   /   /   |   /   /   |   /   /   |
|---|---|---|---|

8 Fee. There is a $39 fee for each return requested. Full payment must be included with your request or it will be rejected. Make your check or money order payable to "United States Treasury." Enter your SSN or EIN and "Form 4506 request" on your check or money order.

| a Cost for each return | | $  39.00 |
|---|---|---|
| b Number of returns requested on line 7 | | $ |
| c Total cost. Multiply line 8a by line 8b | | $ |

9 If we cannot find the tax return, we will refund the fee. If the refund should go to the third party listed on line 5, check here ☒

**Signature of taxpayer(s).** I declare that I am either the taxpayer whose name is shown on line 1a or 2a, or a person authorized to obtain the tax return requested. If the request applies to a joint return, either husband or wife must sign. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, trustee, or party other than the taxpayer, I certify that I have the authority to execute Form 4506 on behalf of the taxpayer.

Telephone number of taxpayer on line 1a or 2a
( )

**Sign Here**

▶ _____  Signature (see instructions)   Date _____

Title (if line 1a above is a corporation, partnership, estate, or trust)

_____  Spouse's signature   Date _____

For Privacy Act and Paperwork Reduction Act Notice, see page 2.   Cat. No. 41721E   Form **4506** (Rev. 1-2004)

Form **8821**
(Rev. April 2004)
Department of the Treasury
Internal Revenue Service

## Tax Information Authorization

▶ Do not use this form to request a copy or transcript of your tax return.
Instead, use Form 4506 or Form 4506-T.

OMB No. 1545-1165
For IRS Use Only
Received by:
Name
Telephone
Function
Date

**1   Taxpayer information.** Taxpayer(s) must sign and date this form on line 7.

Taxpayer name(s) and address (type or print)

| Social security number(s) | Employer identification number |
|---|---|
| | |
| Daytime telephone number | Plan number (if applicable) |
| ( ) | |

**2   Appointee.** If you wish to name more than one appointee, attach a list to this form.

Name and address

CAF No. _____
Telephone No. _____
Fax No. _____
Check if new: Address ☐   Telephone No. ☐   Fax No. ☐

**3   Tax matters.** The appointee is authorized to inspect and/or receive confidential tax information in any office of the IRS for the tax matters listed on this line. Do not use Form 8821 to request copies of tax returns.

| (a) Type of Tax (Income, Employment, Excise, etc.) or Civil Penalty | (b) Tax Form Number (1040, 941, 720, etc.) | (c) Year(s) or Period(s) (see the instructions for line 3) | (d) Specific Tax Matters (see instr.) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

**4   Specific use not recorded on Centralized Authorization File (CAF).** If the tax information authorization is for a specific use not recorded on CAF, check this box. See the instructions on page 3. If you check this box, skip lines 5 and 6  ▶ ☐

**5   Disclosure of tax information** (you must check a box on line 5a or 5b unless the box on line 4 is checked):

a If you want copies of tax information, notices, and other written communications sent to the appointee on an ongoing basis, check this box  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  ▶ ☐

b If you do not want any copies of notices or communications sent to your appointee, check this box  .  .  .  ▶ ☐

**6   Retention/revocation of tax information authorizations.** This tax information authorization automatically revokes all prior authorizations for the same tax matters you listed on line 3 above unless you checked the box on line 4. If you do not want to revoke a prior tax information authorization, you **must** attach a copy of any authorizations you want to remain in effect **and** check this box  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  ▶ ☐

To revoke this tax information authorization, see the instructions on page 3.

**7   Signature of taxpayer(s).** If a tax matter applies to a joint return, either husband or wife must sign. If signed by a corporate officer, partner, guardian, executor, receiver, administrator, trustee, or party other than the taxpayer, I certify that I have the authority to execute this form with respect to the tax matters/periods on line 3 above.

▶ **IF NOT SIGNED AND DATED, THIS TAX INFORMATION AUTHORIZATION WILL BE RETURNED.**

| Signature | Date | Signature | Date |
|---|---|---|---|
| | | | |
| Print Name | Title (if applicable) | Print Name | Title (if applicable) |
| ☐☐☐☐ PIN number for electronic signature | | ☐☐☐☐ PIN number for electronic signature | |

For Privacy Act and Paperwork Reduction Act Notice, see page 3.

Form **8821** (Rev. 4-2004)

CAUSE NO. 2015CI18453

| | | |
|---|---|---|
| TYLER KIRSCHBAUM | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| v. | § | |
| | § | 288TH JUDICIAL DISTRICT |
| | § | |
| E. MARTINEZ TRANSPORT, LLC AND | § | |
| JUAN-MANUEL C. HERNANDEZ | § | BEXAR COUNTY, TEXAS |

## AUTHORIZATION FOR RELEASE OF RECORDS
## OF THE TEXAS DEPARTMENT OF PUBLIC SAFETY

**TEXAS DEPARTMENT OF PUBLIC SAFETY:**

I hereby authorize the Texas Department of Public Safety, P. O. Box 15999, Austin, Texas 78761-5999 to furnish the law firm of **ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.,** or any representative thereof, any and all records, including accident reports and driving record, and any other information, of every kind and description, which they may request relative to my driving history and to allow them to procure or copy said records which you may have.

_____

**TYLER KIRSCHBAUM**

Date:_____

D.O.B.:_____

S.S.#:_____

**SUBSCRIBED AND SWORN TO BEFORE ME,** the undersigned authority, on this the ____ day of _____, 2015, to certify which, witness my hand and seal of office.

_____
Notary Public, State of Texas
My Commission Expires:_____

DR-1 (Rev. 9/09)

# TEXAS DPS
## APPLICATION FOR COPY OF DRIVER RECORD

**MAIL TO: Driver Records Bureau, Texas Department of Public Safety, Box 149246, Austin, TX 78714-9246**

| Make CASHIER'S CHECK or MONEY ORDER Payable To:<br>TEXAS DEPARTMENT OF PUBLIC SAFETY | Any questions regarding the information on this form should be directed to:<br>Customer Service at 512-424-2600. Allow 2-3 weeks for delivery. |
|---|---|

### Check Type of Record Desired
FEE

| | | 1. | Name - DOB - License Status - Latest Address. | $ 4.00 |
| | | 2. | Name - DOB - License Status - List of Accidents/Moving Violations in Record within Immediate Past 3 Year Period. | $ 6.00 |
| | | 2A. | CERTIFIED version of #2. This Record is Not Acceptable for DDC Course. | $ 10.00 |
| | | 3. | Name - DOB - License Status - List of ALL Accidents and Violations in Record. **Furnished to Licensee ONLY.** | $ 7.00 |
| | | 3A. | Certified version of #3. **Furnished to Licensee ONLY and is Acceptable for DDC Course.** | $ 10.00 |
| | | Other: (Original Application, DWLS, etc.) | | $ .00 (If Required) |

### Mail Driver Record To:   (Please Print or Type)

Requestor's Last Name               Requestor's First Name

Street Address               Texas Driver License Number

City               State       Zip Code       Daytime Telephone Number (include area code)

If requesting on behalf of a business, organization, or other entity, please include the following:

Name of business, organization, entity, etc.

Your Title or Affiliation with above

Type of business, organization, etc. (i.e., insurance provider, towing company, private investigation, firm, etc.)

### Information Requested On:

Texas Driver License Number               Date of Birth ( MM / DD / YYYY )               Suffix (SR., JR., etc.)

Last Name

First Name

Middle Name/Maiden Name

### Individual's Written Consent For ONE TIME Release to Above Requestor

(Requestor, if you do not meet one of the exceptions listed on the back of this form, please be advised that without the written consent of the driver license/ID card holder, the record you receive will not include personal information.)

I, _____, hereby certify that I granted access on this one occasion to my Driver License/ID Card record, inclusive of the personal information (name, address, driver identification number, etc.) to _____

Signature of License/ID
Card Holder or
Parent/Legal Guardian _____ Date _____

### State and Federal Law Requires Requestors to Agree to the Following:

In requesting and using this information, I acknowledge that this disclosure is subject to the federal Driver's Privacy Protection Act (18 U.S.C. Section 2721 et seq.) and Texas Transportation Code Chapter 730. False statements or representations to obtain personal information pertaining to any individual from the DPS could result in the denial to release any driver record information to myself and the entity for which I made the request. Further, I understand that if I receive personal information as a result of this request, it may only be used for the stated purpose and I may only resell or redisclose the information pursuant to Texas Transportation Code §730.013. Violations of that section may result in a criminal charge with the possibility of a $25,000 fine.

I certify that I have read and agree with the above conditions and that the information provided by me in this request is true and correct. If I am requesting this driver record on behalf of an entity, I also certify that I am authorized by that entity to make this request on their behalf. I also acknowledge that failure to abide by the provisions of this agreement and any state and federal privacy law can subject me to both criminal and civil penalties.

Signature of Requestor _____ Date _____

**If you are not requesting a copy of your own record or do not have the written consent of DL/ID holder, you must provide the information requested on the reverse.**

CAUSE NO. 2015CI18453

| | | |
|---|---|---|
| TYLER KIRSCHBAUM | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| v. | § | |
| | § | 288TH JUDICIAL DISTRICT |
| | § | |
| E. MARTINEZ TRANSPORT, LLC AND | § | |
| JUAN-MANUEL C. HERNANDEZ | § | BEXAR COUNTY, TEXAS |

## DEFENDANTS', E. MARTINEZ TRANSPORT, LLC, FIRST SET OF INTERROGATORIES TO PLAINTIFF

To:  Plaintiff, Tyler Kirschbaum, by and through his attorney of record,

> Thomas J. Henry
> Reggie Blakeley
> LAW OFFICES OF THOMAS J. HENRY
> 521 Starr Street
> Corpus Christi, Texas 78401

COMES NOW, Defendant, **E. MARTINEZ TRANSPORT, LLC,** and pursuant to the Texas Rules of Civil Procedure, requests the above-named Plaintiff answer all of the following Interrogatories. Defendant further notifies the above-named Plaintiff that the duly sworn answers to these Interrogatories shall be delivered to Defendant's attorneys of record, Royston, Rayzor, Vickery & Williams, L.L.P., on the first business day after the expiration of thirty (30) days from the date of service of these Interrogatories, in accordance with the Texas Rules of Civil Procedure.

### DEFINITIONS

As used in this request, the following terms shall have the meaning described below, unless the context clearly indicates otherwise:

A.    The terms *"you," "your,"* or *"yours"* shall mean and refer to Plaintiff, Tyler Kirschbaum, and any person authorized to act or purporting to act on behalf of Tyler Kirschbaum.

B.    The term *"Plaintiff"* shall mean and refer to Plaintiff, Tyler Kirschbaum.

C.     The term *"Defendant"* or *"EMT"* shall mean and refer to Defendant E. Martinez

Transport, LLC.

D.     As used herein, the terms *"identify"* and *"identity"* shall mean:

    (1)     When used in reference to a natural person, the full name, present (or last known) address, telephone numbers, occupation and business affiliation of that person; and

    (2)     When used in reference to a document, as defined hereinafter, the nature of the document (such as, for example, letter, memorandum, notes, etc.) the date (or approximate date) upon which the document was prepared, the general subject matter of the document, the identity of each person who wrote, signed, dictated, or otherwise participated in the preparation of the document.

E.     The terms *"document"* or *"documents"* are used in their broadest sense and include

all tangible items of any nature, both original and copies (whether or not identical), and all

attachments and appendices thereof and all drafts thereof including, but not limited to, agreements,

contracts, communications, correspondence, e-mails, text messages, letters, e-mails, text messages,

telefaxes, memorandums, records, reports, books, summaries or other records of personal

conversations, minutes, summaries or other records of meetings and conferences, summaries of other

records of negotiations, diaries, diary items, calendars, appointment books, time records, visitor

records, forecasts, statistical data, statistical statements, financial statements, work sheets, work

papers, drafts, graphs, maps, charts, tables, accounts, analytical records, consultant reports,

appraisals, brochures, pamphlets, circulars, trade letters, press releases, notes, marginal notations,

telephone bills or records, bills, statements, records of obligation and expenditure, invoices, lists,

journals, advertising, recommendations, files, print-outs, compilations, tabulations, purchase orders,

receipts, orders, confirmations, meetings, checks, canceled checks, letters of credit, envelopes,

folders or similar containers, vouchers, analyses, surveys, transcripts of hearings, transcripts of

testimony, expense reports, microfilm, microfiche, articles, speeches, tape or disk recordings, voice

recordings, videotapes, DVD's, CD's, video records, film, photographs, punch cards, programs, and

data computations from which can be obtained or translated into usable form (including matter used

in data processing) and any other writing of whatsoever description including, but not limited to, any information contained in any computer, although not yet printed out within the possession, custody, or control of the Plaintiff, her agents, representatives, or attorneys. If any document requested to be identified was not or is no longer in your possession or control or is no longer in existence, state whether it is:

      (1)    Missing or lost;

      (2)    Destroyed;

      (3)    Transferred voluntarily or involuntarily to others, and, if so, to whom; or

      (4)    Otherwise disposed of, in each instance explain the circumstances surrounding an authorization of such disposition thereof, state the approximate date thereof and describe its contents.

      F.    *"Control"* means the actual control you have over the documents or the constructive control by which you know of the existence and location of said items requested and have a superior right to compel the production of said documents from a third-party or person that has possession, custody, or control of said documents; including but not limited to any agency, authority, or representative who may have possession, custody, or control of said documents.

      G.    *"Concerning"* shall mean in whole or in part and directly or indirectly referring to, relating to, connected with, commenting on, responding to, showing, describing, analyzing, reflecting or constituting.

      H.    As used herein, *"and"* and *"or"* shall be construed either conjunctively or disjunctively so as to acquire the broadest meaning possible.

      I.    As used herein, *"any"* and *"all"* shall each be construed to mean *"each and every,"* so as to acquire the broadest possible meaning.

      J.    As used herein, *"include"* and *"including"* shall be construed to mean "without limitation," so as to acquire the broadest meaning possible.

K.    "*Incident in question*," refers to the incident that is the basis of your claims against these Defendants, as set forth in your live petition, which you allege to have occurred on February 4, 2014.

L.    All entities or parties named or referred to herein shall be deemed to include their parent companies, subsidiaries, affiliates and any of the directors, officers, employees, agents and representatives thereof, including attorneys and investment bankers.

## INSTRUCTIONS

A.    Unless otherwise specified, these interrogatories refer to the date and event which is the subject matter of this action.

B.    In answering the interrogatories, you are required not only to furnish information available from your own personal knowledge but also information which is in the possession of your attorneys, investigators, insurance carriers, agents or anyone else acting on your behalf or on their behalf.

C.    If you are willing, instead of identifying particular documents, those documents may be attached to the responses when identification is required.

D.    These interrogatories shall be deemed continuing until trial.   If any information sought by said interrogatories is learned or obtained after these interrogatories have been answered or, if answers for any reason should later become incorrect or incomplete, there shall be a continuing duty to the time of trial on the party answering said interrogatories to formally supplement answers previously submitted.

Respectfully submitted,

**ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.**

By:_____
James H. Hunter, Jr.
State Bar No. 00784311
Esteban Delgadillo

## DEFENDANT'S FIRST SET OF INTERROGATORIES TO
## PLAINTIFF, TYLER KIRSCHBAUM

**INTERROGATORY NO. 1:** Please set forth complete information which will identify you, including all names that you may have ever used, date of birth, addresses for the past ten (10) years, telephone number, social security number, and driver's license number.

**ANSWER:**

**INTERROGATORY NO. 2:** Please explain in detail your work history for the last ten (10) years to the present. Please include the names, addresses and telephone numbers of each employer, the dates of employment, supervisor's name, rate of pay per hour, hours worked, a description of the work done by you for each employer.

**ANSWER:**

**INTERROGATORY NO. 3:** Please state in detail your educational, vocational and formal training background, both formal and practical, and any certifications, or degrees and licensing received.

**ANSWER:**

**INTERROGATORY NO. 4:** Please state in detail your marital/family history; include all dates of marriage and provide the name, address and telephone number of such spouse or ex-spouse, and identify all of your children (please include each child's name, address, telephone numbers, and date of birth).

**ANSWER:**

**INTERROGATORY NO. 5:** Please give complete details of your criminal record, if any. Please include the date of offense, investigating law enforcement agency, charge(s), disposition date, and disposition of such offense.

**ANSWER:**

**INTERROGATORY NO. 6:** Please identify all of your children. Please include their names, addresses, telephone numbers, and dates of birth.

**ANSWER:**

**INTERROGATORY NO. 7:** Please describe in detail each and every accident, injury, illness and/or mental or physical condition suffered by you prior to and subsequent to the alleged date of injury made the basis of this suit. Please include all auto accidents, and slip and falls, and how they occurred, and if suit filed, attorney's name, address and telephone number, county of suit, cause number, court filed in, and disposition of claim or lawsuit (monetary amount, if applicable).

**ANSWER:**

**INTERROGATORY NO. 8:** Please state whether you consumed any alcoholic beverages, prescription medications, or drugs, legal and/or illegal, on the day of the incident in question. In

regards to any medication you were taking, please include the dosage, the prescribing physician, and the purpose of the medication.

**ANSWER:**

**INTERROGATORY NO. 9:** Please state where you had been in the four-hour period prior to the incident in question, where you were going at the time of the incident in question, the purpose of the trip, the hours you slept prior to this trip, and any time deadline to arrive at your destination.

**ANSWER:**

**INTERROGATORY NO. 10:** Describe in your own words how the incident in question occurred, and state specifically and in detail what your claim or contentions will be regarding any cause or contributing cause of the incident in question, weather conditions at the time, what measures you took to avoid the incident in question, and any actions or inactions for which Defendant, and other named defendants are liable.

**ANSWER:**

**INTERROGATORY NO. 11:** Please fully describe the events that took place after the incident in question; including who you spoke to, who you called, whether you left the scene in an ambulance, what medical treatment you received on the day of the incident in question, and whether the vehicle you were riding in was towed from the scene.

**ANSWER:**

**INTERROGATORY NO. 12:** Please describe in detail any conversations you or your attorney have had with any defendant, law enforcement officer(s), witness(es) and any persons who arrived at the scene following the incident in question, including the identity of such person(s) and any witness(es) to such conversation(s); provide their address, and phone number.

**ANSWER:**

**INTERROGATORY NO. 13:** Please describe in detail what injuries, if any, you received as a result of the incident in question and frequency and type of pain, including all physical disfigurement, physical impairment, physical maladies, relevant diagnoses, physical and mental pain, and disability sustained by you; if complaints persist, identify date started and if complaints stopped, date stopped;

**ANSWER:**

**INTERROGATORY NO. 14:** Please identify all physical disfigurement and physical impairment you sustained as a result of the incident in question.

**ANSWER:**

**INTERROGATORY NO. 15:** Please give an itemized list of all expenses which you claim were incurred by you as a result of the incident in question.

**ANSWER:**

**INTERROGATORY NO. 16:** If you have received any sums of money or benefits from anyone, for any reason, as a result of the incident in question, including any payments for compensation benefits, insurance payments, Medicaid payments, unemployment, loans or advances, please set forth in detail the date and amount of each and every such payment, together with information as to the name and address of the company or individual making such payment, the purpose of such payment, and if liens exist on your claims for damages in this lawsuit.

**ANSWER:**

**INTERROGATORY NO. 17:** Please identify all future medical treatment that you understand you will need as a result of the injuries you sustained from the incident in question, and if any, list all medical appointments scheduled in the next year regarding the same.

**ANSWER:**

**INTERROGATORY NO. 18:** Please state the amount of loss of earnings you are claiming to date, and state how the amount was calculated.

**ANSWER:**

**INTERROGATORY NO. 19:** Please identify all physical and mental pain and disability sustained by you as a result of the incident in question.

**ANSWER:**

**INTERROGATORY NO. 20:** Please state where you are currently employed, and state what your current employment duties and rate of pay are.

**ANSWER:**

**INTERROGATORY NO. 21:** Please state in your own words what, if anything, Defendant did to cause you harm, and what it should have done differently.

**ANSWER:**

**INTERROGATORY NO. 22:** Please state whether you were using a cellular phone, or any other portable and/or mobile electronic devices while you were in the vehicle you were riding in at the time of incident in question, and please state whether your use of the device was before, after, and/or during the incident in question.

**ANSWER:**

**INTERROGATORY NO. 23:** State the speed of the vehicle you were in at all times material to the incident in question, including the speed at the time of impact.

**ANSWER:**

# THOMAS J HENRY
## INJURY ATTORNEYS

**TOLL FREE: 1-800-580-0601      FAX: 1-888-956-8001      TJHLAW.COM**

THOMAS JUDE HENRY | ROGER L. TURK | MICHAEL E. HENRY † | GEORGE A. DEVERA | RUBEN G. HERRERA | RUSSELL W. ENDSLEY | JAMES D. BASKIN | GLEN F. LARSON
LESLEY PANISZCZYN | STEPHEN F. BECHTOL | DENNIS J. BENTLEY | MATTHEW S. SCOTT | DARIUS KHOSRAVIAN | CECILE W. CRABTREE | GREGGORY A. TEETER | DAVID HATCHER
CURTIS W. FITZGERALD, II* | TRAVIS E. VENABLE II†† | JUSTIN M. DEAN | DAVID TJERINA | REGINALD BLAKELEY | ANDREW D. POULIS | WESLEY R. VASQUEZ†† | PHILLIP C. RIPPER
LAURIE DOBSON | KYLE MATHIS | JORDAN JACKSON | MATTHEW SEAN HULL | JANICE LINDSEY CORBIN | RICHARD M. HUNNICUTT, II*** | JOSEPHINE LUE | YVETTE TREVINO
ALLEN D. PETIT | WADE R. REESE | BRYAN W. SCHOEPPEY | ROBIN TREVINO | JASON C. GRAFF | CHRISTOPHER HINSHAW | MARY WILSON | ALEXANDRA FELDER | SCOTT SAGER
SANDEE BELL | MELISSA SALINAS | ROBERT P. WILSON | JIM MARTIN | TIFFANY GEORGE | BART ALDRICH | CAITLIN BRATT | MARCO CRAWFORD | LORI MILLER | PETER ZAVALETA
TAMMY BRUCH CLICK | XAMER L. GUERRA | ERICA WOLFE | DALE HICKS** | CRAIG L. FARNAH ††† | LANDON T. HAYS | KELLY W. ADAMS | TANYA BACHAND† | EDM CANINCH
NICOLE A. BAKER | KERRY A. DI GIOIA | DAVID J. LOPEZ | KAREN K. VILLARRUEL ‡‡ | TREY PENDERGRAFT | RAL NWANKWO ‡‡‡ | KEVIN NORRIS § | ALEXIS M. WALSH §§
SHANNON E. HURST §§§ | LOGI HAMOR | ROY ELIZONDO, III | ABEL TREVINO | GREG W. TURMAN* | ROGER Z. GUEVARA | BRYCE E. PEARCY | LANE G. DIAMOND | JON B. OLSON
SOHAIB REHMAN | ALEX OHA | JASON PEDRAZA | VICTOR J. SANCHEZ | JOHN W. BIGGINS, III | CHRISTOPHER M. CHENAULT | GABRIEL DE VEGA | TOMMY W. GILLASPIE
BERNARDO GONZALEZ | CHRISTOPHER MCCANN | NEGIN ROBERTS | COLBY BERRY | CHIRAG DESAI | DANIEL TYMAN | BRIAN GILLETTE
ERIKA RAMIREZ | TOMAS ALARCON | IRFAN SIDDIQUI | JUDE T. SMITH

† Licensed in TX, PA | †† Licensed in TX, TN | ††† Licensed in TX, MO | †††† Licensed in TX, CIN | ‡ Licensed in TX | ‡‡ Licensed in TX, NY
§ Licensed in TX, CA | §§ Licensed in TN | §§§ Licensed in TX, WI | *Board Certified - Personal Injury Trial Law | ** Board Certified - Civil Trial Law

January 18, 2016

VIA EMAIL: Maria.Villarreal@roystonlaw.com
Esteban Delgadillo
ROYSTON RAZOR VICKERY & WILLIAMS LLP
55 Cover Circle
Brownsville, Texas 78521

RE:     Cause #: 2015CI18453; *Tyler Kirschbaum v. Martinez Transport*

Mr. Delgadillo,

        This letter is intended to be an agreement under Rule 11 of the Texas Rules of Civil Procedure. Please extend the deadline for Plaintiff to respond and/or object to written discovery to January 25, 2016. If you are in agreement, please sign below where indicated and return to the attention of the undersigned via fax or email.

        Should you have any questions or need any additional information, please do not hesitate to contact me.

                                Very truly yours,
                                **THOMAS J. HENRY, INJURY ATTORNEYS**

                                /s/Reggie Blakeley
                                Reggie Blakeley

_____   1/18/16
Esteban Delgadillo

---

CAUSE NO. 15-09-23255-CV

| | | |
|---|---|---|
| **TYLER KIRSCHBAUM,** | § | **IN THE DISTRICT COURT** |
| *Plaintiffs* | § | |
| | § | |
| **VS.** | § | **288TH JUDICIAL DISTRICT** |
| | § | |
| **E. MARTINEZ TRANSPORT, LLC** | § | |
| **and JUAN-MANUEL C.** | § | |
| **HERNANDEZ** | § | |
| *Defendants* | § | **BEXAR COUNTY, TEXAS** |

## PLAINTIFF'S RESPONSES TO REQUESTS FOR ADMISSION

**TO:**   **E. MARTINEZ TRANSPORT, LLC**, by and through its attorney of record Esteban Delgadillo, ROYSTON, RAZOR, VICKERY & WILLIAMS, L.L.P., 55 Cove Circle, Brownsville, Texas 78521

   **NOW COMES** TYLER KIRSCHBAUM (hereinafter referred to by name or "Plaintiff"),

and serves these Responses to Defendant's Request for Admission in accordance with Rule 198

and 215.4(B), Texas Rule of Civil Procedure.

Respectfully submitted,
**LAW OFFICES OF THOMAS J. HENRY**
521 Starr Street
Corpus Christi, Texas 78401
Telephone: (361) 985-0600
Facsimile: (361) 985-0601

By:   /s/Reggie Blakeley
   Thomas J. Henry
   STATE BAR NO.: 09484210
   Reggie Blakeley
   STATE BAR NO.: 24077845
   **ATTTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing was served upon opposing counsel named below, in accordance with the Texas Rules of Civil Procedure, on this the 25th day of January, 2016.

**VIA FAX: (956) 542-4370**
Esteban Delgadillo
ROYSON, RAZOR, VICKERY & WILLIAMS, L.L.P.
55 Cove Circle
Brownsville, Texas 78521

/s/Reggie Blakeley_____
Reggie Blakeley

## PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:** Please admit you have never met Defendant or any co-Defendant.

    **RESPONSE: Admit**

**REQUEST FOR ADMISSION NO. 2:** Please admit that you did not ride in an ambulance on day of the incident in question.

    **RESPONSE: Admit**

**REQUEST FOR ADMISSION NO. 3:** Please admit that you were performing a task for your employer when the incident in question occurred.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 4:** Please admit that you were not hurt due to the incident in question.

    **RESPONSE: Deny.**

**REQUEST FOR ADMISSION NO. 5:** Please admit that you were not in pain immediately after the incident in question.

    **RESPONSE: Deny**

**REQUEST FOR ADMISSION NO. 6:** Please admit that you were in no pain after the incident in question.

    **RESPONSE: Deny**

**REQUEST FOR ADMISSION NO. 7:** Please admit that you were familiar with the location at which the incident in question occurred.

    **RESPONSE: Plaintiff object because Plaintiff can neither admit nor deny this Request for Admission because, after making a reasonable inquiry, the information known or easily obtainable is insufficient to enable the Plaintiff to admit or deny.**

**REQUEST FOR ADMISSION NO. 8:** Please admit you exited your vehicle under your own power.

    **RESPONSE: Admit**

**REQUEST FOR ADMISSION NO. 9:** Please admit that you were able to walk after you exited your vehicle under your own power.

    **RESPONSE: Admit**

**REQUEST FOR ADMISSION NO. 10:** Please admit that you are able to walk without the assistance of a cane, walker, or wheelchair.

**RESPONSE: Admit**

**REQUEST FOR ADMISSION NO. 11:** Please admit that you were traveling at a speed in excess of the posted speed limit at the time of the incident in question.

**RESPONSE: Deny**

**REQUEST FOR ADMISSION NO. 12:** Please admit that the incident in question would not have occurred if you would been traveling at a speed at or below the posted speed limit.

**RESPONSE: Deny**

**REQUEST FOR ADMISSION NO. 13:** Please admit that you failed to maintain a proper lookout immediately prior to the incident in question.

**RESPONSE: Deny**

**REQUEST FOR ADMISSION NO. 14:** Please admit that the incident in question would not have occurred if you would have kept a proper lookout.

**RESPONSE: Deny**

**REQUEST FOR ADMISSION NO. 15:** Please admit that you were using a cell phone immediately prior to the incident in question.

**RESPONSE: Deny**

**REQUEST FOR ADMISSION NO. 16:** Please admit that you were using a cell phone at the time of the incident in question.

**RESPONSE: Deny**

**REQUEST FOR ADMISSION NO. 17:** Please admit that you were using an electronic device immediately prior to the incident in question.

**RESPONSE: Deny**

**REQUEST FOR ADMISSION NO. 18:** Please admit that you were using an electronic device at the time of the incident in question.

**RESPONSE: Deny**

**REQUEST FOR ADMISSION NO. 19:** Please admit that you were distracted at the time of the incident in question.

**RESPONSE: Deny**

**REQUEST FOR ADMISSION NO. 20:** Please admit that you observed that Defendant Juan-Manuel C. Hernandez displayed a turning signal immediately prior to the incident in question.

    **RESPONSE: Deny**

**REQUEST FOR ADMISSION NO. 21:** Please admit that you attempted to pass Defendant Juan-Manuel C. Hernandez while he displayed a turning signal.

    **RESPONSE: Deny**

**REQUEST FOR ADMISSION NO. 22:** Please admit that you observed a vehicle in front of Defendant Juan-Manuel C. Hernandez that prompted Defendant Juan-Manuel C. Hernandez to attempt to switch lanes.

    **RESPONSE: Plaintiff object because Plaintiff can neither admit nor deny this Request for Admission because, after making a reasonable inquiry, the information known or easily obtainable is insufficient to enable the Plaintiff to admit or deny.  Plaintiff is unsure whether Defendant Juan-Manuel C. Hernandez was prompted to switch lanes because of another vehicle.**

**REQUEST FOR ADMISSION NO. 23:** Please admit that you could have avoided the incident in question.

    **RESPONSE: Deny**

**REQUEST FOR ADMISSION NO. 24:** Please admit that you were unemployed at the time of the incident in question.

    **RESPONSE: Deny**

**REQUEST FOR ADMISSION NO. 25:** Please admit you have not sought full-time work since the incident in question.

    **RESPONSE: Deny**

**REQUEST FOR ADMISSION NO. 26:** Please admit that you have returned to work since the incident in question.

    **RESPONSE: Admit**

**REQUEST FOR ADMISSION NO. 27:** Please admit that you have not missed any work because of the incident in question.

    **RESPONSE: Deny**

**REQUEST FOR ADMISSION NO. 28:** Please admit that the incident in question did not cause you to lose any employment or employment opportunities.

**RESPONSE: Deny**

**REQUEST FOR ADMISSION NO. 29:** Please admit that you had a preexisting medical condition prior to the incident in question.

**RESPONSE: Plaintiff object because Plaintiff can neither admit nor deny this Request for Admission because, after making a reasonable inquiry, the information known or easily obtainable is insufficient to enable the Plaintiff to admit or deny.**

**REQUEST FOR ADMISSION NO. 30:** Please admit that you were referred to some or all of your medical providers by the attorney representing you in this lawsuit.

**RESPONSE: Admit**

**REQUEST FOR ADMISSION NO. 31:** Please admit that your medical treatments for your alleged injuries were successful.

**RESPONSE: Plaintiff object because Plaintiff can neither admit nor deny this Request for Admission because, after making a reasonable inquiry, the information known or easily obtainable is insufficient to enable the Plaintiff to admit or deny.**

**REQUEST FOR ADMISSION NO. 32:** Please admit that your medical treatments for your alleged injuries were unsuccessful.

**RESPONSE: Plaintiff object because Plaintiff can neither admit nor deny this Request for Admission because, after making a reasonable inquiry, the information known or easily obtainable is insufficient to enable the Plaintiff to admit or deny.**

**REQUEST FOR ADMISSION NO. 33:** 41. Please admit that you are no longer receiving medical treatment and/or therapies for any alleged injuries.

**RESPONSE: Plaintiff object because Plaintiff can neither admit nor deny this Request for Admission because, after making a reasonable inquiry, the information known or easily obtainable is insufficient to enable the Plaintiff to admit or deny.**

**REQUEST FOR ADMISSION NO. 34:** Please admit that you are not scheduled to undergo surgery.

**RESPONSE: Plaintiff object because Plaintiff can neither admit nor deny this Request for Admission because, after making a reasonable inquiry, the information known or easily obtainable is insufficient to enable the Plaintiff to admit or deny.**

**REQUEST FOR ADMISSION NO. 35:** Please admit that have been involved in a motor vehicle accident prior to the incident in question.

**RESPONSE: Plaintiff object because Plaintiff can neither admit nor deny this Request for Admission because, after making a reasonable inquiry, the information known or easily obtainable is insufficient to enable the Plaintiff to admit or deny.**

**REQUEST FOR ADMISSION NO. 36:** Please admit that have been involved in a motor vehicle accident prior to the incident in question that resulted in a settlement or litigation.

**RESPONSE: Plaintiff object because Plaintiff can neither admit nor deny this Request for Admission because, after making a reasonable inquiry, the information known or easily obtainable is insufficient to enable the Plaintiff to admit or deny.**

CAUSE NO. 15-09-23255-CV

| | | |
|---|---|---|
| **TYLER KIRSCHBAUM,** | § | **IN THE DISTRICT COURT** |
| *Plaintiffs* | § | |
| | § | |
| **VS.** | § | **288TH JUDICIAL DISTRICT** |
| | § | |
| **E. MARTINEZ TRANSPORT, LLC** | § | |
| **and JUAN-MANUEL C.** | § | |
| **HERNANDEZ** | § | |
| *Defendants* | § | **BEXAR COUNTY, TEXAS** |

---

### PLAINTIFF'S RESPONSES TO RULE 194 REQUESTS FOR DISCLOSURE

---

**TO:**  **E. MARTINEZ TRANSPORT, LLC**, by and through its attorney of record Esteban Delgadillo, ROYSTON, RAZOR, VICKERY & WILLIAMS, L.L.P., 55 Cove Circle, Brownsville, Texas 78521

   **NOW COMES** TYLER KIRSCHBAUM (hereinafter referred to by name or "Plaintiff"),

and serves these Responses to Defendant's Requests for Disclosure in accordance with Rule

194.2, Texas Rule of Civil Procedure.


                              Respectfully submitted,
                              **LAW OFFICES OF THOMAS J. HENRY**
                              521 Starr Street
                              Corpus Christi, Texas  78401
                              Telephone:  (361) 985-0600
                              Facsimile:  (361) 985-0601

                       By:    /s/Reggie Blakeley
                              Thomas J. Henry
                              STATE BAR NO.: 09484210
                              Reggie Blakeley
                              STATE BAR NO.: 24077845
                              **ATTTORNEYS FOR PLAINTIFF**

---

**Plaintiff's Responses to Defendants' Rule 194 Requests for Disclosure**                    **Page 1**
Case Number: 2015CI18453                    Document Type: ENTIRE FILE CERTIFIED

Page 82 of 135

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing was served upon opposing counsel named below, in accordance with the Texas Rules of Civil Procedure, on this the 25th day of January, 2016.

**VIA FAX: (956) 542-4370**
Esteban Delgadillo
ROYSON, RAZOR, VICKERY & WILLIAMS, L.L.P.
55 Cove Circle
Brownsville, Texas 78521

/s/Reggie Blakeley_____
Reggie Blakeley

**Plaintiff's Responses to Defendants' Rule 194 Requests for Disclosure**          **Page 2**
Case Number: 2015CI18453                    Document Type: ENTIRE FILE CERTIFIED

Page 83 of 135

## RESPONSES TO REQUESTS FOR DISCLOSURE



**A.**  **The correct names of the parties to the lawsuit.**

Tyler Kirschbaum, Plaintiff
E. Martinez Transport, L.L.C., Defendant
Juan-Manuel C. Hernandez, Defendant

**B.**  **The name, address, (work and home) and telephone number (work and home) of any potential parties.**

Plaintiffs are not aware of any other potential parties at this time.

**C.**  **The legal theories and, in general, the factual bases of the responding party's claims or defenses.**

## FACTS

On or about February 4, 2014, Plaintiff, **TYLER KIRSCHBAUM** was driving a 2010

Hyundai Elantra in a lawful manner while traveling on the 8600 Block of NE Loop 410

Southbound, San Antonio, Bexar County, Texas, when Plaintiff's vehicle suddenly, violently,

and without warning struck the Defendant, **JUAN-MANUEL C. HERNANDEZ** who was in the

course and scope of his employment with Defendant **E. MARTINEZ TRANSPORT, LLC** and

failed to yield right-of-way while merging onto NE Loop 410 causing Plaintiff to sustain injury

to his body, as more fully set forth below.

## CAUSES OF ACTION

**A.**  *NEGLIGENCE*

The occurrence made the basis of this suit, reflected in the above Paragraph 7, and the

resulting injuries and damages of Plaintiff was proximately caused by the negligent conduct of

the Defendant.  The Defendant, **JUAN-MANUEL C. HERNANDEZ** operated the vehicle he

was driving in a negligent manner because he violated the duty which he owed the Plaintiff to

Plaintiff's Responses to Defendants' Rule 194 Requests for Disclosure                    **Page 3**
Case Number: 2015CI18453                    Document Type: ENTIRE FILE CERTIFIED

Page 84 of 135

exercise ordinary care in the operation of his motor vehicle in one or more of the following

respects:

    a.    in failing to keep a proper lookout or such lookout, which a person of ordinary prudence would have maintained under same or similar circumstances;

    b.    in failing to timely apply the brakes of the vehicle in order to avoid the collision in question;

    c.    in failing to turn the vehicle in an effort to avoid the collision in question;

    d.    in failing to blow horn warning of imminent danger;

    e.    in operating his vehicle at a rate of speed which was greater than that which an ordinary person would have driven under the same or similar circumstances;

    f.    in failing to maintain an assured clear distance; and

    g.    in following too closely in violation of Tex. Transp. Code § 545.062(a).

**B.**    ***NEGLIGENCE PER SE***

Defendant, **E. MARTINEZ TRANSPORT, LLC** is liable under the doctrine of

respondeat superior in that **JUAN-MANUEL C. HERNANDEZ** was operating the vehicle in

the course and scope of his employment with **E. MARTINEZ TRANSPORT, LLC**.  Defendant

**E. MARTINEZ TRANSPORT, LLC** was also negligent in one or more of the following

respects:

    a.    negligent hiring;

    b.    negligent entrustment;

    c.    negligent driver qualifications;

    d.    negligent training and supervision;

    e.    negligent retention;

    f.    negligent contracting; and

    g.    negligent maintenance

Plaintiff's Responses to Defendants' Rule 194 Requests for Disclosure    **Page 4**
Case Number: 2015CI18453    Document Type: ENTIRE FILE CERTIFIED

Page 85 of 135

### C.   GROSS NEGLIGENCE

Defendants' negligent conduct was more than momentary thoughtlessness or inadvertence. Rather, Defendants' conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiffs. Defendants had actual, subjective awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, or welfare of Plaintiffs or other similarly situated.

Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and negligence per se and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which Plaintiff will continue to suffer in the future, if not for the remainder of his natural life.

### D.   NEGLIGENT ENTRUSTMENT

Defendant, **E. MARTINEZ TRANSPORT, LLC** was negligent in that it negligently entrusted the vehicle to **JUAN-MANUEL C. HERNANDEZ**, when they knew or should have known that **JUAN-MANUEL C. HERNANDEZ** was incompetent or a reckless driver.

### DAMAGES

As a direct and proximate result of the collision and the negligent conduct of the Defendant, Plaintiff, **TYLER KIRSCHBAUM**, suffered severe bodily injuries including bruised ribs, chest and knee contusions, neck, back, and other parts of his body generally. Plaintiff's entire body was bruised, battered and contused and he suffered great shock to his entire nervous systems. The injuries are permanent in nature. The injuries have had a serious effect on the Plaintiff's health and well-being. Some of the effects are permanent and will abide with the

---

Plaintiff's Responses to Defendants' Rule 194 Requests for Disclosure          **Page 5**
Case Number: 2015CI18453                    Document Type: ENTIRE FILE CERTIFIED

Page 86 of 135

Plaintiff for a long time into the future, if not for his entire life.  These specific injuries and their ill effects have, in turn, caused the Plaintiff physical and mental condition to deteriorate generally and the specific injuries and ill effects alleged have caused and will, in all reasonable probability, cause the Plaintiff to suffer consequences and ill effects of this deterioration throughout his body for a long time in the future, if not for the balance of his natural life.  As a further result of the nature and consequences of his injuries, the Plaintiff suffered great physical and mental pain, suffering and anguish and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of his natural life.

As a further result of all of the above, Plaintiff has incurred expenses for his medical care and attention.  These expenses were incurred for the necessary care and treatment of the injuries resulting from the incident complained of.  The charges are reasonable and were the usual and customary charges made for such services in the County where they were incurred.

As a further result of the injuries sustained by the Plaintiff, there is a reasonable probability that they will require further medical care and attention and will incur future reasonable and necessary expenses for their medical care and attention.

By reason of all of the above, Plaintiff, **TYLER KIRSCHBAUM**, has suffered losses and damages in a sum within the jurisdictional limits of this Court for which he now sues.

**D.** **The amount and any method of calculating economic damages:**

Please see the attached medical and billing records.  Plaintiff is still collecting bills and records and will supplement according to the Rules of Civil Procedure.  Plaintiff has not calculated other economic damages.

**E.** **The name, address, (work and home) and telephone number (work and home) of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case.**

Tyler Kirschbaum                                                        Plaintiff

**Plaintiff's Responses to Defendants' Rule 194 Requests for Disclosure**                                    **Page 6**
Case Number: 2015CI18453                              Document Type: ENTIRE FILE CERTIFIED

Page 87 of 135

Through attorney of record
Thomas J. Henry
Reggie Blakeley
521 Starr Street
Corpus Christi, Texas 78401
(361) 985-0600

E. Martinez Transport, L.L.C.                                          **Defendant**
Through attorney of record
Esteban Delgadillo
ROYSTER, RAZOR, VICKERY & WILLIAMS, L.L.C.
55 Cove Circle
Brownsville, Texas 78521
(956) 542-4377

Juan-Manual C. Hernandez                                          Defendant
E. Martinez Transport
1009 Santa Maria, Ave.
Laredo, Texas 78040

Officer Willie Hooten                                          Investigating Officer
Badge No.: 0952
San Antonio Police Department
315 South Santa Rosa
San Antonio, Texas 78207
(210) 207-7273

**The following individuals have knowledge of the medical facts of this case stemming from their involvement in the care and treatment of Plaintiffs. Said individuals have treated Plaintiffs, reviewed medical records, and have medical knowledge gained from their training experience, education, and research. Plaintiffs anticipates that they will be called on to give testimony in the form of facts and opinions regarding the care and treatment they provided, Plaintiffs condition, injuries, causation damages, prognosis, modes of treatment. Their anticipated testimony includes, but is not limited to medical expenses, medical treatment, pain and suffering, disabilities, physical limitations, impairment, mental anguish, causation, and other elements of damages. While they may be experts in their field, they are not "retained" experts as defined by the Texas Rules of Civil Procedure:**

Hugo A. Rojas, M.D.                                          Medical Provider
Family Clinics of San Antonio
And/or Custodian of Records
2115 Pleasanton Rd., Ste. 205
San Antonio, TX 78221
(210) 922-3627

---

**Plaintiff's Responses to Defendants' Rule 194 Requests for Disclosure**                    **Page 7**
Case Number: 2015CI18453                    Document Type: ENTIRE FILE CERTIFIED

Page 88 of 135

River City Emergency Physicians                          Medical Provider
And/or Custodian of Records
16414 San Pedro Ave., Ste. 550
San Antonio, TX 78232
(210) 495-9860


M & S Radiology Associates                               Medical Provider
And/or Custodian of Records
3200 Wilcrest Dr., Ste. 600
Houston, TX 77042
(719) 512-2421


River City Chiropractic                                  Medical Provider
And/or Custodian of Records
1020 SW Military
San Antonio, TX 78221-1570
(210) 922-9494


Premier Medical Imaging                                  Medical Provider
And/or Custodian of Records
11730 West Ave.
San Antonio, TX 78216-2524
(210) 922-9494


Baptist Emergency Hospital – Westover Hills              Medical Provider
And/or Custodian of Records
10811 Town Center Dr.
San Antonio, TX 78251
(210) 572-0911


South Texas Orthopedics                                  Medical Provider
And/or Custodian of Records
7500 Barlite Dr., Ste. 309
San Antonio, TX 78224
(210) 924-9000


Perry Chiropractic Clinic                                Medical Provider
And/or Custodian of Records
624 S. Seguin, Suite A
New Braunfels, TX 78130
(830) 629-9909


**F.**      **For any testifying expert:**

     (1)      the expert's name, address, and telephone number;

Plaintiff's Responses to Defendants' Rule 194 Requests for Disclosure                     Page 8
Case Number: 2015CI18453                     Document Type: ENTIRE FILE CERTIFIED

Page 89 of 135

Hugo A. Rojas, M.D.                                          Medical Provider
Family Clinics of San Antonio
And/or Custodian of Records
2115 Pleasanton Rd., Ste. 205
San Antonio, TX 78221
(210) 922-3627

River City Emergency Physicians                             Medical Provider
And/or Custodian of Records
16414 San Pedro Ave., Ste. 550
San Antonio, TX 78232
(210) 495-9860

M & S Radiology Associates                                  Medical Provider
And/or Custodian of Records
3200 Wilcrest Dr., Ste. 600
Houston, TX 77042
(719) 512-2421

River City Chiropractic                                     Medical Provider
And/or Custodian of Records
1020 SW Military
San Antonio, TX 78221-1570
(210) 922-9494

Premier Medical Imaging                                     Medical Provider
And/or Custodian of Records
11730 West Ave.
San Antonio, TX 78216-2524
(210) 922-9494

Baptist Emergency Hospital – Westover Hills                 Medical Provider
And/or Custodian of Records
10811 Town Center Dr.
San Antonio, TX 78251
(210) 572-0911

South Texas Orthopedics                                     Medical Provider
And/or Custodian of Records
7500 Barlite Dr., Ste. 309
San Antonio, TX 78224
(210) 924-9000

Perry Chiropractic Clinic                                   Medical Provider

**Plaintiff's Responses to Defendants' Rule 194 Requests for Disclosure**                **Page 9**
Case Number: 2015CI18453                     Document Type: ENTIRE FILE CERTIFIED

Page 90 of 135

And/or Custodian of Records
624 S. Seguin, Suite A
New Braunfels, TX 78130
(830) 629-9909

(2)    The subject matter on which the expert will testify;

The treating health care providers are expected to testify regarding the injuries sustained by Plaintiff and the treatment for such injuries and the cost for such treatment in the past as well as in the future.

(3)    The general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the defendant, documents reflecting such information;

Plaintiff has not retained any experts.  Please refer to the medical reports and bills for opinions.

(4)    If the expert is retained by, employed by, or otherwise subject to the control of the responding party;

      **(A)    all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and**

See medical reports and bills as well as the police report.

      **(B)    the expert's current resume and bibliography;**

Plaintiff has not retained any experts and is not in possession of any of the treating health care providers' resumes or bibliographies.

Plaintiff reserves the right to call undesignated expert witness in rebuttal, whose identities and testimony cannot be reasonably foreseen until all other parties to this suit have presented their evidence at trial.  *Alvarado v. Farah Manufacturing Co..*, 830 S.W.2d 911 (Tex.1992)

Plaintiff reserves the right to elicit and use any expert testimony and lay opinion testimony that would assist the jury in determining material issues of fact that would not violate the Rules of Civil Procedure or the Rules of Civil Evidence.

Plaintiff reserves the right to designate and may call to testify as adverse witnesses any and all expert witnesses designated by any other party, whether or not such party is still party at the time of trial.  *Ticor v. Lacy,* 803 S.W.2d 265 (Tex. 1991).

Plaintiff's Responses to Defendants' Rule 194 Requests for Disclosure      **Page 10**
Case Number: 2015CI18453      Document Type: ENTIRE FILE CERTIFIED

Page 91 of 135

Plaintiff reserves the right to incorporate by reference any and all expert witnesses and the substance of their testimony who are designated by any other party to this lawsuit.

**G.**  **Any indemnity and insuring agreements described in Rule 192.3(f);**

Defendant's policy or policies.

**H.**  **Any settlement agreements described in Rule 192.3(g).**

None that Plaintiff is aware of.

**I.**  **Any witness statements described in Rule 192.3(h);**

None other than those in the possession of the Defendants.

**J.**  **If your suit alleges physical or mental injury and damages from the occurrence that is the subject of the case, all medical and bills that are reasonably related to the injuries or damages asserted or, in lien thereof, an authorization permitting the disclosure o such records and bills.**

See the medical records and bills from all the health care providers.

**K.**  **If your suit alleges physical or mental injury and damages from the occurrence that is the subject of the case, all medical and bills obtained by the responding party by virtue of an authorization furnished by the requesting party:**

Attached please find medical records and bills from health care providers

**L.**  **The name, address, and telephone number of any person who may be designated as a responsible third party.**

None of which Plaintiff is aware.

**Plaintiff's Responses to Defendants' Rule 194 Requests for Disclosure**                    **Page 11**
Case Number: 2015CI18453                    Document Type: ENTIRE FILE CERTIFIED

Page 92 of 135

CAUSE NO. 15-09-23255-CV

| | | |
|---|---|---|
| **TYLER KIRSCHBAUM,** | § | **IN THE DISTRICT COURT** |
| *Plaintiffs* | § | |
| | § | |
| **VS.** | § | **288TH JUDICIAL DISTRICT** |
| | § | |
| **E. MARTINEZ TRANSPORT, LLC** | § | |
| **and JUAN-MANUEL C.** | § | |
| **HERNANDEZ** | § | |
| *Defendants* | § | **BEXAR COUNTY, TEXAS** |

## PLAINTIFF'S RESPONSES TO REQUESTS FOR PRODUCTION

**TO:**     **E. MARTINEZ TRANSPORT, LLC**, by and through its attorney of record Esteban Delgadillo, ROYSTON, RAZOR, VICKERY & WILLIAMS, L.L.P., 55 Cove Circle, Brownsville, Texas 78521

    **NOW COMES** TYLER KIRSCHBAUM (hereinafter referred to by name or "Plaintiff"),

and serves these Responses to Defendant's Request for Production in accordance with Rule 196,

Texas Rule of Civil Procedure.

Respectfully submitted,
**LAW OFFICES OF THOMAS J. HENRY**
521 Starr Street
Corpus Christi, Texas 78401
Telephone: (361) 985-0600
Facsimile: (361) 985-0601

By:    /s/Reggie Blakeley
       Thomas J. Henry
       STATE BAR NO.: 09484210
       Reggie Blakeley
       STATE BAR NO.: 24077845
       **ATTTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing was served upon opposing counsel named below, in accordance with the Texas Rules of Civil Procedure, on this the 25th day of January, 2016.

**VIA FAX: (956) 542-4370**
Esteban Delgadillo
ROYSON, RAZOR, VICKERY & WILLIAMS, L.L.P.
55 Cove Circle
Brownsville, Texas 78521

/s/Reggie Blakeley_____
Reggie Blakeley

## PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** Please produce any and all medical documents related to your past, present or future physical condition, treatment, care and/or hospitalization, whether relating to the incident in question or any other injuries.

> **RESPONSE:** Plaintiff objects to this Request for Production as stated as it is duplicative of Requests for Disclosure. Subject to and without waiving the foregoing objection, Plaintiff would respond as follows: see Plaintiff's responses to Requests for Disclosure. Plaintiff reserves the right to supplement this response in the future.

**REQUEST FOR PRODUCTION NO. 2:** Please produce documents that substantiate any claims that you have missed work due to the incident in question.

> **RESPONSE:** Plaintiff objects to this Request for Production as stated as it is duplicative of Requests for Disclosure. Subject to and without waiving the foregoing objection, Plaintiff would respond as follows: see Plaintiff's responses to Requests for Disclosure. Plaintiff reserves the right to supplement this response in the future.

**REQUEST FOR PRODUCTION NO. 3:** Please produce any and all photographs, drawings, or other documents representing or explaining your alleged injuries as a result of the incident in question.

> **RESPONSE:** Plaintiff objects to this Request for Production as stated as it is duplicative of Requests for Disclosure. Subject to and without waiving the foregoing objection, Plaintiff would respond as follows: see Plaintiff's responses to Requests for Disclosure. Plaintiff reserves the right to supplement this response in the future.

**REQUEST FOR PRODUCTION NO. 4:** Please produce any and all photographs, drawings, maps, sketches, computer generated models, or other documents representing the vehicles, parties, witnesses, scene or the cause of the incident in question.

> **RESPONSE:  RESPONSE:** Plaintiff objects to this Request for Production as stated as it is duplicative of Requests for Disclosure. Subject to and without waiving the foregoing objection, Plaintiff would respond as follows: see Plaintiff's responses to Requests for Disclosure. Plaintiff reserves the right to supplement this response in the future.

**REQUEST FOR PRODUCTION NO. 5:** Please produce and all documents relating to any law enforcement departments' or any other governmental entities' investigation of the incident in question, including but not limited to a police report, business cards, investigative notes or citations issued.

> **RESPONSE:** Plaintiff objects to this Request for Production as stated as it is duplicative of Requests for Disclosure. Subject to and without waiving the foregoing objection, Plaintiff would respond as follows: see Plaintiff's responses to Requests for Disclosure. Plaintiff reserves the right to supplement this response in the future.

**REQUEST FOR PRODUCTION NO. 6:** Please produce and all documents reflecting your social security earnings information and a completed and executed *Request for Social Security Earnings Information*, attached hereto. (Please note the form must be returned with an <u>original signature</u>).

> **RESPONSE:** Plaintiff objects to this Request for Production as stated because it is vague, unclear, overbroad, unduly burdensome, harassing, not limited in time and scope, and constitutes a prohibited fishing expedition which seeks information beyond that subject matter of this case and which is not reasonably calculated to lead to the discovery of admissible evidence. See *In Re CSX Corp.*, 124 S.W.3d 149 (Tex. 2003); *K-Mart Corp. v. Sanderson,* 937 S.W.2d 429 (Tex. 1996); *Dillard Dept. Stores, Inc., v. Hall,* 909 S.W.2d 491 (Tex. 1995); and *Loftin v. Martin,* 776 S.W.2d 145 (Tex. 1989).  Plaintiff reserves the right to supplement this response in the future.

**REQUEST FOR PRODUCTION NO. 7:** Please produce and all documents reflecting your employment records, including applications for employment, benefits or pay received, personnel files, payroll records, pre-employment records, physicals, accident reports and work evaluations from present and past employers and an executed and notarized original of the *Authorization for Release of Employment Records*, attached hereto.  (Please note the form must be returned with an <u>original</u> signature).

> **RESPONSE:** Plaintiff objects to this Request for Production as stated because it is vague, unclear, overbroad, unduly burdensome, harassing, not limited in time and scope, and constitutes a prohibited fishing expedition which seeks information beyond that subject matter of this case and which is not reasonably calculated to lead to the discovery of admissible evidence. See *In Re CSX Corp.*, 124 S.W.3d 149 (Tex. 2003); *K-Mart Corp. v. Sanderson,* 937 S.W.2d 429 (Tex. 1996); *Dillard Dept. Stores, Inc., v. Hall,* 909 S.W.2d 491 (Tex. 1995); and *Loftin v. Martin,* 776 S.W.2d 145 (Tex. 1989).  Plaintiff reserves the right to supplement this response in the future.

**REQUEST FOR PRODUCTION NO. 8:** Please produce an executed and authorized originals of the *Medical Authorization(s)* attached hereto.  (Please note the form must be returned with an <u>original</u> signature).

> **RESPONSE:** Plaintiff objects to this Requests for Production as stated because it is overly broad and not limited in time, scope, or to health care resulting from the incident made the basis of this suit or reasonably related thereto.  Plaintiff further objects to this request as outside the scope of permissible discovery under Rule 192 of the Texas Rules of Civil Procedure and as not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects as violative of the physician-patient and mental health privileges of Rules 509 and 510 of the Texas Rules of Evidence and the Health Insurance Portability & Accountability Act.  Plaintiff further object to this request as violative of the privacy rights of Plaintiff, and as an impermissible fishing expedition which seeks information beyond the subject matter of this case and which will not aid in the resolution of this dispute, in violation of *In re CSX Corp.,* 124 S.W.3d 149 (Tex. 2003); *K-Mart v. Sanderson*, 937 S.W. 2d 429 (Tex. 1996); *Dillard Department Stores, Inc. v. Hall*, 909 S.W. 2d 491 (Tex. 1995); and *Loftin v. Martin*, 776 S.W. 2d 145 (Tex. 1989). Plaintiff reserves the right to supplement this response in the future.

**REQUEST FOR PRODUCTION NO. 9:**  Please produce copies of your income tax return as filed with the IRS for the years 2005 through the present or alternatively completed and executed originals of the Internal Revenue Service Form 4506, of *"Request for Copy of Tax Forms"*, attached hereto. (Please note the form must be returned with an <u>original</u> signature).

>   **RESPONSE:**  Plaintiff objects to this Request for Production as stated because it is vague, unclear, overbroad, unduly burdensome, harassing, not limited in time and scope, and constitutes a prohibited fishing expedition which seeks information beyond that subject matter of this case and which is not reasonably calculated to lead to the discovery of admissible evidence. See *In Re CSX Corp.*, 124 S.W.3d 149 (Tex. 2003); *K-Mart Corp. v. Sanderson*, 937 S.W.2d 429 (Tex. 1996); *Dillard Dept. Stores, Inc., v. Hall*, 909 S.W.2d 491 (Tex. 1995); and *Loftin v. Martin*, 776 S.W.2d 145 (Tex. 1989).  Plaintiff reserves the right to supplement this response in the future.

**REQUEST FOR PRODUCTION NO. 10:**  Please produce all of your earning records from the years 2005 through the present.

>   **RESPONSE:**  Plaintiff objects to this Request for Production as stated because it is vague, unclear, overbroad, unduly burdensome, harassing, not limited in time and scope, and constitutes a prohibited fishing expedition which seeks information beyond that subject matter of this case and which is not reasonably calculated to lead to the discovery of admissible evidence. See *In Re CSX Corp.*, 124 S.W.3d 149 (Tex. 2003); *K-Mart Corp. v. Sanderson*, 937 S.W.2d 429 (Tex. 1996); *Dillard Dept. Stores, Inc., v. Hall*, 909 S.W.2d 491 (Tex. 1995); and *Loftin v. Martin*, 776 S.W.2d 145 (Tex. 1989).  Plaintiff reserves the right to supplement this response in the future.

**REQUEST FOR PRODUCTION NO. 11:**  Please produce a copy of your driver's license, social security card, crossing cards, work permits, alien resident cards, identification cards and/or any licenses or permits for the period of 2005 to the present.

>   **RESPONSE:**  Plaintiff objects to this Request for Production as stated because it is vague, unclear, overbroad, unduly burdensome, harassing, not limited in time and scope, and constitutes a prohibited fishing expedition which seeks information beyond that subject matter of this case and which is not reasonably calculated to lead to the discovery of admissible evidence. See *In Re CSX Corp.*, 124 S.W.3d 149 (Tex. 2003); *K-Mart Corp. v. Sanderson*, 937 S.W.2d 429 (Tex. 1996); *Dillard Dept. Stores, Inc., v. Hall*, 909 S.W.2d 491 (Tex. 1995); and *Loftin v. Martin*, 776 S.W.2d 145 (Tex. 1989).  Plaintiff reserves the right to supplement this response in the future.

**REQUEST FOR PRODUCTION NO. 12:**  Please provide a copy of your health insurance card, and/or proof that you have health insurance (if you do not have private insurance, produce proof that you have Medicaid/Medicare coverage).

>   **RESPONSE:**  Plaintiff objects to this Request for Production as stated because it requests information that exceeds the scope of discovery under Tex. R. Civ. P. 192.3.  Plaintiff further objects on the basis that this request seeks information that is not relevant nor

reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff reserves the right to supplement this response in the future.

**REQUEST FOR PRODUCTION NO. 13:**  Please produce and all documents, including treatises, books, statutes, manuals, codes and reference materials relied upon or used by any testifying expert in making factual findings or formulating his or her opinions.

    **RESPONSE:**  Plaintiff objects to this Request for Production as stated because it seeks production of trial exhibits.  See *Texas Tech Univ. Health Sci. Ctr. v. Schild*, 828 S.W.2d 502, 504 (Tex. App.—El Paso 1992, orig. proceeding).  Subject to and without waiving the foregoing objection, Plaintiff would respond as follows: Plaintiff agrees to provide an exhibit list as requested by the Court in its Docket Control Order.  Plaintiff reserves the right to supplement this response in the future.

**REQUEST FOR PRODUCTION NO. 14:**  Please produce and all documents reflecting your expenses and billing for medical treatment relating any injury you allegedly suffered due to the incident in question.

    **RESPONSE:**  Plaintiff objects to this Request for Production as stated as it is duplicative of Requests for Disclosure.  Subject to and without waiving the foregoing objection, Plaintiff would respond as follows: see Plaintiff's responses to Requests for Disclosure.  Plaintiff reserves the right to supplement this response in the future.

**REQUEST FOR PRODUCTION NO. 15:**  Please produce copies of any and all statements previously made by Defendant or statements that you content are attributable to Defendant by and through any of its employees, agents, and/or representatives concerning the incident in question.

    **RESPONSE:**  Plaintiff objects to this Request for Production as stated as it is duplicative of Requests for Disclosure.  Subject to and without waiving the foregoing objection, Plaintiff would respond as follows: see Plaintiff's responses to Requests for Disclosure.  Plaintiff reserves the right to supplement this response in the future.

**REQUEST FOR PRODUCTION NO. 16:**  Please produce all invoices, bills and other written charges documenting your alleged losses, including medical services and treatment in hospitals by doctors or other medical providers whatsoever related to the incident in question.

    **RESPONSE:**  Plaintiff objects to this Request for Production as stated as it is duplicative of Requests for Disclosure.  Subject to and without waiving the foregoing objection, Plaintiff would respond as follows: see Plaintiff's responses to Requests for Disclosure.  Plaintiff reserves the right to supplement this response in the future.

**REQUEST FOR PRODUCTION NO. 17:**  Please produce all documents that support your claims for damages and/or reflecting your injuries.

**RESPONSE:** Plaintiff objects to this Request for Production as stated as it is duplicative of Requests for Disclosure. Subject to and without waiving the foregoing objection, Plaintiff would respond as follows: see Plaintiff's responses to Requests for Disclosure. Plaintiff reserves the right to supplement this response in the future.

**REQUEST FOR PRODUCTION NO. 18:** Please produce completed and executed copies of the Internal Revenue Service Form 8821, *Tax Information Authorization* attached hereto. (Please note that the forms must have Plaintiff's original signature.)

**RESPONSE:** Plaintiff objects to this Request for Production as stated because it is vague, unclear, overbroad, unduly burdensome, harassing, not limited in time and scope, and constitutes a prohibited fishing expedition which seeks information beyond that subject matter of this case and which is not reasonably calculated to lead to the discovery of admissible evidence. See *In Re CSX Corp.*, 124 S.W.3d 149 (Tex. 2003); *K-Mart Corp. v. Sanderson,* 937 S.W.2d 429 (Tex. 1996); *Dillard Dept. Stores, Inc., v. Hall,* 909 S.W.2d 491 (Tex. 1995); and *Loftin v. Martin,* 776 S.W.2d 145 (Tex. 1989). Plaintiff reserves the right to supplement this response in the future.

**REQUEST FOR PRODUCTION NO. 19:** Please produce completed and executed copies of the *Authorization for Release of Records of the Texas Department of Public Safety* attached hereto. (Please note that the forms must have Plaintiff's original signature.)

**RESPONSE:** Plaintiff objects to this Request for Production as stated because it is vague, unclear, overbroad, unduly burdensome, harassing, not limited in time and scope, and constitutes a prohibited fishing expedition which seeks information beyond that subject matter of this case and which is not reasonably calculated to lead to the discovery of admissible evidence. See *In Re CSX Corp.*, 124 S.W.3d 149 (Tex. 2003); *K-Mart Corp. v. Sanderson,* 937 S.W.2d 429 (Tex. 1996); *Dillard Dept. Stores, Inc., v. Hall,* 909 S.W.2d 491 (Tex. 1995); and *Loftin v. Martin,* 776 S.W.2d 145 (Tex. 1989). Plaintiff reserves the right to supplement this response in the future.

**REQUEST FOR PRODUCTION NO. 20:** Please produce completed and executed copies of the Texas Department of Public Safety's *Application for Copy of Driver Record*, attached hereto. (Please note that the forms provided must bear Plaintiff's original signature.)

**RESPONSE:** Plaintiff objects to this Request for Production as stated because it is vague, unclear, overbroad, unduly burdensome, harassing, not limited in time and scope, and constitutes a prohibited fishing expedition which seeks information beyond that subject matter of this case and which is not reasonably calculated to lead to the discovery of admissible evidence. See *In Re CSX Corp.*, 124 S.W.3d 149 (Tex. 2003); *K-Mart Corp. v. Sanderson,* 937 S.W.2d 429 (Tex. 1996); *Dillard Dept. Stores, Inc., v. Hall,* 909 S.W.2d 491 (Tex. 1995); and *Loftin v. Martin,* 776 S.W.2d 145 (Tex. 1989). Plaintiff reserves the right to supplement this response in the future.

**REQUEST FOR PRODUCTION NO. 21:** Please produce any and all documents relating to any degrees, certifications, titles, post-high school graduate courses, training, and college or vocational degrees received and/or used for obtaining employment.

**RESPONSE:** Plaintiff objects to this Request for Production as stated because it is vague, unclear, overbroad, unduly burdensome, harassing, not limited in time and scope, and constitutes a prohibited fishing expedition which seeks information beyond that subject matter of this case and which is not reasonably calculated to lead to the discovery of admissible evidence. See *In Re CSX Corp.*, 124 S.W.3d 149 (Tex. 2003); *K-Mart Corp. v. Sanderson*, 937 S.W.2d 429 (Tex. 1996); *Dillard Dept. Stores, Inc., v. Hall*, 909 S.W.2d 491 (Tex. 1995); and *Loftin v. Martin,* 776 S.W.2d 145 (Tex. 1989).  Plaintiff reserves the right to supplement this response in the future.

**REQUEST FOR PRODUCTION NO. 22:**  Please produce any and all documents relating to your past and future loss of earning capacity claim, if any, including but not limited to applications for employment obtained or submitted subsequent to the incident in question, efforts to seek employment, and any offers of employment from prospective employers since the incident in question, and college or graduate school acceptance.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23:**  Please produce any and all personnel files from any employers you have worked with before and since the incident in question, including but not limited to timesheets, punch cards, accident investigations or reports, notices of injuries or of no injury, pay rates, schedules, manuals, brochures, handbooks, earnings, sick leave, benefits, insurance, check stubs, applications for employment, letters of recommendation, etc.

    **RESPONSE:**  Plaintiff objects to this Request for Production as stated because it is vague, unclear, overbroad, unduly burdensome, harassing, not limited in time and scope, and constitutes a prohibited fishing expedition which seeks information beyond that subject matter of this case and which is not reasonably calculated to lead to the discovery of admissible evidence.  See *In Re CSX Corp.*, 124 S.W.3d 149 (Tex. 2003); *K-Mart Corp. v. Sanderson,* 937 S.W.2d 429 (Tex. 1996); *Dillard Dept. Stores, Inc., v. Hall,* 909 S.W.2d 491 (Tex. 1995); and *Loftin v. Martin,* 776 S.W.2d 145 (Tex. 1989).  Plaintiff reserves the right to supplement this response in the future.

**REQUEST FOR PRODUCTION NO. 24:**  Please produce any and all edited videotaped depositions you intend to play before the jury in this case.

    **RESPONSE:**   Plaintiff objects to this Request for Production as stated because it seeks production of trial exhibits.  See *Texas Tech Univ. Health Sci. Ctr. v. Schild*, 828 S.W.2d 502, 504 (Tex. App.—El Paso 1992, orig. proceeding).  Subject to and without waiving the foregoing objection, Plaintiff would respond as follows: Plaintiff agrees to provide an exhibit list as requested by the Court in its Docket Control Order.  Plaintiff reserves the right to supplement this response in the future.

**REQUEST FOR PRODUCTION NO. 25:**  Please produce any and all documents evidencing any governmental, medical, hospital, workers' compensation or subrogation liens, of any kind, in this case.

**RESPONSE:** Plaintiff objects to this Request for Production as stated because it is vague, unclear, overbroad, unduly burdensome, harassing, not limited in time and scope, and constitutes a prohibited fishing expedition which seeks information beyond that subject matter of this case and which is not reasonably calculated to lead to the discovery of admissible evidence. See *In Re CSX Corp.*, 124 S.W.3d 149 (Tex. 2003); *K-Mart Corp. v. Sanderson*, 937 S.W.2d 429 (Tex. 1996); *Dillard Dept. Stores, Inc., v. Hall*, 909 S.W.2d 491 (Tex. 1995); and *Loftin v. Martin*, 776 S.W.2d 145 (Tex. 1989). Plaintiff reserves the right to supplement this response in the future.

**REQUEST FOR PRODUCTION NO. 26:** Please produce any and all documents evidencing any proof that the injuries sustained by you due to the incident in question that has caused you to miss educational courses/classes, caused you to drop out of an educational program, caused you to have lower grades, and/or caused you to fail an educational course/class.

**RESPONSE:** Plaintiff objects to this Request for Production as stated as it is duplicative of Requests for Disclosure. Subject to and without waiving the foregoing objection, Plaintiff would respond as follows: see Plaintiff's responses to Requests for Disclosure. Plaintiff reserves the right to supplement this response in the future.

**REQUEST FOR PRODUCTION NO. 27:** Please produce all telephone records and other documents reflecting the use of any mobile device that you regularly use, including those of your family members and those of your employer, for the period between the day before the incident in question and the day after the incident in question.

**RESPONSE:** Plaintiff objects to this Request for Production as stated because it is vague, unclear, overbroad, unduly burdensome, harassing, not limited in time and scope, and constitutes a prohibited fishing expedition which seeks information beyond that subject matter of this case and which is not reasonably calculated to lead to the discovery of admissible evidence. See *In Re CSX Corp.*, 124 S.W.3d 149 (Tex. 2003); *K-Mart Corp. v. Sanderson*, 937 S.W.2d 429 (Tex. 1996); *Dillard Dept. Stores, Inc., v. Hall*, 909 S.W.2d 491 (Tex. 1995); and *Loftin v. Martin*, 776 S.W.2d 145 (Tex. 1989). Plaintiff reserves the right to supplement this response in the future.

**REQUEST FOR PRODUCTION NO. 28:** Please produce all documents regarding any medicine prescribed to you by any medical doctor, including eyeglasses and/or contacts prescriptions, at the time of the incident in question, and within the five-year period before the incident in question.

**RESPONSE:** Plaintiff objects to this Request for Production as stated as it is duplicative of Requests for Disclosure. Subject to and without waiving the foregoing objection, Plaintiff would respond as follows: see Plaintiff's responses to Requests for Disclosure. Plaintiff reserves the right to supplement this response in the future.

**REQUEST FOR PRODUCTION NO. 29:** Please produce any surveillance movies, photographs, or videotapes in which employees, agents, and/or representatives of Defendant appear.

**RESPONSE:** No items have been found – after a diligent search – that are responsive to this request. Plaintiff reserves the right to supplement this response in the future.

**REQUEST FOR PRODUCTION NO. 30:**  Please produce all reports and diagrams of any expert you intend to call at trial regarding this matter.

> **RESPONSE:**  Plaintiff objects to this Request for Production as stated because it seeks production of trial exhibits.  See *Texas Tech Univ. Health Sci. Ctr. v. Schild*, 828 S.W.2d 502, 504 (Tex. App.—El Paso 1992, orig. proceeding).  Subject to and without waiving the foregoing objection, Plaintiff would respond as follows: Plaintiff agrees to provide an exhibit list as requested by the Court in its Docket Control Order.  Plaintiff reserves the right to supplement this response in the future.

**REQUEST FOR PRODUCTION NO. 31:** Please produce the complete file for this matter of all experts whose opinions or work product has been reviewed by any expert you intend to call at trial.

> **RESPONSE:**  Plaintiff objects to this Request for Production as stated because it seeks production of trial exhibits.  See *Texas Tech Univ. Health Sci. Ctr. v. Schild*, 828 S.W.2d 502, 504 (Tex. App.—El Paso 1992, orig. proceeding).  Subject to and without waiving the foregoing objection, Plaintiff would respond as follows: Plaintiff agrees to provide an exhibit list as requested by the Court in its Docket Control Order.  Plaintiff reserves the right to supplement this response in the future.

**REQUEST FOR PRODUCTION NO. 32:** Please produce any and all documents and tangible things whose production has not been requested pursuant to any other item of this request that you intend to offer into evidence at the trial of this case.

> **RESPONSE:**  Plaintiff objects to this Request for Production as stated because it is vague, unclear, overbroad, unduly burdensome, harassing, not limited in time and scope, and constitutes a prohibited fishing expedition which seeks information beyond that subject matter of this case and which is not reasonably calculated to lead to the discovery of admissible evidence.  See *In Re CSX Corp.*, 124 S.W.3d 149 (Tex. 2003); *K-Mart Corp. v. Sanderson,* 937 S.W.2d 429 (Tex. 1996); *Dillard Dept. Stores, Inc., v. Hall,* 909 S.W.2d 491 (Tex. 1995); and *Loftin v. Martin,* 776 S.W.2d 145 (Tex. 1989).  Plaintiff reserves the right to supplement this response in the future.

**REQUEST FOR PRODUCTION NO. 33:**  If you have been involved in any other claims or lawsuits within the last five years against any person or entity to recover damages or compensation as a result of personal injuries, please produce documents that relate to the claims or lawsuits which reflect the date and nature of the accident, where the claim or lawsuit was made, the names of the parties involved, whether you were injured, whether you filed suit or suit was filed against you, and the outcome of the suit.

> **RESPONSE:**  Plaintiff objects to this Request for Production as stated because it is vague, unclear, overbroad, unduly burdensome, harassing, not limited in time and scope, and constitutes a prohibited fishing expedition which seeks information beyond that subject matter of this case and which is not reasonably calculated to lead to the discovery of admissible evidence.  See *In Re CSX Corp.*, 124 S.W.3d 149 (Tex. 2003); *K-Mart Corp. v. Sanderson,* 937 S.W.2d 429 (Tex. 1996); *Dillard Dept. Stores, Inc., v. Hall,* 909 S.W.2d

491 (Tex. 1995); and *Loftin v. Martin,* 776 S.W.2d 145 (Tex. 1989).  Plaintiff reserves the right to supplement this response in the future.

**REQUEST FOR PRODUCTION NO. 34:**  Please produce documents reflecting any and all sums of money you have received from anyone, for any reason, as a result of the alleged damage or damages stemming from the incident in question, including any payments for compensation benefits, unemployment, loans or advances, and produce any and all agreements pertaining to the sums of money that you have received in connection with this lawsuit.

> **RESPONSE:**  Plaintiff objects to this Request for Production as stated because it is vague, unclear, overbroad, unduly burdensome, harassing, not limited in time and scope, and constitutes a prohibited fishing expedition which seeks information beyond that subject matter of this case and which is not reasonably calculated to lead to the discovery of admissible evidence. See *In Re CSX Corp.,* 124 S.W.3d 149 (Tex. 2003); *K-Mart Corp. v. Sanderson,* 937 S.W.2d 429 (Tex. 1996); *Dillard Dept. Stores, Inc., v. Hall,* 909 S.W.2d 491 (Tex. 1995); and *Loftin v. Martin,* 776 S.W.2d 145 (Tex. 1989).  Plaintiff reserves the right to supplement this response in the future.

**REQUEST FOR PRODUCTION NO. 35:**  Please produce a copy of any tickets, citations, informations, and/or indictments that were issued, directed to you, and or filed against you in which you are a named Defendant as a result of any law enforcement agency investigation of the incident in question.

> **RESPONSE:**  Plaintiff objects to this Request for Production as stated because it is vague, unclear, overbroad, unduly burdensome, harassing, not limited in time and scope, and constitutes a prohibited fishing expedition which seeks information beyond that subject matter of this case and which is not reasonably calculated to lead to the discovery of admissible evidence. See *In Re CSX Corp.,* 124 S.W.3d 149 (Tex. 2003); *K-Mart Corp. v. Sanderson,* 937 S.W.2d 429 (Tex. 1996); *Dillard Dept. Stores, Inc., v. Hall,* 909 S.W.2d 491 (Tex. 1995); and *Loftin v. Martin,* 776 S.W.2d 145 (Tex. 1989).  Plaintiff reserves the right to supplement this response in the future.

**REQUEST FOR PRODUCTION NO. 36:**  Please produce a copy of any settlement demand packets, letters of representation, and other correspondence you have sent to any adjuster that pertain to the incident in question.

> **RESPONSE:**  Plaintiff objects to this Request for Production as stated because it is vague, unclear, overbroad, unduly burdensome, harassing, not limited in time and scope, and constitutes a prohibited fishing expedition which seeks information beyond that subject matter of this case and which is not reasonably calculated to lead to the discovery of admissible evidence. See *In Re CSX Corp.,* 124 S.W.3d 149 (Tex. 2003); *K-Mart Corp. v. Sanderson,* 937 S.W.2d 429 (Tex. 1996); *Dillard Dept. Stores, Inc., v. Hall,* 909 S.W.2d 491 (Tex. 1995); and *Loftin v. Martin,* 776 S.W.2d 145 (Tex. 1989).  Plaintiff reserves the right to supplement this response in the future.

**REQUEST FOR PRODUCTION NO. 37:**  Please produce a copy of all pleadings you have filed in this lawsuit that have not been served to this defendant.

**RESPONSE:**  No items have been found – after a diligent search – that are responsive to this request.  Plaintiff reserves the right to supplement this response in the future.

**REQUEST FOR PRODUCTION NO. 38:** Please produce documents sufficient to identify where you have resided in the past five years through present.

**RESPONSE:**  Plaintiff objects to this Request for Production as stated because it is vague, unclear, overbroad, unduly burdensome, harassing, not limited in time and scope, and constitutes a prohibited fishing expedition which seeks information beyond that subject matter of this case and which is not reasonably calculated to lead to the discovery of admissible evidence.  See *In Re CSX Corp.*, 124 S.W.3d 149 (Tex. 2003); *K-Mart Corp. v. Sanderson,* 937 S.W.2d 429 (Tex. 1996); *Dillard Dept. Stores, Inc., v. Hall,* 909 S.W.2d 491 (Tex. 1995); and *Loftin v. Martin,* 776 S.W.2d 145 (Tex. 1989).  Plaintiff reserves the right to supplement this response in the future.

CAUSE NO. 15-09-23255-CV

| | | |
|---|---|---|
| **TYLER KIRSCHBAUM,** | § | **IN THE DISTRICT COURT** |
| *Plaintiffs* | § | |
| | § | |
| **VS.** | § | **288TH JUDICIAL DISTRICT** |
| | § | |
| **E. MARTINEZ TRANSPORT, LLC** | § | |
| **and JUAN-MANUEL C.** | § | |
| **HERNANDEZ** | § | |
| *Defendants* | § | **BEXAR COUNTY, TEXAS** |

---

## PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES

---

**TO:**   **E. MARTINEZ TRANSPORT, LLC**, by and through its attorney of record Esteban Delgadillo, ROYSTON, RAZOR, VICKERY & WILLIAMS, L.L.P., 55 Cove Circle, Brownsville, Texas 78521

   **NOW COMES** TYLER KIRSCHBAUM (hereinafter referred to by name or "Plaintiff"),

and serves these Responses to Defendant's Request for Production in accordance with Rule 196,

Texas Rule of Civil Procedure.


   Respectfully submitted,
   **LAW OFFICES OF THOMAS J. HENRY**
   521 Starr Street
   Corpus Christi, Texas  78401
   Telephone: (361) 985-0600
   Facsimile:  (361) 985-0601


By:   /s/Reggie Blakeley
   Thomas J. Henry
   STATE BAR NO.: 09484210
   Reggie Blakeley
   STATE BAR NO.: 24077845
   **ATTTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing was served upon opposing counsel named below, in accordance with the Texas Rules of Civil Procedure, on this the 25th day of January, 2016.

**VIA FAX: (956) 542-4370**
Esteban Delgadillo
ROYSON, RAZOR, VICKERY & WILLIAMS, L.L.P.
55 Cove Circle
Brownsville, Texas 78521

/s/Reggie Blakeley_____
Reggie Blakeley

## PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1:** Please set forth complete information which will identify you, including all names that you may have ever used, date of birth, addresses for the past ten (10) years, telephone number, social security number, and driver's license number.

      **ANSWER:** Plaintiff objects on the basis that this request is overly broad, vague, ambiguous, and constitutes a prohibited fishing expedition in violation of *In re CSX Corp.,* 124 S.W.3rd 149 (Tex. 2003); *K-Mart v. Sanderson,* 937 S.W. 2d 429 (Tex. 1996); *Dillard Department Stores, Inc. v. Hall,* 909 S.W. 2d 491 (Tex. 1995); and *Loftin v. Martin,* 776 S.W. 2d 145 (Tex. 1989) and as an impermissible fishing expedition which seeks information beyond the subject matter of this case and which will not aid in the resolution of this dispute.  Additionally, Plaintiff objects to providing his SSN, which constitutes privileged information that, if released in a public document, could cause undue harm and invasion of Plaintiff's privacy and property rights.  Furthermore, Plaintiff objects to disclosing his social security number on the grounds that that interrogatory seeks information that is not relevant nor is the information sought likely to lead to the discovery of admissible evidence.  Subject to and without waiving the forgoing objection, Plaintiff would answer as follows: Tyler Kirschbaum, c/o Thomas J. Henry, 521 Starr Street, Corpus Christi, Texas 78401. (361) 985-0601.  Plaintiff reserves the right to supplement this response in the future.

**INTERROGATORY NO. 2:** Please explain in detail your work history for the last ten (10) years to the present.  Please include the names, addresses and telephone numbers of each employer, the dates of employment, supervisor's name, rate of pay per hour, hours worked, a description of the work done by you for each employer.

      **ANSWER:** Plaintiff objects on the basis that this request is overly broad, vague, ambiguous, and constitutes a prohibited fishing expedition in violation of *In re CSX Corp.,* 124 S.W.3rd 149 (Tex. 2003); *K-Mart v. Sanderson,* 937 S.W. 2d 429 (Tex. 1996); *Dillard Department Stores, Inc. v. Hall,* 909 S.W. 2d 491 (Tex. 1995); and *Loftin v. Martin,* 776 S.W. 2d 145 (Tex. 1989) and as an impermissible fishing expedition which seeks information beyond the subject matter of this case and which will not aid in the resolution of this dispute.  Plaintiff reserves the right to supplement this response in the future.

**INTERROGATORY NO. 3:** Please state in detail your educational, vocational and formal training background, both formal and practical, and any certifications, or degrees and licensing received.

      **ANSWER:** Plaintiff objects on the basis that this request is overly broad, vague, ambiguous, and constitutes a prohibited fishing expedition in violation of *In re CSX Corp.,* 124 S.W.3rd 149 (Tex. 2003); *K-Mart v. Sanderson,* 937 S.W. 2d 429 (Tex. 1996); *Dillard Department Stores, Inc. v. Hall,* 909 S.W. 2d 491 (Tex. 1995); and *Loftin v. Martin,* 776 S.W. 2d 145 (Tex. 1989) and as an impermissible fishing expedition which seeks information beyond the subject matter of this case and which will not aid in the resolution of this dispute.  Plaintiff reserves the right to supplement this response in the future.

**INTERROGATORY NO. 4:**  Please state in detail your marital/family history; include all dates of marriage and provide the name, address and telephone number of such spouse or ex-spouse, and identify all of your children (please include each child's name, address, telephone numbers, and date of birth).

>   **ANSWER:**  Plaintiff objects on the basis that this request is overly broad, vague, ambiguous, and constitutes a prohibited fishing expedition in violation of *In re CSX Corp.,* 124 S.W.3rd 149 (Tex. 2003); *K-Mart v. Sanderson*, 937 S.W. 2d 429 (Tex. 1996); *Dillard Department Stores, Inc. v. Hall*, 909 S.W. 2d 491 (Tex. 1995); and *Loftin v. Martin*, 776 S.W. 2d 145 (Tex. 1989) and as an impermissible fishing expedition which seeks information beyond the subject matter of this case and which will not aid in the resolution of this dispute.  Plaintiff reserves the right to supplement this response in the future.

**INTERROGATORY NO. 5:**  Please give complete details of your criminal record, if any.  Please include the date of offense, investigating law enforcement agency, charge(s), disposition date, and disposition of such offense.

>   **ANSWER:**  Plaintiff objects on the basis that this request is overly broad, vague, ambiguous, and constitutes a prohibited fishing expedition in violation of *In re CSX Corp.,* 124 S.W.3rd 149 (Tex. 2003); *K-Mart v. Sanderson*, 937 S.W. 2d 429 (Tex. 1996); *Dillard Department Stores, Inc. v. Hall*, 909 S.W. 2d 491 (Tex. 1995); and *Loftin v. Martin*, 776 S.W. 2d 145 (Tex. 1989) and as an impermissible fishing expedition which seeks information beyond the subject matter of this case and which will not aid in the resolution of this dispute.  Plaintiff reserves the right to supplement this response in the future.

**INTERROGATORY NO. 6:** Please identify all of your children.  Please include their names, addresses, telephone numbers, and dates of birth.

>   **ANSWER:**  Plaintiff objects on the basis that this request is overly broad, vague, ambiguous, and constitutes a prohibited fishing expedition in violation of *In re CSX Corp.,* 124 S.W.3rd 149 (Tex. 2003); *K-Mart v. Sanderson*, 937 S.W. 2d 429 (Tex. 1996); *Dillard Department Stores, Inc. v. Hall*, 909 S.W. 2d 491 (Tex. 1995); and *Loftin v. Martin*, 776 S.W. 2d 145 (Tex. 1989) and as an impermissible fishing expedition which seeks information beyond the subject matter of this case and which will not aid in the resolution of this dispute.  Plaintiff reserves the right to supplement this response in the future.

**INTERROGATORY NO. 7:** Please describe in detail each and every accident, injury, illness and/or mental or physical condition suffered by you prior to and subsequent to the alleged date of injury made the basis of this suit.  Please include all auto accidents, and slip and falls, and how they occurred, and if suit filed, attorney's name, address and telephone number, county of suit, cause number, court filed in, and disposition of claim or lawsuit (monetary amount, if applicable).

**ANSWER:** Plaintiff objects on the basis that this request is overly broad, vague, ambiguous, and constitutes a prohibited fishing expedition in violation of *In re CSX Corp.,* 124 S.W.3rd 149 (Tex. 2003); *K-Mart v. Sanderson,* 937 S.W. 2d 429 (Tex. 1996); *Dillard Department Stores, Inc. v. Hall,* 909 S.W.2d 491 (Tex. 1995); and *Loftin v. Martin,* 776 S.W. 2d 145 (Tex. 1989) and as an impermissible fishing expedition which seeks information beyond the subject matter of this case and which will not aid in the resolution of this dispute. Plaintiff reserves the right to supplement this response in the future.

**INTERROGATORY NO. 8:** Please state whether you consumed any alcoholic beverages, prescription medications, or drugs, legal and/or illegal, on the day of the incident in question. In regards to any medication you were taking, please include the dosage, the prescribing physician, and the purpose of the medication.

**ANSWER:** Plaintiff objects on the basis that this request is overly broad, vague, ambiguous, and constitutes a prohibited fishing expedition in violation of *In re CSX Corp.,* 124 S.W.3rd 149 (Tex. 2003); *K-Mart v. Sanderson,* 937 S.W. 2d 429 (Tex. 1996); *Dillard Department Stores, Inc. v. Hall,* 909 S.W.2d 491 (Tex. 1995); and *Loftin v. Martin,* 776 S.W. 2d 145 (Tex. 1989) and as an impermissible fishing expedition which seeks information beyond the subject matter of this case and which will not aid in the resolution of this dispute. Plaintiff reserves the right to supplement this response in the future.

**INTERROGATORY NO. 9:** Please state where you had been in the four-hour period prior to the incident in question, where you were going at the time of the incident in question, the purpose of the trip, the hours you slept prior to this trip, and any time deadline to arrive at your destination.

**ANSWER:** Plaintiff objects on the basis that this request is overly broad, vague, ambiguous, and constitutes a prohibited fishing expedition in violation of *In re CSX Corp.,* 124 S.W.3rd 149 (Tex. 2003); *K-Mart v. Sanderson,* 937 S.W. 2d 429 (Tex. 1996); *Dillard Department Stores, Inc. v. Hall,* 909 S.W.2d 491 (Tex. 1995); and *Loftin v. Martin,* 776 S.W. 2d 145 (Tex. 1989) and as an impermissible fishing expedition which seeks information beyond the subject matter of this case and which will not aid in the resolution of this dispute. Plaintiff reserves the right to supplement this response in the future.

**INTERROGATORY NO. 10:** Describe in your own words how the incident in question occurred, and state specifically and in detail what your claim or contentions will be regarding any cause or contributing cause of the incident in question, weather conditions at the time, what measures you took to avoid the incident in question, and any actions or inactions for which Defendant, and other named defendants are liable.

**ANSWER:** Plaintiff objects to this interrogatory as stated as it is duplicative of Requests for Disclosure. Subject to and without waiving the foregoing objection, Plaintiff would answer as follows: see Plaintiff's responses to Requests for Disclosure. Plaintiff reserves the right to supplement this response in the future.

**INTERROGATORY NO. 11:** Please fully describe the events that took place after the incident in question occurred; including who you spoke to, who you called, whether you left the scene in an ambulance, what medical treatment you received on the day of the incident in question, and whether the vehicle you were riding in was towed from the scene.

> **ANSWER:** Plaintiff objects to this interrogatory as stated as it is duplicative of Requests for Disclosure. Subject to and without waiving the foregoing objection, Plaintiff would answer as follows: see Plaintiff's responses to Requests for Disclosure. Plaintiff reserves the right to supplement this response in the future.

**INTERROGATORY NO. 12:** Please describe in detail any conversations you or your attorney have had with any defendant, law enforcement officer(s), witness(es) and any persons who arrived at the scene following the incident in question, including the identity of such person(s) and any witness(es) to such conversation(s); provide their address, and phone number.

> **ANSWER:** Plaintiff objects to this interrogatory as stated because it would impermissibly require Plaintiff to "marshal evidence" in support of his/her contention(s) in violation of Tex. R. Civ. P. 197.1. Plaintiff reserves the right to supplement this response in the future.

**INTERROGATORY NO. 13:** Please describe in detail what injuries, if any, you received as a result of the incident in question and frequency and type of pain, including all physical disfigurement, physical impairment, physical maladies, relevant diagnoses, physical and mental pain, and disability sustained by you; if complaints persist, identify date started and if complaints stopped, date stopped;

> **ANSWER:** Plaintiff objects to this interrogatory as stated as it is duplicative of Requests for Disclosure. Subject to and without waiving the foregoing objection, Plaintiff would answer as follows: see Plaintiff's responses to Requests for Disclosure. Plaintiff reserves the right to supplement this response in the future.

**INTERROGATORY NO. 14:** Please identify all physical disfigurement and physical impairment you sustained as a result of the incident in question.

> **ANSWER:** Plaintiff objects to this interrogatory as stated as it is duplicative of Requests for Disclosure. Subject to and without waiving the foregoing objection, Plaintiff would answer as follows: see Plaintiff's responses to Requests for Disclosure. Plaintiff reserves the right to supplement this response in the future.

**INTERROGATORY NO. 15:** Please give an itemized list of all expenses which you claim were incurred by you as a result of the incident in question.

> **ANSWER:** Plaintiff objects to this interrogatory as stated because it would impermissibly require Plaintiff to "marshal evidence" in support of his/her contention(s) in violation of Tex. R. Civ. P. 197.1. Plaintiff reserves the right to supplement this response in the future.

**INTERROGATORY NO. 16:**  If you have received any sums of money or benefits from anyone, for any reason, as a result of the incident in question, including any payments for compensation benefits, insurance payments, Medicaid payments, unemployment, loans or advances, please set forth in detail the date and amount of each and every such payment, together with information as to the name and address of the company or individual making such payment, the purpose of such payment, and if liens exist on your claims for damages in this lawsuit.

> **ANSWER:**  Plaintiff objects to this interrogatory as stated because it would impermissibly require Plaintiff to "marshal evidence" in support of his/her contention(s) in violation of Tex. R. Civ. P. 197.1.  Plaintiff reserves the right to supplement this response in the future.

**INTERROGATORY NO. 17:**  Please identify all future medical treatment that you understand you will need as a result of the injuries you sustained from the incident in question, and if any, list all medical appointments scheduled in the next year regarding the same.

> **ANSWER:**  Plaintiff objects to this interrogatory as stated as it is duplicative of Requests for Disclosure.  Subject to and without waiving the foregoing objection, Plaintiff would answer as follows: see Plaintiff's responses to Requests for Disclosure.  Plaintiff reserves the right to supplement this response in the future.

**INTERROGATORY NO. 18:**  Please state the amount of loss of earnings you are claiming to date, and state how the amount was calculated.

> **ANSWER:**  Plaintiff objects to this interrogatory as stated because it would impermissibly require Plaintiff to "marshal evidence" in support of his/her contention(s) in violation of Tex. R. Civ. P. 197.1.  Plaintiff reserves the right to supplement this response in the future.

**INTERROGATORY NO. 19:**  Please identify all physical and mental pain and disability sustained by you as a result of the incident in question.

> **ANSWER:**  Plaintiff objects to this interrogatory as stated as it is duplicative of Requests for Disclosure.  Subject to and without waiving the foregoing objection, Plaintiff would answer as follows: see Plaintiff's responses to Requests for Disclosure.  Plaintiff reserves the right to supplement this response in the future.

**INTERROGATORY NO. 20:**  Please state where you are currently employed, and state what your current employment duties and rate of pay are.

> **ANSWER:**  Plaintiff objects on the basis that this request seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff reserves the right to supplement this response in the future.

**INTERROGATORY NO. 21:**  Please state in your own words what, if anything, Defendant did to cause you harm, and what it should have done differently.

**ANSWER:** Plaintiff objects to this interrogatory as stated as it is duplicative of Requests for Disclosure. Subject to and without waiving the foregoing objection, Plaintiff would answer as follows: see Plaintiff's responses to Requests for Disclosure. Plaintiff reserves the right to supplement this response in the future.

**INTERROGATORY NO. 22:** Please state whether you were using a cellular phone, or any other portable and/or mobile electronic devices while you were in the vehicle you were riding in at the time of incident in question, and please state whether your use of the device was before, after, and/or during the incident in question.

**ANSWER:** Plaintiff objects on the basis that this request is overly broad, vague, ambiguous, and constitutes a prohibited fishing expedition in violation of *In re CSX Corp.,* 124 S.W.3rd 149 (Tex. 2003); *K-Mart v. Sanderson,* 937 S.W. 2d 429 (Tex. 1996); *Dillard Department Stores, Inc. v. Hall,* 909 S.W. 2d 491 (Tex. 1995); and *Loftin v. Martin,* 776 S.W. 2d 145 (Tex. 1989) and as an impermissible fishing expedition which seeks information beyond the subject matter of this case and which will not aid in the resolution of this dispute. Plaintiff reserves the right to supplement this response in the future.

**INTERROGATORY NO. 23:** State the speed of the vehicle you were in at all times material to the incident in question, including the speed at the time of impact.

**ANSWER:** Plaintiff objects to this interrogatory to the extent that it seeks to unfairly limit future testimony at deposition or in trial, as the questions is more properly one to be asked at Plaintiff's deposition, if one is taken. Plaintiff reserves the right to supplement this response in the future.

# ROYSTON RAYZOR

EST. 1892

Royston, Rayzor, Vickery & Williams, LLP
Attorneys at Law



Esteban Delgadillo
Esteban.Delgadillo@roystonlaw.com[1]
Internet:  www.roystonlaw.com

January 26, 2016

**Via E-Mail: rblakeley-svc@tjhlaw.com
& Regular U.S. Mail**

Reggie Blakeley
LAW OFFICES OF THOMAS J. HENRY
521 Starr Street
Corpus Christi, Texas 78401

    Re: Cause No. 2015CI18453; *Tyler Kirschbaum v. E. Martinez Transport,
       LLC and Juan-Manuel C. Hernandez.* Pending in the 288th District Court
       of Bexar County, Texas.
       Our File:  60,744

Dear Counsel:

  We have received Plaintiff's Objections/Answers/Responses to Defendant's Requests for
Admissions, Requests for Production, and First Set of Interrogatories in connection with the
above-referenced matter. I write to address the deficient discovery responses submitted on behalf
of Plaintiff, despite a generous extension to respond to my client's discovery requests.

  To many Requests for Admissions, Plaintiff responded with a generic objection that
Plaintiff could neither admit nor deny the request. Plaintiff lodged this objection to Requests for
Admission Nos. 7, 29, 31-36. Surely Plaintiff is aware of whether he is still receiving medical
treatment for his alleged injuries, or whether he is scheduled to undergo surgery, or whether he
has been involved in a motor vehicle accident prior to the incident in question. Furthermore,
Plaintiff failed to respond to Request for Admission No. 3 entirely. Accordingly, please amend
your responses to Requests for Admission Nos. 3, 7, 29, and 31-36.

  To all Requests for Production, except for arguably three requests, Plaintiff either
provided a generic objection with no response, or a generic objection coupled with the assertion
that the Request is duplicative of Requests for Disclosures. Plaintiff provided no documents that
Defendant requested. Accordingly, please supplement Plaintiff's responses to Requests for
Production Nos. 1-38 with responsive documents in your possession or control.

  To all but one interrogatory, Plaintiff responded with a generic objection, even to the
interrogatories requesting the most basic information. Accordingly, please supplement Plaintiff
answers to Interrogatories Nos. 2-25 with substantive information.

Case Number: 2015CI18453  Houston  Corpus Christi ENTIRE  Rio Grande Valley San Antonio

60744:10226965                     Page 113 of 135
                               Exhibit D

Reggie Blakeley
LAW OFFICES OF THOMAS J. HENRY
January 26, 2016                                                                                   Page 2

      Please supplement or amend Plaintiff's discovery responses at the earliest date. If I receive no supplemental responses from you, I will be forced to file a motion to compel responses. **Please provide your supplemental responses no later than February 2, 2016.**

                            Regards,

                            ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

              By: _____
                       Esteban Delgadillo

ED/mlv

FILED
2/12/2016 10:50:20 AM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Marissa Ugarte

CAUSE NO. 2015CI18453

| | | |
|---|---|---|
| TYLER KIRSCHBAUM | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| v. | § | |
| | § | 288TH JUDICIAL DISTRICT |
| | § | |
| E. MARTINEZ TRANSPORT, LLC AND | § | |
| JUAN-MANUEL C. HERNANDEZ | § | BEXAR COUNTY, TEXAS |

## ORDER GRANTING
## ON DEFENDANT'S, E. MARTINEZ TRANSPORT, LLC, MOTION TO COMPEL
## PLAINTIFF TO RESPOND TO DEFENDANT'S DISCOVERY REQUESTS

CAME ON for consideration **Defendant E. MARTINEZ TRANSPORT, LLC's** *Motion to Compel Plaintiff to Respond to Defendants' Discovery Requests.* The court, after considering said motion, the pleadings on file, the applicable law, the evidence presented and the arguments of counsel, is of the opinion that the motion should be **GRANTED**. Therefore, the Court orders as follows:

**Defendant E. MARTINEZ TRANSPORT, LLC's** *Motion to Compel Plaintiff to Respond to Defendants' Discovery Requests* is hereby **GRANTED**: The Court orders Plaintiff, Tyler Kirschbaum to respond to **Defendant E. MARTINEZ TRANSPORT, LLC's** *Requests for Admissions Nos. 3, 7, 29, and 31-26, Requests for Production Nos. 1-38, and Interrogatories Nos. 2-25.* The Court orders Plaintiff to remove the objections to the foregoing discovery requests, respond to the foregoing discovery requests with substantive information, and produce documents all documents responsive to the requests. The Court further orders Plaintiff to deliver its responses to Defendant within ten (10) days of this order being signed.

**SIGNED FOR ENTRY** on this ____ day of _____, 2016.

_____
**JUDGE PRESIDING**

**Copies to:**

James H. Hunter, Jr., Esteban Delgadillo; ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.; 55 Cove Circle, Brownsville, Texas 78521; E-Mail: jim.hunter@roystonlaw.com, E-Mail: esteban.delgadillo@roystonlaw.com

Reggie Blakeley; LAW OFFICES OF THOMAS J. HENRY; 521 Starr Street, Corpus Christi, Texas 78401; E-Mail: rblakeley-svc@tjhlaw.com

FILED
2/25/2016 8:22:50 AM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Lisa Morales

CAUSE NO. 2015CI18453

| | | |
|---|---|---|
| TYLER KIRSCHBAUM | § | IN THE DISTRICT COURT OF BEXAR COUNTY |
| | § | |
| | § | |
| v. | § | |
| | § | 288TH JUDICIAL DISTRICT |
| | § | |
| E. MARTINEZ TRANSPORT, LLC AND | § | |
| JUAN-MANUEL C. HERNANDEZ | § | BEXAR COUNTY, TEXAS |

## DEFENDANT JUAN-MANUEL C. HERNANDEZ'S ORIGINAL ANSWER

COMES NOW, Defendant, **JUAN-MANUEL C. HERNANDEZ ("Defendant"),** and files this, his Original Answer, and would show the Court more fully as follows and would show the Court more fully as follows:

### I.
### GENERAL DENIAL

1.1    Subject to such stipulations as may hereafter be made, Defendant asserts a general denial as authorized by Rule 92 of the Texas Rules of Civil Procedure, and Defendant respectfully requests that Plaintiff be required to prove his charges and allegations against Defendant by a preponderance of the evidence, as required by the Constitution and the laws of the State of Texas.

### II.
### DEFENSES AND OTHER MATTERS

#### A. CONTRIBUTORY NEGLIGENCE

2.1.    Without waiving the foregoing general denial, but still insisting upon the same, for further answer herein, if any be necessary, Defendant would show that Plaintiff's alleged injuries were caused, in whole or in part, by Plaintiff's own negligence want of care.

**B. COMPARATIVE NEGLIGENCE**

2.2.    Without waiving the foregoing general denial and affirmative defenses, but still insisting upon the same, for further answer herein, if any be necessary, Defendant would show that Plaintiff's alleged injuries, if any, were caused, in whole or in part, by the negligence of Plaintiff, co-Defendants, designated responsible parties, other third parties or instrumentalities over whom Defendant had no control. Consequently, Defendant invokes the doctrine of comparative negligence.

**C. INTERVENING OR SUPERSEDING CAUSE**

2.3.    Without waiving the foregoing general denial and affirmative defenses, but still insisting upon the same, for further answer herein, if any be necessary, the Defendant would show that the loss, damage and injuries alleged by the Plaintiff were proximately caused by a new, independent and intervening or superseding cause or parties over which Defendant had no control or right of control, therefore, Defendant is not liable to Plaintiff.

**D. OPEN AND OBVIOUS**

2.4.    Without waiving the foregoing general denial and affirmative defenses, but still insisting upon the same, for further answer herein, if any be necessary, Defendant would show that the facts and circumstances that Plaintiff alleges caused him injury were open and obvious to Plaintiff, therefore, Defendant is not liable to Plaintiff.

**E. UNAVOIDABLE ACCIDENT**

2.5.    Without waiving the foregoing general denial and affirmative defenses, but still insisting upon the same, for further answer herein, if any be necessary, Defendant affirmatively alleges that if Plaintiff was injured as alleged, such injuries were the result of an unavoidable and unforeseeable accident, or the result of a sudden emergency.

**F.  REQUISITE NECESSITY OF CERTAINTY FOR DAMAGES**

      2.6.    Without waiving the foregoing general denial and affirmative defenses, but still insisting upon the same, for further answer herein, if any be necessary, Defendant would show that if any damages are sought in this matter for any of these components of damages and alleged matters, that Plaintiff be required to show with reasonable certainty such alleged damages.

**G.  PLAINTIFF'S INJURIES DUE TO PRE-EXISTING CONDITIONS**

      2.7.    Without waiving the foregoing general denial and affirmative defenses, but still insisting upon the same, for further answer herein, if any be necessary, Defendant affirmatively alleges that Plaintiff's injuries and/or conditions, if any, are the result of Plaintiff's pre-existing conditions.

**H.  PLAINTIFF FAILED TO MITIGATE DAMAGES**

      2.8.    Without waiving the foregoing general denial and affirmative defenses, but still insisting upon the same, for further answer herein, if any be necessary, Defendant would show that the injuries and damages Plaintiff complains of may have been caused in whole or in part by the Plaintiff's failure to mitigate damages.

**I.  PLAINTIFF'S MEDICAL EXPENSES ARE LIMITED TO THOSE ACTUALLY PAID OR INCURRED**

      2.9.    Without waiving the foregoing general denial and affirmative defenses, but still insisting upon the same, for further answer herein, if any be necessary, Defendant would show Plaintiff is limited in the recovery of medical expense under Chapter 41.0105 of the Texas Civil Practices and Remedies Code, which limits the recovery of medical expenses to the amount *actually paid or incurred*. Accordingly, Defendant is not liable to Plaintiff for medical expenses that are not actually paid or incurred.

**J. PLAINTIFF'S MEDICAL BILLS ARE NOT REASONABLE AND/OR NECESSARY**

2.10.   Without waiving the foregoing general denial and affirmative defenses, but still insisting upon the same, for further answer herein, if any be necessary, Defendant asserts that with some or all of Plaintiff's medical expenses were not reasonable and necessary.

**K. PLAINTIFF'S INJURIES HAVE NO CONNECTION TO LAWSUIT**

2.11.   Without waiving the foregoing general denial and affirmative defenses, but still insisting upon the same, for further answer herein, if any be necessary, Defendant affirmatively alleges that the injuries about which Plaintiff complains, either some or all, may be found to be in no way connected or related to the incident made the basis of this suit; and/or that any alleged incidents or symptoms may have been caused by other conditions not related to this litigation. Defendant would also show a jury may determine Plaintiff was not injured.

**L. DEFENDANT IS ENTITLED OFFSET AND CREDIT**

2.12.   Without waiving the foregoing general denial and affirmative defenses, but still insisting upon the same, for further answer herein, if any be necessary, Defendant would show that it is entitled to any offset and credit for any and all insurance and/or property or casualty benefits paid to the Plaintiff under any insurance coverage. Defendant asserts that any damages rendered at or below the monetary amount(s) paid in such benefits shall serve as a complete bar to recovery for the Plaintiff and/or offset or credit to Defendant.

**M. UNREASONABLE AND IMPROPER TO AWARD OF PRE-JUDGMENT INTEREST**

2.13.   Defendant asserts that any award to Plaintiff, in the unlikely event that an adverse judgment is rendered against Defendant, the judgment should not include pre-judgment interest because any delay in the trial of the case was not caused by Defendant. Accordingly, an award of pre-judgment interest would be unreasonable and improper under the circumstances of the case.

**N.  RESERVATION FROM DEVELOPMENTS AND DISCOVERY**

2.14.   Subject to and without waiving the foregoing general denial and affirmative defenses, Defendant incorporates herein by reference, as if set forth fully at length herein, any and all discovery matters to be uncovered in the course of discovery of this case including but not limited to, deposition testimony, written discovery answers, and responses and exhibits, with full reservation to designate further.

**O.  CONDITION PRECEDENTS NOT MET**

2.15.   Without waiving the foregoing general denial and affirmative defenses, but still insisting upon the same, for further answer herein, if any be necessary, Defendant denies that all conditions precedent to the recovery of attorney's fees under Chapter 38 of the Texas Civil Practices & Remedies Code have been met. Specifically, Defendant denies that Plaintiff has fully presented his claim to Defendant as is required by Section 38.002 of the Texas Civil Practice and Remedies Code.

**P.  LIMIT ON EXEMPLARY DAMAGES**

2.16.   Without waiving the foregoing general denial and affirmative defenses, but still insisting upon the same, for further answer herein, if any be necessary, Defendant further asserts that Chapter 41 of the Texas Civil Practice and Remedies Code governs and limits any exemplary damages that Plaintiff may be seeking in this suit. Therefore, Defendant is not liable to Plaintiff for damages beyond the limits on exemplary damages imposed by Chapter 41.

**III.**
**JURY DEMAND**

3.1.   Defendant hereby demands a trial by jury.  Contemporaneously with the filing of this pleading, Defendant tenders the required jury fee to the clerk.

# IV.
## OBJECTION TO PLAINTIFF'S 193.7 NOTICE

4.1.    A party's production of documents in response to written discovery authenticates the documents for use against that party, unless the producing party objects to their use within ten days after the producing party has actual notice that the document will be used. Tex. R. Civ. P. 193.7.

4.2.    Plaintiff's 193.7 Notice to of Self-Authentication was included in his Original Petition that was served upon Defendant on February 2, 2016.  Plaintiff states in his 193.7 Notice that "Defendant is hereby noticed that the production of any document in response to written discovery authenticates the document for use against that party in any pretrial proceeding or at trial."

4.3.    In stark contrast to the foregoing language, Rule 193.7 of the Texas Rule of Civil Procedure states in part, "after the producing party has actual notice that *the document* will be used—the party objects to the authenticity of *the document*, or *any part of it, stating the specific basis for objection.*" (*emphasis added*).  The rule further states that objections must be in writing or on the record, must have a good faith factual and legal basis, and must be asserted within 10 days after the party obtains actual notice that another party will use *the document* in a hearing or trial. *Id.* The practical effect of this requirement is that a producing party need not evaluate documents for authenticity before production, but instead may wait until notified that *particular documents* will be used in a hearing or trial. 47 Tex. Prac., Discovery Practice § 7:15 (2011 ed.)

4.4.    Rule 193.7 also seeks to limit the risk of ambush by entitling the party seeking to use the document to a "reasonable opportunity" to establish its authenticity if objection is made. *Id.* It also allows for authenticity issues to be resolved well in advance of the hearing or trial by

serving notice indicating that the party intends to use particular documents. Tex. R. Civ. P. 193.7, cmt.7.

4.5.    Defendant objects to Plaintiff's blanket attempt to authenticate "any document" by giving a general notice in his Original Petition, rather than notice of what particular document he intends to use, on the grounds that it is not sufficient actual notice as required by Rule 193.7 of Texas Rules of Civil Procedure.  Without knowledge of what specific documents Plaintiff intends to use at any pretrial hearings or trial, Defendant is handicapped in its defense, and its ability to object and prepare for trial.

4.6.    First, Plaintiff's general notice does not afford Defendant an opportunity to make a good faith factual and legal basis for their objection as required by the rules.  This case will undoubtedly involve hundreds of pages of documents.  Plaintiff alone will most likely produce hundreds of pages of documents during the course of discovery.  Further, Defendant will also produce numerous documents during the discovery process. Plaintiff's notice lacks sufficient specificity for Defendant to respond.

4.7.    Second, to require Defendant to anticipate and/or to object to every single document produced during discovery would place an undue hardship on Defendant and would circumvent the intent and safeguards of Rule 193.7.  Plaintiff's general notice does not allow for authenticity issues to be resolved in advance of any hearing or trial.

4.8.    In the alternative, if the court finds that the general notice given by Plaintiff under Rule 193.7 is sufficient, then Defendant hereby provides written notice of their objection to any and all documents produced during discovery and reserves its right to make further objections at the time it becomes aware of the specific identity of any particular documents Plaintiff intends to use at any proceedings.

## V.
## NOTICE OF DOCUMENTS TO BE USED AT TRIAL

5.1.     Subject to and without waiving the foregoing general denial and affirmative defenses, Defendant pursuant to Texas Rules of Civil Procedure 193.7, if the court finds that a general notice under Rule 193.7 is sufficient, Defendant hereby notifies Plaintiff that Defendant intends to use any and all documents produced by Plaintiff at any hearing or trial including, but not limited to, correspondence, discovery responses, deposition exhibits, and/or records.

## VI.
## PRAYER

6.1.     **WHEREFORE, PREMISES CONSIDERED**, Defendant, **JUAN-MANUEL C. HERNANDEZ** prays that Plaintiff take nothing by this suit against Defendant and Defendant be discharged without delay, and for such other and further relief, both general and special, at law and in equity, to which it may show justly entitled.

Respectfully submitted,

**ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.**

By:  __/s/ Esteban Delgadillo__
       James H. Hunter, Jr.
       State Bar No. 00784311
       Esteban Delgadillo
       State Bar No. 24087406
       55 Cove Circle
       Brownsville, Texas 78521
       (956) 542-4377 (Telephone)
       (956) 542-4370 (Facsimile)
       E-Mail: jim.hunter@roystonlaw.com
       E-Mail: esteban.delgadillo@roystonlaw.com
       **ATTORNEYS FOR DEFENDANT,**
       **JUAN-MANUEL C. HERNANDEZ**

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY**, that a true and correct copy of the above and foregoing document was filed electronically and forwarded *via the CM/ECF Filing System, facsimile, Regular U.S. Mail, certified mail, return receipt requested and/or E-Mail* to all known counsel of record on this **25ᵗʰ** day of February 2016, as follows:

Reggie Blakeley

LAW OFFICES OF THOMAS J. HENRY

521 Starr Street

Corpus Christi, Texas 78401

_/s/ Esteban Delgadillo_
**Of Royston, Rayzor, Vickery & Williams, L.L.P.**

PRIVATE PROCESS                Case Number: 2015-CI-18453

**TYLER KIRSCHBAUM**
**VS.**
**E MARTINEZ TRANSPORT LLC ET AL**
(Note:Attached Document May Contain Additional Litigants.)

2015CI18453 S00001



IN THE DISTRICT COURT
288th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

**CITATION**

"THE STATE OF TEXAS"

Directed To: E MARTINEZ TRANSPORT LLC

Bix Well
Pronto Pro
210-225-

11/6/15

BY SERVING ITS REGISTERED AGENT, GABRIEL GARCIA-CANO

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 2nd day of November, 2015.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 3RD DAY OF NOVEMBER A.D., 2015.

PETITION

REGGIE BLAKELEY
ATTORNEY FOR PLAINTIFF
521 STARR ST
CORP CHRISTI, TX 78401-2344



**Donna Kay McKinney**
**Bexar County District Clerk**
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Victoria R Angeles*, Deputy

---

OFFICER'S RETURN

I received this citation on _____ at _____o'clock ___M. and:( ) executed it by delivering a copy of the citation with the date of delivery endorsed on it to the defendant,_____ in person on the _____ at _____o'clock ___M. at:_____ or ( ) not executed because _____ Fees:_____ Badge/PPS #:_____
Date certification expires:_____

_____County, Texas

By:_____

OR:   VERIFICATION  OF  RETURN  (If  not  served  by  a  peace  officer)  SWORN  TO  this
_____.

_____
NOTARY PUBLIC, STATE OF TEXAS

OR:   My name is_____, my date of birth is_____, and my address is _____,_____(County).
I declare under penalty of perjury that the foregoing is true and correct. Executed in _____County, State of Texas, on the _____ day of_____, 20_____.

Case Number: 2015CI18453                Document Type: ENTIRE FILE CERTIFIED
                                        Declarant
                                        FILE COPY (DK002)

**DOCUMENT SCANNED AS FILED**

PRIVATE PROCESS      Case Number: 2015-CI-18453



2015CI18453 S00001

**TYLER KIRSCHBAUM**

**VS.**

**E MARTINEZ TRANSPORT LLC ET AL**
(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
288th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

### CITATION

"THE STATE OF TEXAS"

Directed To: E MARTINEZ TRANSPORT LLC



         BY SERVING ITS REGISTERED AGENT, GABRIEL GARCIA-CANO

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 2nd day of November, 2015.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 3RD DAY OF NOVEMBER A.D., 2015.

PETITION

REGGIE BLAKELEY
ATTORNEY FOR PLAINTIFF
521 STARR ST
CORP CHRISTI, TX 78401-2344

**Donna Kay M^cKinney**
**Bexar County District Clerk**
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Victoria R Angeles*, Deputy

---

**OFFICER'S RETURN**

I received this citation on _____ at _____o'clock ___M. and:( ) executed it by delivering a copy of the citation with the date of delivery endorsed on it to the defendant,_____ in person on the _____ at _____o'clock ___M. at:_____ or ( ) not executed because _____ Fees:_____ Badge/PPS #:_____
Date certification expires:_____

_____County, Texas

By: _____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO this _____.

_____
NOTARY PUBLIC, STATE OF TEXAS

OR: My name is_____, my date of birth is_____, and my address is _____, _____(County). I declare under penalty of perjury that the foregoing is true and correct. Executed in _____County, State of Texas, on the _____ day of_____, 20_____.

Case Number: 2015CI18453     **SEE ATTACHED** Document Type: ENTIRE FILE CERTIFIED
        **NOTARIZED AFFIDAVIT**     Declarant     Page 127 of 135
                                    RETURN TO COURT (DK002)

DOCUMENT SCANNED AS FILED

# AFFIDAVIT OF SERVICE

**State of TEXAS**                **County of Bexar**                **288th Judicial District Court**

Case Number: 2015-CI-18453

Plaintiff:
**Tyler Kirschbaum**
vs.
Defendant:
**E.Martinez Transport, LLC, et al.,**

Received these papers on the 6th day of November, 2015 at 3:46 pm to be served on E. Martinez Transport, Llc
By serving its Registered Agent, Gabriel Garcia-Cano, 1009 Santa Maria Ave., Laredo, TX 78040. I,
_Ricardo Contreras_, being duly sworn, depose and say that on the _12th_ day of _November_, 2015
at _1_ : _00_ p.m., executed service by delivering a true copy of the Citation/Plaintiff's Original Petition with
Request for Disclosure in accordance with state statutes in the manner marked below:

( ) PUBLIC AGENCY: By serving _____ as _____ of
the within-named agency.

( ) SUBSTITUTE SERVICE: By serving _____ as _____

(✗) CORPORATE SERVICE: By serving _Gabriel Garcia Cano_ as
_registered Agent for E. MARTINEZ TRANSPORT L.L.C._

( ) OTHER SERVICE: As described in the Comments below by serving _____ as

( ) NON SERVICE: For the reason detailed in the Comments below.

COMMENTS: _____
_____
_____
_____

I certify that I have no interest in the above action, am of legal age over the age of 18, and of sound mind, and have
proper authority in the jurisdiction in which this service was made.

Subscribed and Sworn to before me on the _10th_ day
of _November_, _2015_ by the affiant who is
personally known to me.

_____
NOTARY PUBLIC

PROCESS SERVER # _SCH1745 EXP: 1/31/18_
Appointed in accordance with State Statutes

Our Job Serial Number: 2015007049

KAREN LYNN CONTRERAS
Notary Public, State of Texas
My Commission Expires
October 21, 2016

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5m
Document Type: ENTIRE FILE CERTIFIED

DOCUMENT SCANNED AS FILED

STATE OF TEXAS                    §

COUNTY OF _BEXAR_____            §

    **BEFORE ME,** the undersigned authority, on this day personally appeared **RICARDO CONTRERAS,** who after being duly sworn, upon oath stated that a notice of which the attached is a true and correct copy of _Citation Case number 2015-CI-18453_ _Plaintiff's Original Petition with Request for Disclosure_ _____

_____

was PERSONALLY DELIVERED at: _1009 Santa Maria Ave, Laredo,_ _Webb County, Texas 78040_____

TO: _E. MARTINEZ TRANSPORT, LLC By Delivering to it's_ _Registered Agent: Gabriel Garcia Cano_

AT _1:00___ o'clock _p_. m. on the _12th_ day of _November_, 20_15_.

                              Ricardo Contreras #SCH1745
                              Process Server EXP:01/31/18

SWORN TO and SUBSCRIBED before me on the _12th_ day of _November_ 20_15_. to certify which witness my hand and seal of office.

KAREN LYNN CONTRERAS
Notary Public, State of Texas
My Commission Expires
October 21, 2016

NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS

I accept service of the attached documents:

Date: _____

                              Signature

                              Print Name

Case Number: 2015CI18453      Document Type: ENTIRE FILE CERTIFIED

DOCUMENT SCANNED AS FILED

PRIVATE PROCESS                Case Number: 2015-CI-18453

**TYLER KIRSCHBAUM**
**VS.**
**E MARTINEZ TRANSPORT LLC ET AL**
(Note:Attached Document May Contain Additional Litigants.)

2015CI18453 S00002

IN THE DISTRICT COURT
288th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

**CITATION**

Bix Wells
Pronto Process
210-226-7192

11 | 6 | 15

"THE STATE OF TEXAS"

Directed To: JUAN-MANUEL C HERNANDEZ

**CRT**

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 2nd day of November, 2015.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 3RD DAY OF NOVEMBER A.D., 2015.

PETITION

REGGIE BLAKELEY
ATTORNEY FOR PLAINTIFF
521 STARR ST
CORP CHRISTI, TX 78401-2344



**Donna Kay McKinney**
**Bexar County District Clerk**
**101 W. Nueva, Suite 217**
**San Antonio, Texas 78205**

By: *Victoria R Angeles,* Deputy

---

OFFICER'S RETURN

I received this citation on _____ at _____o'clock ___M. and:( ) executed it by delivering a copy of the citation with the date of delivery endorsed on it to the defendant,_____ in person on the _____ at _____o'clock ___M. at:_____ or ( ) not executed because _____ Fees:_____ Badge/PPS #:_____
Date certification expires:_____

_____County, Texas

By:_____
OR:   VERIFICATION OF RETURN  (If not served by a peace officer) SWORN TO this _____.

_____
NOTARY PUBLIC, STATE OF TEXAS

OR:   My name is_____, my date of birth is_____, and my address is _____(County).
I declare under penalty of perjury that the foregoing is true and correct. Executed in _____County, State of Texas, on the _____ day of_____, 20_____.

_____
Declarant

FILE COPY (DK002)

DOCUMENT SCANNED AS FILED

PRIVATE PROCESS                     Case Number: 2015-CI-18453

**TYLER KIRSCHBAUM**
**VS.**
**E MARTINEZ TRANSPORT LLC ET AL**
(Note:Attached Document May Contain Additional Litigants.)

2015CI18453 S00002



IN THE DISTRICT COURT
288th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To: JUAN-MANUEL C HERNANDEZ



"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the  2nd day of November, 2015.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS  3RD DAY OF NOVEMBER A.D., 2015.

PETITION

REGGIE BLAKELEY
ATTORNEY FOR PLAINTIFF
521 STARR ST
CORP CHRISTI, TX 78401-2344

**Donna Kay McKinney**
**Bexar County District Clerk**
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Victoria R Angeles*, Deputy

---

OFFICER'S RETURN

I received this citation on _____ at _____o'clock ___M. and:( ) executed it by delivering a copy of the citation with the date of delivery endorsed on it to the defendant,_____ in person on the _____ at _____o'clock ___M. at:_____ or ( ) not executed because _____ Fees:_____ Badge/PPS #:_____
Date certification expires:_____

_____County, Texas

By:_____

OR:   VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO this _____.

_____

NOTARY PUBLIC, STATE OF TEXAS

OR:   My name is_____, my date of birth is_____, and my address is _____, _____(County).
I declare under penalty of perjury that the foregoing is true and correct. Executed in _____County, State of Texas, on the _____ day of_____, 20_____.

_____
Declarant

SEE ATTACHED
NOTARIZED AFFIDAVIT

DOCUMENT SCANNED AS FILED

CAUSE NO. 2015CI18453

| | | |
|---|---|---|
| TYLER KIRSCHBAUM | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| VS. | § | 288th JUDICIAL DISTRICT |
| | § | |
| E. MARTINEZ TRANSPORT, LLC and JUAN-MANUAL | § | |
| C. HERNANDEZ | § | |
| Defendant(s) | § | BEXAR COUNTY, TEXAS |

## RETURN OF SERVICE

**Came to hand:** FEBRUARY , 2nd , 2016 at 3:45 PM

Received these papers to be delivered on Juan-Manuel C Hernandez at 14403 Investment Ave, Laredo, Texas 78045. I Ricardo Contreras, being duly sworn, depose and say that on the 2nd day of FEBRUARY, 2016 at 6:40 p.m., executed service by delivering a true copy of the Citation, Original Petition an Request for Disclosure, Order Granting Plaintiff's Motion for Substitute Service of Process on Defendnat Juan-Manual C Hernandez. Motion for Substitute Service of Process on Defendant Juan-Manual C Hernandez in accordance with state statues in the manner:

SUBSTITUDE SERVICE: By Delivering to E. Martinez Transportation LLC., Edgar Gonzalez, as Operation Manager Authorized to Accept for Registered Agent.

I am over the age of 18, not a party to this case, nor am I related to, employed by, or otherwise connected to any party or any party's attorney in this case; and I have no interest in the outcome of the above numbered suit. I am of sound mind and have never been convicted of a felony or misdemeanor involving moral turpitude.

Not Executed: _____

Every statement in this Return is true and correct
Sworn to this 3rd day of february , 2016.

_Ricardo Contreras_
(Signature)Process Server SCH1745  Exp: 01/31/18

_Ricardo Contreras_

## VERIFICATION

| | |
|---|---|
| THE STATE OF TEXAS | § |
| | § |
| COUNTY OF _Webb_ | § |

Before me, a notary public, on this day personally appeared the above named authorized person, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are true and correct. Given under my hand and seal of office on this the 3rd day of February , 20 16 .

_Karen Lynn Contreras_
Notary Public

KAREN LYNN CONTRERAS
Notary Public, State of Texas
My Commission Expires
October 21, 2016

DOCUMENT SCANNED AS FILED

**STATE OF TEXAS** §

**COUNTY OF** _Bexar_ §

    **BEFORE ME**, the undersigned authority, on this day personally appeared, **RICARDO CONTRERAS**, who after being duly sworn, upon oath stated that a notice of which the attached is a true and correct copy of _Citation Case No. 2015-CI-18453, Plaintiff's Original Petition with Request for Disclosure, order granting Plaintiff's Motion for substitute Service of Process on Defendant Juan-Manuel C. Hernandez, Motion for SUBSTITUTE service of Process on Defendant Juan-Manuel C. Hernandez_

was **PERSONALLY DELIVERED** at: _14463 Investment Ave. Laredo, Webb County, TX, 78045_
_E_

**TO:** _Juan-Manuel C Hernandez by Delivering to E. MARTINEZ TRANSPORT LLC Edgar Gonzalez as Opertion Manager Authorized to Accept for Registered Agent_

**AT** _6:40_ o'clock _p_ . m. on the _2nd_ day of _February_ , 20 _16_ .

_Ricardo Contreras_
Ricardo Contreras #SCH1745
Process Server EXP:01/31/18

**SWORN TO and SUBSCRIBED** before me on the _2nd_ day of _February_ 20 _16_ .
to certify which witness my hand and seal of office.

KAREN LYNN CONTRERAS
Notary Public, State of Texas
My Commission Expires
October 21, 2016

NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS

I accept service of the attached documents:

Date: _____

    _KG G_
Signature

_Edgar Gonzalez_
Print Name
_Operations Manager_

Case Number: 2015CI18453        Document Type: ENTIRE FILE CERTIFIED

Page 133 of 135

**DOCUMENT SCANNED AS FILED**

FILED
2/12/2016 10:50:20 AM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Marissa Ugarte

CAUSE NO. 2015CI18453

| | | |
|---|---|---|
| TYLER KIRSCHBAUM | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| v. | § | |
| | § | 288TH JUDICIAL DISTRICT |
| | § | |
| E. MARTINEZ TRANSPORT, LLC AND | § | |
| JUAN-MANUEL C. HERNANDEZ | § | BEXAR COUNTY, TEXAS |

## ORDER SETTING HEARING
## ON DEFENDANT'S, E. MARTINEZ TRANSPORT, LLC, MOTION TO COMPEL
## PLAINTIFF TO RESPOND TO DEFENDANT'S DISCOVERY REQUESTS

**IT IS HEREBY ORDERED** that **Defendant E. MARTINEZ TRANSPORT, LLC's**

*Motion to Compel Plaintiff to Respond to Defendant's Discovery Requests* be and is hereby set

for hearing on the **7TH** day of _____**MARCH**_____, 2016, at ____**8:30**____ o'clock ___**A**__.M.

**SIGNED FOR ENTRY** this _____ day of __**2/12/2016**_____, 2016.

**PRESIDING RM 1.09**

David A. Canales

Presiding Judge

~~JUDGE PRESIDING~~ 73rd District Court

Bexar County, Texas

**Copies to:**

James H. Hunter, Jr., Esteban Delgadillo; ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.; 55 Cove Circle, Brownsville, Texas 78521; E-Mail: jim.hunter@roystonlaw.com, E-Mail: esteban.delgadillo@roystonlaw.com

Reggie Blakeley; LAW OFFICES OF THOMAS J. HENRY; 521 Starr Street, Corpus Christi, Texas 78401; E-Mail: rblakeley-svc@tjhlaw.com

CERTIFIED COPY CERTIFICATE STATE OF TEXAS
I, DONNA KAY McKINNEY, BEXAR COUNTY DISTRICT
CLERK, CERTIFY THAT THE FOREGOING IS A TRUE
AND CORRECT COPY OF THE ORIGINAL RECORD AS
INDICATED BY THE VOLUME, PAGE AND COURT ON
SAID DOCUMENT.  WITNESSED MY OFFICIAL HAND
AND SEAL OF OFFICE ON THIS:

*February 26, 2016*

**DONNA KAY McKINNEY
BEXAR COUNTY, TEXAS**

By:

IRMA K TORRES, Deputy District Clerk
*(NOT VALID WITHOUT THE CLERKS'S ORIGINAL SIGNATURE.)*

Case Number: 2015CI18453                Document Type: ENTIRE FILE CERTIFIED